John Gabor
Kay Gabor
590 Smokey Court
Campbell, CA. 95008-3717
   *No telephone calls or threats*
   Plaintiffs

**ADR    PVT**

FILED    *Fee Paid*

2007 NOV -3 P 2:18

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JOHN GABOR and KAY GABOR,

      Plaintiffs,

v.

UNITED STATES OF AMERICA in its
official capacity; U,S, ATTORNEY GENERAL
MICHAEL MUCASEY in his official capacity;
ADMINISTRATIVE OFFICE OF THE UNITED
STATES DISTRICT COURTS in its official
capacity; JAMES A. SCHARF in his official
and individual capacity; MARCY BERKMAN
in her official and individual capacity;
BURTON, VOLKMANN & SCHMAL, LLP
in its corporate capacity; TIMOTHY JAMES
SCHMAL in his corporate and individual capacity;
BURLEIGH E. SABIN in his corporate and individual
capacity; BRADLEY ALAN SOLOMON in his
official and individual capacity; D. MIYASHIRO
in her official and individual capacity; JACKIE
GARCIA in her official and individual capacity;
and DOES 1-100.

      Defendants.

**CASE NO. C07 06091 PVT**

**CIVIL RIGHTS COMPLAINT [6 CLAIMS];
DEMAND FOR JURY TRIAL
AND DUE PROCESS PURSUANT
TO ORDER OF APRIL 30, 2007**

1.    NOW COMES John Gabor and Kay Gabor, plaintiffs, and do file this their CIVIL

RIGHTS COMPLAINT, DEMAND FOR JURY TRIAL AND DUE PROCESS PURSUANT TO

ORDER OF APRIL 30, 2007 1.

2.    Plaintiff John Gabor, age 77, is a citizen of the United States domiciled at 590 Smokey

**GABOR v. USA CIVIL RIGHTS COMPLAINT; DEMAND FOR JURY TRIAL**      **page 1**

Court, City of Campbell, State of California and has **"standing"** to petition the government for redress of grievances pursuant to the First Amendment to the Constitution for the United States to obtain the **"constitutional guarantees"** articulated under the Constitution and Acts of Congress pursuant to the Due Process Clause embodied within the Article III, the Fifth, the Seventh and the Fourteenth Amendment of the Constitution of the United States of America.

3.    Plaintiff Kay Gabor, age 68, is a citizen of the United States domiciled at 590 Smokey Court, City of Campbell, State of California and has **"standing"** to petition the government for redress of grievances pursuant to the First Amendment to the Constitution for the United States to obtain the **"constitutional guarantees"** articulated under the Constitution and Acts of Congress pursuant to the Due Process Clause embodied within the Article III, the First, the Fifth, the Seventh and the Fourteenth Amendment of the Constitution of the United States of America.

## JURISDICTION

4.    The United States District Court for the Northern District of California has **"original jurisdiction"** pursuant to § 1343 of Title 28, United States Code; § 1964(c) of Title 18, United States Code and Article III, the First, Fifth, Seventh and Fourteenth Amendment to the Constitution for the United States pursuant to the 2007 Amendment to the Federal Rules of Civil Procedure and the ORDER OF APRIL 30, 2007 published in the **Revised 2007 Edition Federal Civil *Judicial* Procedures and Rules** at pages 40-41.

---

1.    **ORDER OF APRIL 30, 2007**
     1.     That the Federal Rules of Civil Procedure be, and they hereby are, amended by including therein the amendments to Civil Rule 1 through 86 and new Rule 5.2.
     2.     That Forms 1 through 35 in the Appendix to the Federal Rules of Civil Procedure be, and they hereby are, amended to become restyled Forms 1 through 82.
              *[See amendments made thereby under respective rules and forms, post.]*
     3.     That the foregoing amendments to the Federal Rules of Civil Procedure **shall** take affect December 1, 2007, and **shall** govern in all proceedings thereafter commenced and, insofar as just and practicable, all proceedings then pending.
     4.     That THE CHIEF JUSTICE be, and hereby is, authorized to transmit to Congress the foregoing amendments to the Federal Rules of Civil Procedure in accordance with the provisions of Section 2072 of Title 28, United States Code.

## DEMAND FOR "RIGHT TO A JURY TRIAL" PURSUANT TO RULE 38

5.     Plaintiffs hereby demand "Rule 38. Right to a Jury Trial" pursuant to amended Rule 38,

which provides, at page 241, in pertinent part:

> **Rule 38. Right to a Jury Trial; Demand**
>     **(a) Right Preserved.** *The right of trial by jury as declared by the Seventh Amendment to the Constitution – or as provided by federal statute – is preserved to the parties inviolate*
>         **(b) Demand.** *On any issue triable of right by a jury, a party may demand a jury trial by:*
>             *(1) serving the other parties with a written demand – which may be included on a pleading – no later than 10 days after the last pleading directed to the issue is served; and*
>             *(2) serving the other parties with a written demand – which may be included on a pleading – no later than 10 days after the last pleading directed to the issue is served; and(3) filing the demand in accordance with Rule 5(d).*
>         **(c) Specifying Issues.** *In its demand, a party may specify the issues that it wishes to have tried by a jury; otherwise, it is considered to have demanded a jury trial on all the issues triable. If the party has demanded a jury trial on only some issues, any other party may – within 10 days after being served with the demand or within a shorter time ordered by court –serve a demand for a jury trial on any other or all factual issues triable by jury.*

## DEFENDANTS

6.     Defendant United States of America is hereby sued in its official capacity and served with

summons and complaint by Certified Mail at Department of Justice, Civil Rights Division, 10th Street

and Constitution Avenue, NW, Room 5643, Washington, D.C. 20530.

7.     Defendant United States Attorney General Michael Mucasey is hereby sued in his official

capacity by Certified Mail at 10th Street and Constitution Avenue, NW, Room 5643, Washington, D.C.

20530.

8.     Defendant Administrative Office of the United States District Courts is hereby sued in its

official capacity through its director James Duff by Certified Mail at 1 Columbia Circle, N.E.,

Washington, D.C.20544.

9.     Defendant James A. Scharf is hereby sued in his official and individual capacities and served

with summons and complaint by Certified Mail at Office of the United States Attorney, 150 Almaden Blvd., Suite 900, San Jose, CA. 95113.

10.    Defendant Marcy Berkman is hereby sued in her official and individual capacities and served with summons and complaint by Certified Mail at 70 West Hedding Street, 9th Floor, East Wing, Sab Jose, CA. 95110.

11.    Defendant Burton, Volkmann & Schmal, LLP is hereby sued in its corporate capacity and served with summons and complaint by Certified Mail at 133 Mission Street, Suite 102, Santa Cruz, CA. 95060.

12.    Defendant Timothy James Schmal is hereby sued in his corporate and individual capacities and served with summons and complaint by Certifies Mail at 133 Mission Street, Suite 102, Santa Cruz, CA. 95060.

13.    Defendant Burleigh E. Sabin is hereby sued in his corporate and individual capacities and served with summons and complaint by Certifies Mail at at 133 Mission Street, Suite 102, Santa Cruz, CA. 95060.

14.    Defendant Bradley Alan Solomon is hereby sued in his official and individual capacity and served with summons and complaint by Certified Mail at Office of the Attorney General, 455 Golden Gate Avenue, Suite 1100, San Francisco, CA. 94102.

15.    Defendant "clerk D. Miyashiro (dhm), COURT STAFF" is hereby sued in her official and individual capacity and served with summons and complaint by Certified Mail at United States District Court Clerks Office, 280 S. First Street, San Jose, CA. 95113

16.    Defendant "clerk Jackie Garcia (jg), COURT STAFF" is hereby sued in her official and individual capacity and served with summons and complaint by Certified Mail at United States District Court Clerks Office, 280 S. First Street, San Jose, CA. 95113

## FACTUAL ALLEGATIONS IN SUPPORT OF CLAIMS,
## PURSUANT TO RULE 301 2

17.     On August 20, 2007, the Gabors filed a "civil rights action" in the United States District Court

for the Northern District of California and paid the $350.00 filing fee to commence the action pursuant

to Rule 3. The Clerk created a civil docket under number 5:07-cv-04266 RMW pursuant to Rule 79.

See **EXHIBIT NO. 1 CIVIL DOCKET**

**18.**     Gabors were aware that the district court was "corrupt" and that Ronald Whyte, James Ware and

Jeremy Fogel would "take bribes" from defendants and deny them a JURY TRIAL as part of their

scheme to defraud citizens of the United States of rights secured by the Constitution and the Due

Process Clause regardless of any Act of Congress. The clerks, or COURT STAFF, are instructed to say

that the LOCAL RULES supercede the Federal Rules of Civil Procedure and each judge "makes his

own rules". Mention of former Supreme Court Justice Rehnquist, or present Chief Justice John Roberts,

are met with "grins" and the statement that they are not in this court and their ORDERS are not binding

on these judges, or this court, since it is "independent". The Ninth Circuit sanctioned the court for

making its own rules and overruling the Supreme Court, all Circuit courts, including the Ninth, in

*Galbraith v. County of Santa Clara,* 307 F. 3d 1119 (9th Cir. 2003), and were laughed at because they

cannot require the San Jose division to do any thing since they also OWN the clerks of the Ninth Circuit

which will "memodispo" any Appeal filed. The Ninth Circuit judges do not read any appeals filed by

*pro se* plaintiffs and they leave all Article III "duties and obligations" to the clerks under 28 U.S.C.

§ 1291.

19.     Gabors have been assured by Senator Leahy's staff that corruption in the courts will not be

tolerated under his chairmanship of the Judiciary Committee, therefore, Rule 301 2 imposes upon

defendant United States the burden of rebutting the claims and providing evidence, admissible, that

Gabors were given JURY TRIAL of all claims in all civil actions previously filed and paid for, or this

civil action now pending pursuant to the "alleged delusion of the Gabors" that led citizens to believe the

Chief Justice John Roberts' ORDER OF APRIL 30, 2007, would be upheld as Public Law and binding

upon the corrupt courts in California.

2.     ARTICLE III. PRESUMPTION IN CIVIL ACTIONS AND PROCEEDINGS
**Rule 301. Presumptions in General in Civil Actions and Proceedings**
    In all civil actions and proceedings not otherwise provided for by Act of Congress or by these rules, a presumption imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption, but does not shift to such party the burden of proof in the sense of the risk of nonpersuasion, which remains throughout the trial upon the party on whom it was originally cast.
(Pub. L. 93-595, § 1, Jan. 2, 1973, 88 Stat. 1931.)

3. *Rule 79. Records Kept by the Clerk*
    *(a) Civil Docket,*
    *(1) In General. The clerk must keep a record known as the" civil docket" in the form and manner proscribed by the Director of the Administrative Office of the United States Courts with approval of the Judicial Conference of the United States. The clerk must enter each civil action in the docket. Actions must be assigned consecutive file numbers, which must be noted in the docket where the first entry of the action is made.*
    *(2) Items to be Entered. The following items must be marked with file number and entered **chronologically** in the* docket.
        *(A) papers filed with the clerk;*
        *(B) process issued, and proofs of service or other returns showing executions;*
        *(C) **appearances, orders,** verdicts, and judgments.*
    *(3) Contents of Entries; Jury Trial Demanded. Each entry must briefly show the nature of the pages filed or writ issued, the substance of each proof of service or other return, and the substance and date of entry of each order and judgment. When a jury trial has been properly demanded or ordered, the clerk must enter the word "jury" in the docket.*
    *(b) Civil Judgments and Orders. The clerk must keep a copy of every final judgment and appealable order, of every order affecting title to or a lien on real or personal property; and of any other order that the court directs to be kept. The clerk must keep these in the form and manner prescribed by the **Director of the Administrative Office of the District Courts** with approval of the Judicial Conference of the United States.*
    *(c) Indexes, Calendars. Under the court's direction, the clerk must:*
    *(1) keep indexes of the docket and of the judgments and orders described in Rule 79(b); and*
    *(2) prepare calendars of all actions ready for trial, distinguishing jury trials from nonjury trials.*
    *(d) Other Records. The clerk must keep any other records required by the **Director of the Administrative Office of** the United States Courts with the approval of the Federal Judicial Conference of the United States.*

20.    The Federal Rules of Civil Procedure, Rule 79 3, impose "duties and obligations" upon clerks pursuant to Rule 79 falsely representing that citizens will receive "Due Process and the Process that is due" and the court will conduct the proceedings as required by law, when defendant Administrative Office of the United States District Courts, Director James Duff. Will never AUDIT THE DOCKETS or train and supervise the COURT STAFF taking "bribes" to falsify the federal record in violation of 18 U.S.C. § 1506 to aid and abet the conspiracy between district court judges and clerks in the nine western states to defraud citizens of their intangible right to honest services pursuant to 18 U.S.C. §§ 1341, as defined 1346 ("fraud and swindles").

21.    The COURT STAFF created a "civil docket", see EXHIBIT 1, page 3, docket #1-2 state:

"CIVIL RIGHTS COMPLAINT FRCP Rule 65 Temporary Restraining Order, Order to Show Cause; Temporary Injunction, (Summons Issued); jury demand against all defendants (Filing fee $350,, receipt number 54611001543) Filed by John Gabor, Kay Gabor (bw, COURT STAFF) (Filed on 8/20/2007)(Entered 08/21/2007).

Received Temporary Restraining Order and Order to Show cause re Preliminary Injunction by John Gabor, Kay Gabor. (bw, COURT STAFF) (Filed on 8.20.2007) (Entered: 08.20/2007)"

22.    On August 21, 2007, defendant clerk "bw" entered the statutory information on page 1 of the docket, committing errors which demonstrate that the case was going to be dismissed with prejudice regardless of the plaintiffs payment of fees since the "custom and policy" of the district court was to take bribes from the defendants and dismiss all civil actions filed.  Plaintiff Kay Gabor's zip code is wrong and United States is listed as "plaintiff" rather than defendant, and the case was assigned to an Article III district court judge but referred to a magistrate without consent required by 28 U.S.C. § 636(c) or Rule 73.

23.    Defendant United States "guaranteed" Gabors would receive the "protections and honest services" articulated in Rule 65, but, "rw" and "COURT STAFF" acting under color of official right, overruled Federal Rules of Civil Procedure, Rule 65 and advised Gabors that they, COURT STAFF,"

GABOR v. USA CIVIL RIGHTS COMPLAINT; DEMAND FOR JURY TRIAL                    page 7

did not schedule hearings or contact the judge to SIGN the Temporary Restraining Order under LOCAL

RULES and did nothing to provide Gabors with the protections "guaranteed" by Act of Congress, and

defendant Administrative Office for the United States District Courts failed to "train and supervise"

federal employees in their "duties and obligations" required by law which subjected Gabors to an

actionable deprivation of rights secured by the Fourth Amendment to the Constitution and Act of

Congress pursuant to Rule 65(b), as amended by Chief Justice John Roberts, in pertinent part, provides:

### Rule 65. Injunctions and Restraining Orders

#### (b) Temporary Restraining Orders.

*(1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:*

*(A) specific facts in an affidavit or a verified complaint clearly show that immediate irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and*

*(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should be not be required.*

24.     Plaintiffs Gabor filed a *pro se* Rule 65(b) Motion for Temporary Restraining Order; Order to

Show Cause, the COURT STAFF, and agents for the United States, acting in conspiracy with local

cities, county and state agents refused to perform duties and obligations required by law and did commit

predicate acts to aid and abet wrongdoers and injured the Gabors when they, refused to "read"

documents filed by citizens of the United States, which stated:

John Gabor and Kay Gabor
590 Smokey Court
Campbell, CA. 95008-3717
408-378-4326
        Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| JOHN GABOR and KAY GABOR, | CASE NO. **C-07-04266 RMW** |
| | **AMENDED** |
| Plaintiffs, | **TEMPORARY RESTRAINING ORDER** |
| | **AND ORDER TO SHOW CAUSE** |
| v. | **RE PRELIMINARY INJUNCTION** |
| COUNTY OF SANTA CLARA BOARD OF SUPERVISORS, et al. | **PROOF OF SERVICE, RULE 5(a)** |
| Defendants. | |

TO DEFENDANTS **COUNTY OF SANTA CLARA BOARD OF**

**SUPERVISORS; KEN YEAGER,** Supervisor; **ANN RAVEL,** county counsel; **DELORES**

**CARR,** district attorney; **LAURIE SMITH,** sheriff; **CITY OF CAMPBELL**

**CITY MANAGER DANIEL RICH; CITY OF CAMPBELL COMMUNITY**

**DEVELOPMENT DEPARTMENT;** SUSAN MORGADO-GRAY, code enforcement officer;

**EDMUND G. BROWN, JR,** California Attorney General; U.S. ATTORNEY FOR THE

NORTHERN DISTRICT OF CALIFORNIA **SCOTT N. SCHOOLS:**

      **YOU (AND EACH OF YOU) ARE HEREBY ORDERED TO SHOW CAUSE at**

_____ **on** _____, **2007, or as soon thereafter as counsel may be heard in the**

**courtroom of the Honorable district court judge** _____,

located at 280 S. First Street, San Jose, CA. 95113, why you, your officers, agents, servants,

employees and attorneys and those in active concert or participation with you or them, should not

be restrained and enjoined pending trial of this action from: violating plaintiff's FOURTH

AMENDMENT right, trespassing upon the Plaintiff's property located at 590 Smokey Court,

Campbell, CA. 95008, and from threatening and intimidating, or interfering with John and Kay

Gabor's lawful use of their real and personal property within the State of California and violating

California Civil Code § 52.1...

      **PENDING HEARING** on the above Order to Show Cause, you, your officers, agents,

servants, employees, and attorneys and all those in active concert or participation with you or

them ARE HEREBY RESTRAINED AND ENJOINED from: violating Plaintiff's FOURTH

AMENDMENT , trespassing upon the Plaintiff's property located at 590 Smokey Court,

Campbell, CA. 95008, and from threatening and intimidating, or interfering with John and Kay

Gabor's lawful use of their real and personal property within the State of California and violating

California Civil Code § 52.1..

      The above Temporary Restraining Order is effective on Plaintiff's filing of their Civil

Rights Complaint under FRCP Rule 3.   This Order to Show Cause and supporting papers must

be served on Defendants no later that _____ days before the date set for hearing, proof

**GABOR v. USA CIVIL RIGHTS COMPLAINT; DEMAND FOR JURY TRIAL**      **page 9**

of service shall be filed no later than _____ court days before hearing.  Any response

or opposition to this Order to Show Cause must be filed and personally served on Plaintiff no

later than _____ court days before the date set for hearing, and Proof of service

shall be filed no later than _____ court days before the hearing.

DATED:_____

/s._____

UNITED STATES DISTRICT COURT JUDGE

07-04266 GABOR v. SANTA CLARA CO. et al  AMENDED TRO, OSC                          page 2

## CERTIFICATE OF SERVICE

I hereby certify that the Plaintiff's **PROOF OF SERVICE TRO-OSC** was served upon

all parties listed below pursuant to F.R.C.P. Rule 5(a) on this ____ day of August , 2007.

_____

John Gabor, NOTARY NOT REQUIRED
**DEFENDANTS**

COUNTY OF SANTA CLARA BOARD OF SUPERVISORS
County Government Center, Tenth Floor, East Wing,
70 West Hedding Street
San Jose, CA. 95110.

KEN YEAGER
County Government Center, Tenth Floor, East Wing,
70 West Hedding Street
San Jose, CA. 95110.

ANN RAVEL
County Government Center, 9th Floor, East Wing
70 West Hedding Street
San Jose, CA. 95110.

DELORES CARR
County Government Center
70 West Hedding Street
San Jose, CA. 95110.

LAURIE SMITH
55 W. Younger Avenue
San Jose, CA. 95110.

CITY OF CAMPBELL
City Hall, Upper Level
70 North First Street
Campbell, CA. 95008.

DANIEL RICH
City Manager's Office, City Hall, Upper Level
70 North First Street
Campbell, CA. 95008.

COMMUNITY DEVELOPMENT DEPARTMENT
70 North First Street
Campbell, CA. 95008-1436.

SUSAN MORGADO-GRAY
70 North First Street
Campbell, CA. 95008-1436.

EDMUND G. BROWN, JR, California Attorney General
Office of the Attorney General
455 Golden Gate, Suite 1100
San Francisco, CA. 94102-7004.

U.S. Attorney SCOTT N. SCHOOLS
United States Attorney's Office
150 Almaden Blvd., Suite 900
San Jose, CA. 95113.

**07-04266 GABOR v. SANTA CLARA CO. et al AMENDED TRO, OSC**                    **page 3**

25.    Defendant United States and COURT STAFF lack the "training" to understand that John Gabor,

age 77, and Kay Gabor, age 68, would have a FOURTH AMENDMENT right to be secure in their own

home from warrantless searches and trespass, these "clearly established rights" are too complex for

those sworn to protect citizens of the United States and restrain "domestic terrorism" within the United

States since President "or King" Bush has stated that "the people in Iraq have a right to be secure in their

homes and neighborhoods," when the American people are subjected to home invasion by their public

servants receiving federal funds and liable under § 666, of Title 18, United States Code.

26.    Defendant COURT STAFF entered into a conspiracy to aid and abet offenses against the citizens

of the United States residing within California, and did "take bribes" in furtherance of the target goal of

local corrupt state officials to aid and abet them to evade prosecution under the Anticorruption Act of

1988, by depriving Gabors of access to First Amendment right to petition the government for redress of

their grievances in the United States District Court and Due Process of law, as secured by § 1343, of

Title 28, United States Code.

27.    Defendant United States, and COURT STAFF, knew, at all times relevant to their federal

employment in the State of California, that cities, counties, and state public servants are denied

immunity, of any kind, for threatening, and intimidation, or the actual violation of a citizen's Fourth

Amendment right under **California Civil Code § 52.1**, which provides:

> § 52.1. (a) If a person or persons, whether or not acting under color of law, interferes by
> threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion,
> with the exercise or enjoyment by any individual or individuals of rights secured by the
> Constitution or laws of the United States, or of the rights secured by the Constitution or laws of
> this state, the Attorney General, or any district attorney or city attorney may bring a civil action

for injunctive and other appropriate equitable relief in the name of the people of the State of California, in order to protect the peaceable exercise or enjoyment of the right or rights secured. An action brought by the Attorney General, any district attorney, or any city attorney may also seek a civil penalty of twenty-five thousand dollars ($25,000). If this civil penalty is requested, it shall be assessed individually against each person who is determined to have violated this section and the penalty shall be awarded to each individual whose rights under this section are determined to have been violated.

(b) Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with, as described in subdivision (a), may institute and prosecute in his or her own name and on his or her own behalf a civil action for damages, including, but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the right or rights secured

(c) An action brought pursuant to subdivision (a) or (b) may be filed either in the superior court for the county in which the conduct complained of occurred or in the superior court for the county in which a person whose conduct complained of resides or has his or her place of business. An action brought by the Attorney General pursuant to subdivision (a) also may be filed in the superior court for any county wherein the Attorney General has an office, and in that case, the jurisdiction of the court shall extend throughout the state

(d) If a court issues a temporary restraining order or a preliminary or permanent injunction in an action brought pursuant to subdivision (a) or (b), ordering a defendant to refrain from conduct or activities, the order issued shall include the following statement: VIOLATION OF THIS ORDER IS A CRIME PUNISHABLE UNDER SECTION 422.77 OF THE PENAL CODE.

(e) The court shall order the plaintiff or the attorney for the plaintiff to deliver, or the clerk of the court to mail, two copies of any order, extension, modification, or termination thereof granted pursuant to this section, by the close of the business day on which the order, extension, modification, or termination was granted, to each local law enforcement agency having jurisdiction over the residence of the plaintiff and any other locations where the court determines that acts of violence against the plaintiff are likely to occur. Those local law enforcement agencies shall be designated by the plaintiff or the attorney for the plaintiff. Each appropriate law enforcement agency receiving any order, extension, or modification of any order issued pursuant to this section shall serve forthwith one copy thereof upon the defendant. Each appropriate law enforcement agency shall provide to any law enforcement officer responding to the scene of reported violence, information as to the existence of, terms, and current status of, any order issued pursuant to this section

(f) A court shall not have jurisdiction to issue an order or injunction under this section, if that order or injunction would be prohibited under Section 527.3 of the Code of Civil Procedure.

(g) An action brought pursuant to this section is independent of any other action, remedy, or procedure that may be available to an aggrieved individual under any other provision of law, including, but not limited to, an action, remedy, or procedure brought pursuant to Section 51.7.

(h) In addition to any damages, injunction, or other equitable relief awarded in an action brought pursuant to subdivision (b), the court may award the petitioner or plaintiff reasonable attorney's fees.

(i) A violation of an order described in subdivision (d) may be punished either by prosecution under Section 422.77 of the Penal Code, or by a proceeding for contempt brought pursuant to Title 5 (commencing with Section 1209) of Part 3 of the Code of Civil Procedure. However, in any proceeding pursuant to the Code of Civil Procedure, if it is determined that the person proceeded against is guilty of the contempt charged, in addition to any other relief, a fine may be imposed not exceeding one thousand dollars ($1,000), or the person may be ordered imprisoned in a county jail not exceeding six months, or the court may order both the imprisonment and fine.

(j) Speech alone is not sufficient to support an action brought pursuant to subdivision (a) or (b), except upon a showing that the speech itself threatens violence against a specific person or group of persons; and the person or group of persons against whom the threat is directed reasonably fears that, because of the speech, violence will be committed against them or their property and that the person threatening violence had the apparent ability to carry out the threat.

(k) No order issued in any proceeding brought pursuant to subdivision (a) or (b) shall restrict the content of any person's speech. An order restricting the time, place, or manner of any person's speech shall do so only to the extent reasonably necessary to protect the peaceable exercise or enjoyment of constitutional or statutory rights, consistent with the constitutional rights of the person sought to be enjoined.

28.    Defendant "rw" violated Rule 16 as amended by entering a ADR SCHEDULING ORDER knowing that JURY DEMAND WAS FILED and that defendants would not file ANSWERS to summons and complaint and the civil complaint would be dismiss for failure to state a claim to deprive the Gabors of due process in return for "bribes", Rule 16 requires the district court judge perform "case management", and prohibits clerks from performing Article III duties and obligations, see *Sanders v. Union Pacific Railroad,* 193 F. 3d 1080 (9th Cir. 1999). The Ninth Circuit recognized that CLERKS were performing judicial acts and that the district court judges participated in the conspiracy to deprive citizens of their due process rights and aid and abet wealthy wrongdoers to continue "judicial corruption."

29.    Defendants, acting in conspiracy, knew that the defendant Administrative Office of the United States District Courts would never AUDIT the dockets and that they could falsify as many entries in the federal record and rely upon the "bribed clerks" in the Ninth Circuit to "cover-up" all violations of 18 U.S.C. § 1506, and all appeals would be an act of futility until an honest Attorney General was

GABOR v. USA CIVIL RIGHTS COMPLAINT; DEMAND FOR JURY TRIAL            page 13

confirmed to enforce laws as written to end corruption in the courts.

30.    On September 5th, 2007, the Gabors filed a "judicial notice" knowing the it would not be read or ruled upon since the "fix was in" and bribes had guaranteed dismissal upon demand.

31.    On September 6th. 2007, defendant Bradley Solomon filed docket entry 15, NO APPEARANCE FORM, or compliance with Rule 5(a), after calling the Gabors home to threaten that they would be arrested and lose their home if they did not sign the "stipulation" to dismiss their claims against Attorney General Brown, Jr., knowing that California Civil Code § 52.1 require defendant Brown to prosecute the wrongdoers for "conduct alleged in complaint".

32.    Defendant clerks hand delivered defendant Solomon's stipulation to the district court judge which was signed, without reading by Whyte at the request of defendant Jeanie Garcia. District court judges "blindly sign documents" under orders of the Clerks [residing as judges in furtherance of maintaining the corrupt judiciary status quo of kickbacks to local attorneys bribing the clerks to accept pleadings in violation of Rule 7(a) with no proof of service documents as required by Rule 5(a).

33.    On September 13, 2007, defendant Marcy Berkman filed and motion on behalf of original defendants in default after bribing "rmwle1 and rmwle2", the law clerks for the district court judge to set a preanswer motion to dismiss  hearing ex parte on October 26, 2007 in violation of the 1966 Amendment to Rule 12 and Rule 7(a), NO APPEARANCE FORM was filed, and no disclosure that she was, in fact, an attorney for Gabors pursuant to California Civil Code § 52.1 and could not embezzle public funds and represent county employees  while employed to represent CITIZENS of the county in practice against the Gabors paying her salary on violation § 666, of Title 18 U.S.C., see *Sabri v. United States,* 124 S. Ct. 1941 (2004).

34.    Defendant clerks, acting as COURT STAFF, entered into a conspiracy, knowingly took bribes to falsify the federal record to relieve defendants "summoned" from default after the Gabors filed the appropriate documents on September 13, 2007, under Rule 55 against each defendant that failed to file

ORIGINAL ANSWER pursuant to Rules 7(a), 8(b) and Rule 12(a)(1)(A) in violation of §§ 3 and 1506, of Title 18 U.S.C., to relieve them of default judgment, knowing that the clerks had taken bribes and that their was a "meeting of the mind" that defendants would not file answers to summons and complaint and would be granted motion to dismiss in return for the bribes. COURT STAFF knew that the law required them to enter clerk's default, see *Davis v. Hutchins,* 321 F. 3d 641 (7th Cir. 2003).

35.    On September 18, 2007, defendant Miyashiro filed docket numbers 46-54 Clerk's DECLINATIONS OF DEFAULT knowing that not ANSWERS to summons and complaint had been filed by any of the defendants that had bribed her to falsify the federal record to aid and abet them to evade civil and criminal liability for conspiracy to deprive the Gabors of rights secured by the Constitution and Acts of Congress.

36.    On October 10, 2007, defendant Berkman filed prohibited pleading at docket nos. 55-56, which were accepted by COURT STAFF in violation of Rules 5(a), 7(a), 12(g) and 55.

37.    On September 10, 2007, defendants Schmal, acting in conspiracy with defendant Sabin, did file prohibited pleadings on behalf of ORIGNAL DEFENDANTS IN DEFAULT, and failed to file APPEARANCE FORM, as docket nos. 57-59, knowing that the bribes paid to COURT STAFF and district court judge Whyte to protect them from criminal charges for fraud and violation of §§ 1621, 1622, and 1623, of Title 18 U.S.C., which presents the same "fact pattern" which resulted in default judgment on an non-corrupt court in *Davis v. Hutchins, supra.*

38.    On October 16, 2007, defendant James Scharf knowingly made materially false representation of fact and law in the court record in violation of §§ 1621, 1622, and 1623 of Title 18 U.S.C., and committed perjury to aid and abet a federal employee evade civil and criminal prosecution for fraud and swindles, § 1341, and did falsely represent that Scott Schools was a U.S. Attorney with "sovereign immunity" knowing that Schools was not a U.S. Attorney, but an "acting" until JOSEPH P. RUSSONIELLO in confirmed by Congress, and that NO IMMUNITY exists pursuant to 28 U.S.C.

§ 2679, which provides:

```
United States Code
TITLE 28 - JUDICIARY AND JUDICIAL PROCEDURE
PART VI - PARTICULAR PROCEEDINGS
CHAPTER 171 - TORT CLAIMS PROCEDURE
```

U.S. Code as of: 01/22/02
Section 2679. Exclusiveness of remedy
    (a) The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b)of this title, and the remedies provided by this title in such cases shall be exclusive.
    (b)(1) The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.
    (2) Paragraph (1) does not extend or apply to a civil action against an employee of the Government -
    (A) which is brought for a violation of the Constitution of the United States, or
    (B) which is brought for a violation of a statute of the United States under which such action against an individual is otherwise authorized.
    (c) The Attorney General shall defend any civil action or proceeding brought in any court against any employee of the Government or his estate for any such damage or injury.  The employee against whom such civil action or proceeding is brought shall deliver within such time after date of service or knowledge of service as determined by the Attorney General, all process served upon him or an attested true copy thereof to his immediate superior or to whomever was designated by the head of his department to receive such papers and such person shall promptly furnish copies of the pleadings and process therein to the United States attorney for the district embracing the place wherein the proceeding is brought, to the Attorney General, and to the head of his employing Federal agency.
    **(d)(1) Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.**
    (2) Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending.  Such action or proceeding shall be deemed

to be an action or proceeding brought against the United States under the
provisions of this title and all references thereto, and the United States
shall be substituted as the party defendant. This certification of the
Attorney General shall conclusively establish scope of office or employment
for purposes of removal.
    (3) In the event that the Attorney General has refused to certify
scope of office or employment under this section, the employee may at any
time before trial petition the court to find and certify that the employee
was acting within the scope of his office or employment. Upon such
certification by the court, such action or proceeding shall be deemed to be
an action or proceeding brought against the United States under the
provisions of this title and all references thereto, and the United States
shall be substituted as the party defendant. A copy of the petition shall be
served upon the United States in accordance with the provisions of Rule
4(d)(4) of the Federal Rules of Civil Procedure. In the event the
petition is filed in a civil action or proceeding pending in a State court,
the action or proceeding may be removed without bond by the Attorney General
to the district court of the United States for the district and division
embracing the place in which it is pending. If, in considering the petition,
the district court determines that the employee was not acting within the
scope of his office or employment, the action or proceeding shall be remanded
to the State court.
    (4) Upon certification, any action or proceeding subject to paragraph
(1), (2), or (3) shall proceed in the same manner as any action against the
United States filed pursuant to section 1346(b)of this title and shall be
subject to the limitations and exceptions applicable to those actions.
    (5) Whenever an action or proceeding in which the United States
is substituted as the party defendant under this subsection is dismissed for
failure first to present a claim pursuant to section 2675(a) of this title,
such a claim shall be deemed to be timely presented under section 2401(b) of
this title if -
    (A) the claim would have been timely had it been filed on the date the
underlying civil action was commenced, and
    (B) the claim is presented to the appropriate Federal agency within 60 days
after dismissal of the civil action.
    **(e) The Attorney General may compromise or settle any claim asserted in
such civil action or proceeding in the manner provided in section 2677, and
with the same effect.**

39.    Defendant Scharf, knew, that he was not ATTORNEY GENERAL Alberto Gonzales and could

not CERTIFY that federal employee Schools was acting within his scope of employment , and knew that

federal employees are required to file ORIGINAL ANSWER to summons and complaint pursuant to the

2000 Amendment to Rule 12, and did, knowingly commit perjury in the federal court, therefore, he

conspired with defendant COURT STAFF to falsify the record and DEFAULT should have entered

pursuant to precedent, see *Precision Specialty Metals, Inc. v. United States,* 315 F. 3d 1346

(D.C. Cir 2003).

40.    On October 10, 2007, defendants Schmal conspired with COURT STAFF, and did file prohibited

**GABOR v. USA CIVIL RIGHTS COMPLAINT; DEMAND FOR JURY TRIAL**          page 17

pleading at Docket numbers 57-59, in violation of precedent recognizing the 1966 Amendment to Rule 12(g)-(h) in the Ninth Circuit, concurring with the Seventh Circuit, see *Assoc. of Naturopathic Phys. v. Hayhurst,* 227 F. 3d 1104 (9th Cir. 2000).

41.     On October 17, 2007, the Gabors filed MOTION TO STRIKE IMPROPER PLEADINGS FILED BY THIRD-PARTIES AS DOCKET NOS. 21, 23, 26, 27, 55, 56, 57 and 58, which was not read by the district court since "bribes" were in place to guarantee the agreed upon MOTION TO DISMISS on December 7th, 2007.

42.     On October 18, 2007, Gabors filed MOTION TO RECUSE DISTRICT COURT JUDGE RONALD M WHYTE pursuant to 28 U.S.C. § 144, which direct that "the judge go no further therein....", knowing that district court judges Whyte, Ware, and Fogel do not recognize Acts of Congress and would proceed as if they, like Alberto Gonzales and George Bush, are above the law and NOT SUBJECT TO LAW and all federal courts are corrupt and have absolute immunity for all predicates acts of BRIBERY, GRAFT and CONFLICT OF INTEREST.

43.     On November 21, 2007, COURT STAFF, acting in conspiracy with defendant Schmal, did, enter "prohibited pleadings" in the federal record at docket numbers 65-67, to assure the Gabors that they would not receive due process or a JURY TRIAL in any court in the United States because the corruption will never end as long as they are IN POWER to oppress citizens.

**PLAINTIFFS FIRST CLAIM AGAINST ALL DEFENDANTS FOR DEPRIVATION OF FIRST AMENDMENT RIGHT TO PETITION FOR REDRESS IN U.S.D.C.**

44.     The factual allegations stated in paragraphs 1 though 43 are hereby incorporated pursuant to Rule 10.

45.     Plaintiffs Gabor hereby present their first claim against ALL DEFENDANTS for deprivation of

their First Amendment right to petition for redress of grievances in the district court and an answer to the

petition as guaranteed by federal rules of civil procedures, as amended.

## PLAINTIFFS SECOND CLAIM AGAINST ALL DEFENDANTS FOR DEPRIVATION OF THEIR RIGHT TO AN HONEST ARTICLE III JUDGE TO PREFORM HIS DUTIES AND OBLIGATIONS PURSUANT TO HIS OATH AND THE FEDERAL CIVIL *JUDICIAL* PROCEDURES ABD RULES

46.    The factual allegations stated in paragraphs 1 though 45 are hereby incorporated pursuant to

Rule 10.

47.    Plaintiffs Gabor hereby present their second claim against ALL DEFENDANTS for deprivation

of their right to an honest Article III judge to perform his duties and obligations pursuant to his oath and

the Federal Civil *Judicial* Procedures and Rules as a constitutional guarantee in return for the payment to

the filing fee and commencement of action pursuant to Rule 3.

## PLAINTIFFS THIRD CLAIM AGAINST ALL DEFENDANTS FOR CONVERSION OF THEIR PROPERTY TO PUBLIC USE WITHOUT JUST COMPENSATION OR DUE PROCESS AS SECURED BY THE FIFTH AMENTMENT

48.    The factual allegations stated in paragraphs 1 though 47 are hereby incorporated pursuant to

Rule 10.

49.    Plaintiffs Gabor hereby present their third claim against ALL DEFENDANTS for conversion of

their property to public use without just compensation or due process as secured by the Fifth

Amendment as established by Defendants "improper pleadings filed in the district court" to defame and

publicly damage the Gabor's business good will and property rights.

## PLAINTIFFS FOURTH CLAIM AGAINST ALL DEFENDANTS FOR CONSPIRACY TO CONDUCT THE AFFAIRS OF THE STATE COURTS AND THE DISTRICT COURTS THROUGH A PATTERN OF PREDICATE ACTS OF RACKETEERING IN VIOLATION OF SECTION 1962(d)  FOR THE COLLECTION OF UNLAWFUL DEBT BY JUDICIAL CORRUPTION AND DEPRIVATION OF RIGHTS SECURED BY THE FOURTEENTH AMENDMENT

50.    The factual allegations stated in paragraphs 1 though 49 are hereby incorporated pursuant to Rule 10.

51.    Plaintiffs Gabor hereby present their fourth claim against ALL DEFENDANTS for conspiracy to conduct the state courts and the district courts through a pattern of predicate acts of racketeering on violation of section 1962(d), of Title 18 U.S.C., for the collection of unlawful debt by judicial corruption and deprivation of rights secured by the Fourteenth Amendment.

## PLAINTIFFS FIFTH CLAIM AGAINST ALL DEFENDANTS FOR DEPRIVATION OF THEIR SEVENTH AMENDMENT RIGHT TO JURY TRIAL OF ALL ISSUES PURSUANT TO RULE 38

52.    The factual allegations stated in paragraphs 1 though 51 are hereby incorporated pursuant to Rule 10.

53.    Plaintiffs Gabor hereby present their fifth claim against ALL DEFENDANTS for deprivations of their rights secured by the Seventh Amendment to trial by jury of all issues pursuant to Rule 38, by unlawful bribery of clerks and judges and unlawful delegation of Article III duties and obligations to COURT STAFF, as a scheme to defraud citizens of their intangible right to honest services as articulated in Title 18 U.S.C. §§ 1341 and 1346.

## PLAINTIFFS SIXTH CLAIM AGAINST ALL DEFENDANTS FOR DEPRIVATION OF RIGHTS SECURED BY ARTICLE III, AND THE FIFTH, SEVENTH AND FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES BY BRIBERY AND FALSE REPRESENTATIONS OF IMMUNITY UNDER COLOR OF OFFICIAL RIGHT

54.    The averments stated in paragraphs 1 though 53 are hereby incorporated pursuant to Rule 10.

55.    Plaintiffs Sixth Claim against ALL DEFENDANTS for deprivation of the rights secured by Article III of the Constitution and the Fifth, Seventh and Fourteenth Amendment to the Constitution for the United States by "bribery" and false representation of immunity under color of official right knowing that immunity for civil rights violation in the State of California is *not* applicable for claims

under 42 U.S.C. § 1983 and federal actors are denied immunity under 28 U.S.C. § 2679 for

constitutional claims.

## PLAINTIFFS CLAIMS FOR DAMAGES AND INJUNCTIVE RELIEF

56.    The averments stated in paragraphs 1 though 80 are hereby incorporated pursuant to Rule 10.

57.    As a proximate and natural result of ALL DEFENDANTS' conspiracy to injure John

Gabor and Kay Gabor, All Defendants did commit acts, and omissions, including those of their

agents, officers, employees, who were acting in conspiracy and joint participation under color of official

right, or under color of state law as governmental actors and private actors, plaintiffs John Gabor and

Kay Gabor have been subjected to injuries and have suffered, and more likely than not, will suffer the

following damages, and DEMAND relief from EACH AND EVERY DEFENDANT as follows:

   a.    Damages in the amount of $1,000,000.00 against EACH defendant in default

   b.    Consequential damages;

   c.    damages, reasonable attorney's fees, and costs;

   d,    Exemplary and/or punitive damages;

   e.    Prejudgment and post judgment interest, and

   f.    Any other monetary relief awarded by the JURY as they believe

reasonable and just compensation for Defendants' conduct which was egregious and the direct or

indirect, and proximate causation of plaintiff's injuries under the totality of the circumstances and by the

preponderance of the evidence, Federal Rules of Civil Procedure, Rule 301. Presumptions

in civil actions and proceeding.

58.    WHEREFORE, plaintiff JOHN GABOR and plaintiff KAY GABOR respectfully pray

for Trial by Jury, F..R.C.P. Rule 38, in this civil action, and Judgment be rendered against ALL

DEFENDANTS for their conduct and behavior which deprived Plaintiff of rights secured

by Acts of Congress and the Constitution of the United States and caused injuries to their persons,

**5:07-cv-04266-RMW** Gabor et al v. County of Santa Clara Board of Supervisors et al
Ronald M. Whyte, presiding
Howard R. Lloyd, referral
**Date filed:** 08/20/2007
**Date of last filing:** 11/21/2007

# Deadlines/Hearings

| Doc. No. | Deadline/Hearing | Event Filed | Due/Set | Satisfied | Terminated |
|---|---|---|---|---|---|
| 1 | ○ Answer due | 08/20/2007 | 09/10/2007 | | |
| 1 | ○ Answer due | 08/20/2007 | 09/10/2007 | | |
| 1 | ○ Answer due | 08/20/2007 | 09/10/2007 | | |
| 1 | ○ Answer due | 08/20/2007 | 09/10/2007 | | |
| 1 | ○ Answer due | 08/20/2007 | 09/10/2007 | | |
| 1 | ○ Answer due | 08/20/2007 | 09/10/2007 | | |
| 1 | ○ Answer due | 08/20/2007 | 09/11/2007 | | |
| 1 | ○ Answer due | 08/20/2007 | 09/11/2007 | | |
| 1 | ○ Answer due | 08/20/2007 | 09/11/2007 | | |
| 1 | ○ Answer due | 08/20/2007 | 09/12/2007 | | |
| 1 | ○ Answer due | 08/20/2007 | 09/12/2007 | | |
| 3 | ○ Case Management Statement Due | 08/20/2007 | 11/30/2007 | | |
| 60 | ○ Motion Hearing | 10/16/2007 | 12/07/2007 at 09:00 AM | | |
| 63 | ○ Motion Hearing | 10/18/2007 | 12/07/2007 at 09:00 AM | | |
| 3 | ○ Case Management Conference | 08/20/2007 | 12/07/2007 at 10:30 PM | | |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 12/02/2007 14:08:35 | | | |
| **PACER Login:** | in0140 | **Client Code:** | gabor |
| **Description:** | Deadline/Hearings | **Search** | 5:07-cv-04266- |

ADRMOP, E-Filing, ProSe

# U.S. District Court
## California Northern District (San Jose)
## CIVIL DOCKET FOR CASE #: 5:07-cv-04266-RMW

Gabor et al v. County of Santa Clara Board of Supervisors et al

Assigned to: Hon. Ronald M. Whyte
Referred to: Magistrate Judge Howard R. Lloyd
Demand: $1,000,000
Cause: 42:1983 Civil Rights Act

Date Filed: 08/20/2007
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: U.S. Government Plaintiff

**Plaintiff**

**John Gabor**          represented by    **John Gabor**
590 Smokey Court
Campbell, CA 95008-3717
408-378-4326
PRO SE

**Plaintiff**

**Kay Gabor**          represented by    **Kay Gabor**
590 Smokey Court
Campbell, CA 95000-3717
408-378-4326
PRO SE

V.

**Defendant**

**County of Santa Clara Board of Supervisors**
*in their official capacity*      represented by    **Marcy Berkman**
Attorney at Law
70 West Hedding Street, 9th Floor, East Wing
San Jose, CA 95110
408-299-5900
Email: marcy.berkman@cco.sccgov.org

*ATTORNEY TO BE NOTICED*

**Defendant**

**Ken Yeager**
*in his municipal and individual capacity*

**Defendant**

**Ann Ravel**
*county counsel, in her municipal and individual capacity*

**Defendant**

**Delores Carr**
*District Attorney, in her official and individual capacity*

**Defendant**

**Laurie Smith**
*Sheriff, in her municipal and individual capacity*

**Defendant**

**City of Campbell**
*in its municipal capacity*

represented by **Timothy James Schmal, Esq.**
Burton, Volkmann & Schmal, LLP
133 Mission Street
Suite 102
Santa Cruz, CA 95060
831-425-5023
Fax: 831-427-3159
Email: TSchmal@bvsllp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Burleigh E Sabin**
Burton Volkmann and Schmal
133 Mission Street
Suite 102
Santa Cruz, CA 95060
831-425-5023
Fax: 831-427-3159
*ATTORNEY TO BE NOTICED*

**Defendant**

**Daniel Rich**
*City of Campbell, City Manager in his official and individual capacity*

represented by **Timothy James Schmal, Esq.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Burleigh E Sabin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**City of Campbell Community Development Department**
*in its municipal capacity*

represented by **Timothy James Schmal, Esq.**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Burleigh E Sabin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Susan Morgado-Gray**
*in her municipal and individual*
*capacity*

represented by **Timothy James Schmal, Esq.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Burleigh E Sabin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Edmund Brown, Jr**
*Attorney General, in his official*
*capacity*
*TERMINATED: 09/12/2007*

represented by **Bradley Alan Solomon**
Office of the Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102
415-703-5627
Email: bradley.solomon@doj.ca.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**Scott N. Schools**
*United States Attorney for the Northern*
*District of California in his official*
*capacity*

represented by **James A. Scharf**
Office of the United States Attorney
150 Almaden Blvd., Suite 900
San Jose, CA 95113
(408) 535-5044
Fax: (408) 535-5081
Email: james.scharf@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/20/2007 | 1 | CIVIL RIGHTS COMPLAINT: FRCP Rule 65 Temporary Restraining Order, Order to Show Cause; Temporary Injunction, (Summons Issued); jury demand against all defendants ( Filing fee $ 350, receipt number 54611001543) Filed by John Gabor, Kay Gabor. (bw, COURT STAFF) (Filed on 8/20/2007) (Entered: 08/21/2007) |
| 08/20/2007 | 2 | Received Temporary Restraining Order and Order to Show Cause re Preliminary Injunction by John Gabor, Kay Gabor. (bw, COURT STAFF) (Filed on 8/20/2007) (Entered: 08/21/2007) |
| 08/20/2007 | 3 | ADR SCHEDULING ORDER: Case Management Statement due by |

| | | |
|---|---|---|
| | | 11/30/2007. Case Management Conference set for 12/7/2007 10:30 PM. (bw, COURT STAFF) (Filed on 8/20/2007) (Entered: 08/21/2007) |
| 08/20/2007 | | Summons Issued as to Daniel Rich, Susan Morgado-Gray, Edmund Brown, Jr, Scott N. Schools, County of Santa Clara Board of Supervisors, Ken Yeager, Ann Ravel, Delores Carr, Laurie Smith, City of Campbell. (bw, COURT STAFF) (Filed on 8/20/2007) (Entered: 08/21/2007) |
| 08/20/2007 | | Summons Issued as to City of Campbell Community Development Department. (bw, COURT STAFF) (Filed on 8/20/2007) (Entered: 08/21/2007) |
| 08/21/2007 | 4 | ORDER Denying Temporary Restraining Order; Denying Application for Order to Show Cause. Signed by Judge Whyte on 8/21/07. (rmwlc2, COURT STAFF) (Filed on 8/21/2007) (Entered: 08/21/2007) |
| 08/27/2007 | 5 | ORDER Denying Temporary Restraining Order; Denying Application for Order to Show Cause without Prejudice. Signed by Judge Ronald M. Whyte on 8/27/07. (rmwlc1, COURT STAFF) (Filed on 8/27/2007) (Entered: 08/27/2007) |
| 08/27/2007 | 6 | MOTION for Preliminary Injunction; Memorandum of Points and Authorities in Support; Proof of Service, Rule 5(a) filed by John Gabor, Kay Gabor. (bw, COURT STAFF) (Filed on 8/27/2007) (Entered: 08/28/2007) |
| 08/27/2007 | 7 | AMENDED Temporary Restraining Order and Order to Show Cause re Preliminary Injunction; Proof of Service, Rule 5(a) by John Gabor, Kay Gabor. (bw, COURT STAFF) (Filed on 8/27/2007) (Entered: 08/28/2007) |
| 08/27/2007 | 8 | PROOF OF SERVICE re 7 , 6 by John Gabor, Kay Gabor (bw, COURT STAFF) (Filed on 8/27/2007) ). (Entered: 08/28/2007) |
| 08/28/2007 | 9 | SUMMONS Returned Executed by John Gabor, Kay Gabor. Susan Morgado-Gray served on 8/21/2007, answer due 9/10/2007. (srm, COURT STAFF) (Filed on 8/28/2007) (Entered: 08/29/2007) |
| 08/28/2007 | 10 | SUMMONS Returned Executed by John Gabor, Kay Gabor. Laurie Smith served on 8/21/2007, answer due 9/10/2007. (srm, COURT STAFF) (Filed on 8/28/2007) (Entered: 08/29/2007) |
| 08/28/2007 | 11 | SUMMONS Returned Executed by John Gabor, Kay Gabor. City of Campbell Community Development Department served on 8/21/2007, answer due 9/10/2007. (srm, COURT STAFF) (Filed on 8/28/2007) (Entered: 08/29/2007) |
| 08/28/2007 | 12 | SUMMONS Returned Executed by John Gabor, Kay Gabor. Scott N. Schools served on 8/21/2007, answer due 9/10/2007. (srm, COURT STAFF) (Filed on 8/28/2007) (Entered: 08/29/2007) |
| 08/28/2007 | 13 | SUMMONS Returned Executed by John Gabor, Kay Gabor. City of Campbell served on 8/21/2007, answer due 9/10/2007. (srm, COURT STAFF) (Filed on 8/28/2007) (Entered: 08/29/2007) |

| 08/28/2007 | 14 | SUMMONS Returned Executed by John Gabor, Kay Gabor. Daniel Rich served on 8/21/2007, answer due 9/10/2007. (srm, COURT STAFF) (Filed on 8/28/2007) (Entered: 08/29/2007) |
|---|---|---|
| 09/05/2007 | 16 | SUMMONS Returned Executed by John Gabor, Kay Gabor. County of Santa Clara Board of Supervisors served on 8/23/2007, answer due 9/12/2007. (dhm, COURT STAFF) (Filed on 9/5/2007) (Entered: 09/10/2007) |
| 09/05/2007 | 17 | SUMMONS Returned Executed by John Gabor, Kay Gabor. Delores Carr served on 8/22/2007, answer due 9/11/2007. (dhm, COURT STAFF) (Filed on 9/5/2007) (Entered: 09/10/2007) |
| 09/05/2007 | 18 | SUMMONS Returned Executed by John Gabor, Kay Gabor. Ann Ravel served on 8/22/2007, answer due 9/11/2007. (dhm, COURT STAFF) (Filed on 9/5/2007) (Entered: 09/10/2007) |
| 09/05/2007 | 19 | SUMMONS Returned Executed by John Gabor, Kay Gabor. Ken Yeager served on 8/23/2007, answer due 9/12/2007. (dhm, COURT STAFF) (Filed on 9/5/2007) (Entered: 09/10/2007) |
| 09/05/2007 | 20 | SUMMONS Returned Executed by John Gabor, Kay Gabor. Edmund Brown, Jr served on 8/22/2007, answer due 9/11/2007. (dhm, COURT STAFF) (Filed on 9/5/2007) (Entered: 09/10/2007) |
| 09/05/2007 | 24 | Proof of Compliance with District Court's Order 5 by John Gabor, Kay Gabor (dhm, COURT STAFF) (Filed on 9/5/2007) (Entered: 09/13/2007) |
| 09/05/2007 | 25 | JUDICIAL NOTICE RULE 201; CHANGE OF LAW by John Gabor, Kay Gabor (dhm, COURT STAFF) (Filed on 9/5/2007) (Entered: 09/13/2007) |
| 09/06/2007 | 15 | STIPULATION *Re: Dismissal of Edmund G. Brown, Jr., California Attorney General* by Edmund Brown, Jr. (Attachments: # 1 Proposed Order # 2 Declaration of Service)(Solomon, Bradley) (Filed on 9/6/2007) (Entered: 09/06/2007) |
| 09/10/2007 | 21 | MOTION to Dismiss *filed by Defendants, CITY OF CAMPBELL, DANIEL RICH, Campbell City Manager, CITY OF CAMPBELL COMMUNITY DEVELOPMENT DEPARTMENT (a legally indistinguishable sub-entity of the CITY OF CAMPBELL, SUSAN MORGADO-GRAY* filed by City of Campbell. (Schmal, Timothy) (Filed on 9/10/2007) (Entered: 09/10/2007) |
| 09/12/2007 | 22 | ORDER 15 for Dismissal of Defendant Edmund G. Brown, Jr., California Attorney General. Edmund Brown, Jr terminated. Signed by Judge Ronald M. Whyte on 9/12/07. (jg, COURT STAFF) (Filed on 9/12/2007) (Entered: 09/12/2007) |
| 09/13/2007 | 23 | MOTION to Dismiss *MOTION FOR DISMISSAL [FRCP 12(b)(6)]; MOTION FOR MORE DEFINITE STATEMENT and MOTION TO STRIKE PLAINTIFFS PLEADING [FRCP 12(e)]; OPPOSITION TO TEMPORARY RESTRAINING ORDER AND PRELIMINARY* |

|  |  | *INJUNCTION [FRCP 65]; MOTION TO REQUIRE PLAINTIFFS TO OBTAIN LEAVE OF COURT TO FILE SUBSEQUENT REDUNDANT CLAIMS AGAINST DEFENDANTS (Vexatious Litigant)* filed by County of Santa Clara Board of Supervisors. Motion Hearing set for 10/26/2007 09:00 AM in Courtroom 6, 4th Floor, San Jose. (Berkman, Marcy) (Filed on 9/13/2007) (Entered: 09/13/2007) |
|---|---|---|
| 09/13/2007 | 28 | APPLICATION for Entry of Default as to Community Development Department, in its municipal capacity filed by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | 29 | Declaration of John Gabor and Kay Gabor in Support of 28 APPLICATION for Entry of Default as to Community Development Department, in its municipal capacity filed by John Gabor, Kay Gabor. (Related document(s) 28 ) (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 |  | Received Document re 28 APPLICATION for Entry of Default as to Community Development Department, in its municipal capacity by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | 30 | APPLICATION for Entry of Default as to Ann Ravel, in her individual capacity filed by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | 31 | Declaration of John Gabor and Kay Gabor in Support of 30 APPLICATION for Entry of Default as to Ann Ravel, in her individual capacity filed by John Gabor, Kay Gabor. (Related document(s) 30 ) (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 |  | Received Document re 30 APPLICATION for Entry of Default as to Ann Ravel, in her individual capacity by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | 32 | APPLICATION for Entry of Default as to Susan Morgado-Gray, in her individual capacity filed by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | 33 | Declaration of John Gabor and Kay Gabor in Support of 32 APPLICATION for Entry of Default as to Susan Morgado-Gray, in her individual capacity filed by John Gabor, Kay Gabor. (Related document (s) 32 ) (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 |  | Received Document re 32 APPLICATION for Entry of Default as to Susan Morgado-Gray, in her individual capacity by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | 34 | APPLICATION for Entry of Default as to County of Santa Clara Board of Supervisors, in their municipal capacity filed by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: |

| 09/13/2007 | | 09/17/2007) |
|---|---|---|
| 09/13/2007 | 35 | Declaration of John Gabor and Kay Gabor in Support of 34 APPLICATION for Entry of Default as to County of Santa Clara Board of Supervisors, in their municipal capacity filed by John Gabor, Kay Gabor. (Related document(s) 34 ) (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | | Received Document re 34 APPLICATION for Entry of Default as to County of Santa Clara Board of Supervisors, in their municipal capacity by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | 36 | APPLICATION for Entry of Default as to City of Campbell, in its municipal capacity filed by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | 37 | Declaration of John Gabor and Kay Gabor in Support of 36 APPLICATION for Entry of Default as to City of Campbell, in its municipal capacity filed by John Gabor, Kay Gabor. (Related document (s) 36 ) (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | | Received Document re 36 APPLICATION for Entry of Default as to City of Campbell, in its municipal capacity by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | 38 | APPLICATION for Entry of Default as to Daniel Rich, in his individual capacity filed by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | 39 | Declaration of John Gabor and Kay Gabor in Support of 38 APPLICATION for Entry of Default as to Daniel Rich, in his individual capacity filed by John Gabor, Kay Gabor. (Related document(s) 38 ) (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | | Received Document re 38 APPLICATION for Entry of Default as to Daniel Rich, in his individual capacity by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | 40 | APPLICATION for Entry of Default as to Laurie Smith, in her individual capacity filed by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | 41 | Declaration of John Gabor and Kay Gabor in Support of 40 APPLICATION for Entry of Default as to Laurie Smith, in her individual capacity filed by John Gabor, Kay Gabor. (Related document(s) 40 ) (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | | Received Document re 40 APPLICATION for Entry of Default as to Laurie Smith, in her individual capacity by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | 42 | APPLICATION for Entry of Default as to Delores Carr, in her individual |

| | | |
|---|---|---|
| | | capacity filed by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/18/2007) |
| 09/13/2007 | 43 | Declaration of John Gabor and Kay Gabor in Support of 42 APPLICATION for Entry of Default as to Delores Carr, in her individual capacity filed by John Gabor, Kay Gabor. (Related document(s) 42 ) (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/18/2007) |
| 09/13/2007 | | Received Document re 42 APPLICATION for Entry of Default as to Delores Carr, in her individual capacity by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/18/2007) |
| 09/13/2007 | 44 | APPLICATION for Entry of Default as to Ken Yeager, in his individual capacity filed by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/18/2007) |
| 09/13/2007 | 45 | Declaration of John Gabor and Kay Gabor in Support of 44 APPLICATION for Entry of Default as to Ken Yeager, in his individual capacity filed by John Gabor, Kay Gabor. (Related document(s) 44 ) (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/18/2007) |
| 09/13/2007 | | Received Document re 44 APPLICATION for Entry of Default as to Ken Yeager, in his individual capacity by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/18/2007) |
| 09/14/2007 | 26 | MOTION to Dismiss *[NOTICE OF]* filed by Daniel Rich, City of Campbell Community Development Department, Susan Morgado-Gray, City of Campbell. Motion Hearing set for 10/26/2007 09:00 AM in Courtroom 6, 4th Floor, San Jose. (Schmal, Timothy) (Filed on 9/14/2007) (Entered: 09/14/2007) |
| 09/14/2007 | 27 | CERTIFICATE OF SERVICE by Daniel Rich, City of Campbell Community Development Department, Susan Morgado-Gray, City of Campbell *ON DEFENDANTS' NOTICE OF HEARING OF MOTION FOR DISMISSAL...* (Schmal, Timothy) (Filed on 9/14/2007) (Entered: 09/14/2007) |
| 09/18/2007 | 46 | Clerk's DECLINATION OF DEFAULT as to Delores Carr. (Related documents(s) 42 ) (dhm, COURT STAFF) (Filed on 9/18/2007) (Entered: 09/18/2007) |
| 09/18/2007 | 47 | Clerk's DECLINATION OF DEFAULT as to City of Campbell. (Related documents(s) 36 ) (dhm, COURT STAFF) (Filed on 9/18/2007) (Entered: 09/18/2007) |
| 09/18/2007 | 48 | Clerk's DECLINATION OF DEFAULT as to Community Development Dept. (Related documents(s) 28 ) (dhm, COURT STAFF) (Filed on 9/18/2007) (Entered: 09/18/2007) |
| 09/18/2007 | 49 | Clerk's DECLINATION OF DEFAULT as to County of Santa Clara Board of Supervisors (Related documents(s) 34 ) (dhm, COURT STAFF) (Filed on 9/18/2007) (Entered: 09/18/2007) |
| 09/18/2007 | 50 | Clerk's DECLINATION OF DEFAULT as to Susan Morgado-Gray |

| | | (Related documents(s) 32 ) (dhm, COURT STAFF) (Filed on 9/18/2007) (Entered: 09/18/2007) |
|---|---|---|
| 09/18/2007 | 51 | Clerk's DECLINATION OF DEFAULT as to Ann Ravel (Related documents(s) 30 ) (dhm, COURT STAFF) (Filed on 9/18/2007) (Entered: 09/18/2007) |
| 09/18/2007 | 52 | Clerk's DECLINATION OF DEFAULT as to Daniel Rich (Related documents(s) 38 ) (dhm, COURT STAFF) (Filed on 9/18/2007) (Entered: 09/18/2007) |
| 09/18/2007 | 53 | Clerk's DECLINATION OF DEFAULT as to Laurie Smith (Related documents(s) 40 ) (dhm, COURT STAFF) (Filed on 9/18/2007) (Entered: 09/18/2007) |
| 09/18/2007 | 54 | Clerk's DECLINATION OF DEFAULT as to Ken Yeager (Related documents(s) 44 ) (dhm, COURT STAFF) (Filed on 9/18/2007) (Entered: 09/18/2007) |
| 10/03/2007 | 55 | NOTICE by County of Santa Clara Board of Supervisors *of Unavailability* (Berkman, Marcy) (Filed on 10/3/2007) (Entered: 10/03/2007) |
| 10/10/2007 | 56 | Request for Judicial Notice *of Adjudicative Facts in Support of County's Pending Motions* filed byCounty of Santa Clara Board of Supervisors. (Attachments: # 1 Exhibit RJN Exhibits 7-9# 2 Exhibit RJN Exhibits 10-11# 3 Exhibit RJN Exhibits 12-15 and Proof of Service)(Berkman, Marcy) (Filed on 10/10/2007) (Entered: 10/10/2007) |
| 10/10/2007 | 57 | NOTICE by Daniel Rich, City of Campbell Community Development Department, Susan Morgado-Gray, City of Campbell *OF NON-OPPOSITION* (Schmal, Timothy) (Filed on 10/10/2007) (Entered: 10/10/2007) |
| 10/10/2007 | 58 | CERTIFICATE OF SERVICE by Daniel Rich, City of Campbell Community Development Department, Susan Morgado-Gray, City of Campbell *ON ( 57 ) NOTICE OF NON-OPPOSITION TO DEFENDANTS' MOTIONS FOR DISMISSAL, ETC.* (Schmal, Timothy) (Filed on 10/10/2007) Modified text to add document relationship on 10/12/2007 (srm, COURT STAFF). (Entered: 10/10/2007) |
| 10/11/2007 | 59 | Request for Judicial Notice re 56 Request for Judicial Notice, *SUPPLEMENTAL* filed byCounty of Santa Clara Board of Supervisors. (Attachments: # 1 Exhibit Exhibit 24 pp 1-41 to Supp RJN# 2 Exhibit Exhibit 24 pp 41-80 to Supp RJN# 3 Exhibit Exhibits 25-27 to Supp RJN)(Related document(s) 56 ) (Berkman, Marcy) (Filed on 10/11/2007) (Entered: 10/11/2007) |
| 10/16/2007 | 60 | MOTION to Dismiss *Defendant Scott N. Schools' Motion to Dismiss* filed by Scott N. Schools. Motion Hearing set for 12/7/2007 09:00 AM. (Scharf, James) (Filed on 10/16/2007) (Entered: 10/16/2007) |
| 10/17/2007 | 61 | MOTION to Strike "Improper Pleadings" filed by Third-Parties as |

| | | |
|---|---|---|
| | | Docket Nos. 21, 23, 26, 27, 55, 56, 57 and 58 filed by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 10/17/2007) (Entered: 10/18/2007) |
| 10/18/2007 | 62 | MOTION to Recuse District Court Judge Ronald M. Whyte filed by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 10/18/2007) (Entered: 10/18/2007) |
| 10/18/2007 | 63 | CLERK'S NOTICE Continuing Motion Hearing on Defendants City of Campbell, County of Santa Clara's Motion for Dismissal. Motion Hearing set for 12/7/2007 09:00 AM in Courtroom 6, 4th Floor, San Jose. (jg, COURT STAFF) (Filed on 10/18/2007) (Entered: 10/18/2007) |
| 10/23/2007 | 64 | Letter from Marcy Berkman to Judge Whyte. (Berkman, Marcy) (Filed on 10/23/2007) (Entered: 10/23/2007) |
| 10/23/2007 | 65 | NOTICE by County of Santa Clara Board of Supervisors *of Entry of Order filed 10/18/07* (Berkman, Marcy) (Filed on 10/23/2007) (Entered: 10/23/2007) |
| 11/21/2007 | 66 | Memorandum in Opposition *TO PLAINTIFFS' MOTION TO STRIKE "IMPROPER PLEADINGS" FILED BY THIRD-PARTIES* filed byDaniel Rich, City of Campbell Community Development Department, Susan Morgado-Gray, City of Campbell. (Schmal, Timothy) (Filed on 11/21/2007) (Entered: 11/21/2007) |
| 11/21/2007 | 67 | CERTIFICATE OF SERVICE by Daniel Rich, City of Campbell Community Development Department, Susan Morgado-Gray, City of Campbell *ON OPPOSITION OF DEFENDANTS TO PLAINTIFFS' MOTION TO STRIKE "IMPROPER PLEADINGS" FILED BY THIRD-PARTIES...* (Schmal, Timothy) (Filed on 11/21/2007) (Entered: 11/21/2007) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 12/02/2007 14:04:34 | | | |
| PACER Login: | in0140 | Client Code: | gabor |
| Description: | Docket Report | Search Criteria: | 5:07-cv-04266-RMW |
| Billable Pages: | 6 | Cost: | 0.48 |

property and business in violation of CIVIL RIGHTS.

## CERTIFICATION, F.R.E., RULE 801

59.      We, JOHN GABOR and KAY GABOR, plaintiffs in the above entitled action, do swear

under penalty of perjury under the laws of the United States, that the foregoing is of our

personal knowledge, being true and correct, pursuant to F.R.C.P. Rule 301, and admissible into evidence

against all defendants under the 1997 Amendment to Federal Rules of Evidence, Rule 801 et seq.

        Respectfully submitted,

DATED: December 3, 2007          _____
                                 JOHN GABOR, plaintiff
                                 590 Smokey Court
                                 Campbell, CA 95008

DATED: December 3, 2007          _____
                                 KAY GABOR, plaintiff
                                 590 Smokey Court
                                 Campbell, CA 95008


INSERT RULE 10(c): DOCKET 07-04226 & ANSWER DKT 11 PAGES 12/2/07