ORIG

John Gabor
Kay Gabor
590 Smokey Court
Campbell, CA. 95008-3717
 *No telephone calls or threats*
Plaintiffs

FILED

2008 MAR 14 P 1: 53

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA (S.J.)

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **JOHN GABOR and KAY GABOR,** | CASE NO. **5:07-cv-06091-PVT** |
| *Plaintiffs,* | ***FIRST AMENDED CIVIL RIGHTS*** ***COMPLAINT [6 CLAIMS];*** ***DEMAND FOR JURY TRIAL*** ***AND DUE PROCESS PURSUANT*** ***TO ORDER OF APRIL 30, 2007*** |
| v. | |
| **UNITED STATES OF AMERICA** in its official capacity; U,S, ATTORNEY GENERAL **MICHAEL MUCASEY** in his official capacity; **ADMINISTRATIVE OFFICE OF THE UNITED STATES DISTRICT COURTS** in its official capacity; **JAMES A. SCHARF** in his official and individual capacity; **MARCY BERKMAN** in her official and individual capacity; **BURTON, VOLKMANN & SCHMAL, LLP** in its corporate capacity; **TIMOTHY JAMES SCHMAL** in his corporate and individual capacity; **BURLEIGH E. SABIN** in his corporate and individual capacity; **BRADLEY ALAN SOLOMON** *in his* official and individual capacity; **D. MIYASHIRO** in her official and individual capacity; **JACKIE GARCIA** in her official and individual capacity; and **DOES 1-100.** | **OBJECTION TO MAGISTRATE** **Rule 73** |
| Defendants. | |

1.     NOW COMES John Gabor and Kay Gabor, plaintiffs, and do file this their FIRST AMENDED

CIVIL RIGHTS COMPLAINT, DEMAND FOR JURY TRIAL AND DUE PROCESS PURSUANT

TO ORDER OF APRIL 30, 2007 1.

2.     Plaintiff John Gabor, age 77, is a citizen of the United States domiciled at 590 Smokey

Court, City of Campbell, State of California and has **"standing"** to petition the government for

redress of grievances pursuant to the First Amendment to the Constitution of the United States to

obtain the **"constitutional guarantees"** articulated under the Constitution and Acts of Congress

pursuant to the *Due Process Clause embodied within the Article III, the First, the Fifth, the Seventh and the*

Fourteenth Amendment of the Constitution of the United States of America.

3.      Plaintiff Kay Gabor, age 68, is a citizen of the United States domiciled at 590 Smokey

Court, City of Campbell, State of California and has **"standing"** to petition the government for

redress of grievances pursuant to the First Amendment to the Constitution for the United States to

obtain the **"constitutional guarantees"** articulated under the Constitution and Acts of Congress

*pursuant to the Due Process Clause embodied within the Article III, the First, the Fifth, the*

Seventh and the Fourteenth Amendment of the Constitution of the United States of America.

## JURISDICTION

4.      The United States District Court for the Northern District of California has **"original**

**jurisdiction"** pursuant to § 1343 of Title 28, United States Code; § 1964(c) of Title 18, United

States Code and Article III, the First, Fifth, Seventh and Fourteenth Amendment to the

Constitution for the United States pursuant to the 2007 Amendment to the Federal Rules of Civil

Procedure and the ORDER OF APRIL 30, 2007 published in the **Revised 2007 Edition Federal**

**Civil *Judicial* Procedures and Rules** at pages  40-41.

---

1.      ***ORDER OF APRIL 30, 2007***
   1.      That the Federal Rules of Civil Procedure be, and they hereby are, amended by including therein the amendments to Civil Rule 1 through 86 and new Rule 5.2.
   2.      That Forms 1 through 35 in the Appendix to the Federal Rules of Civil Procedure be, and they hereby are, amended to become restyled Forms 1 through 82.
      *[See amendments made thereby under respective rules and forms, post.]*
   3.      That the foregoing amendments to the Federal Rules of Civil Procedure **shall** take affect December 1, 2007, and **shall** govern in all proceedings thereafter commenced and, insofar as just and practicable, all proceedings then pending.
   4.      That THE CHIEF JUSTICE be, and hereby is, authorized to transmit to Congress the foregoing *amendments to the Federal Rules of Civil Procedure in accordance with the provisions of Section 2072 of Title 28, United States Code.*

**GABOR v. USA FIRST AMENDED CIVIL RIGHTS COMPLAINT; DEMAND FOR JURY TRIAL**          **page 2**

## DEMAND FOR "RIGHT TO A JURY TRIAL" PURSUANT TO RULE 38

5.    Plaintiffs hereby demand "Rule 38. Right to a Jury Trial" pursuant to amended Rule 38,

which provides, at page 241,in pertinent part:

> **Rule 38. Right to a Jury Trial; Demand**
> **(a) Right Preserved.** The right of trial by jury as declared by the Seventh Amendment
> to the Constitution – or as provided by federal statute – is preserved to the parties inviolate
> **(b) Demand.** On any issue triable of right by a jury, a party may demand a jury trial
> by:
>> (1) serving the other parties with a written demand – which may be included on a
>> pleading – no later than 10 days after the last pleading directed to the issue is served;
>> and
>> (2) *serving the other parties with a written demand – which may be included on a*
>> *pleading* – no later than 10 days after the last pleading directed to the issue is served;
>> and(3) filing the demand in accordance with Rule 5(d).
> **(c) Specifying Issues.** In its demand, a party may specify the issues that it wishes to have
> tried by a jury; otherwise, it is considered to have demanded a jury trial on all the issues triable.
> If the party has demanded a jury trial on only some issues, any other party may – within
> 10 days after being served with the demand or within a shorter time ordered by court –serve a
> demand for a jury trial on any other or all factual issues triable by jury.

## DEFENDANTS

6.    Defendant United States of America is hereby sued in its official capacity and served with

summons and complaint by Certified Mail at Department of Justice, 10th Street and Constitution

Avenue, NW, Room 5643, Washington, D.C. 20530.

7.    *Defendant United States Attorney General Michael Mucasey is hereby sued in his official*

capacity by Certified Mail at 10th Street and Constitution Avenue, NW, Room 5643, Washington, D.C.

20530.

8.    Defendant Administrative Office of the United States District Courts is hereby sued in its

official capacity through its director James Duff by Certified Mail at 1 Columbia Circle, N.E.,

Washington, D.C.20544.

9.    Defendant James A. Scharf is hereby sued in his official and individual capacities and served

with summons and complaint by Certified Mail at Office of the United States Attorney, 150 Almaden

Blvd., Suite 900, San Jose, CA. 95113.

10.    Defendant Marcy Berkman is hereby sued in her official and individual capacities and served with summons and complaint by Certified Mail at 70 West Hedding Street, 9th Floor, East Wing, San Jose, CA. 95110.

11.    Defendant Burton, Volkmann & Schmal, LLP is hereby sued in its corporate capacity and served with summons and complaint by Certified Mail at 133 Mission Street, Suite 102, Santa Cruz, CA. 95060.

12.    Defendant Timothy James Schmal is hereby sued in his corporate and individual capacities and served with summons and complaint by Certifies Mail at 133 Mission Street, Suite 102, Santa Cruz, CA. 95060.

13.    Defendant Burleigh E. Sabin is hereby sued in his corporate and individual capacities and served with summons and complaint by Certifies Mail at at 133 Mission Street, Suite 102, Santa Cruz, CA. 95060.

14.    Defendant Bradley Alan Solomon is hereby sued in his official and individual capacity and served with summons and complaint by Certified Mail at Office of the Attorney General, 455 Golden Gate Avenue, Suite 1100, San Francisco, CA. 94102.

15.    Defendant "clerk D. Miyashiro (dhm), COURT STAFF" is hereby sued in her official and individual capacity and served with summons and complaint by Certified Mail at United States District Court Clerks Office,  280 S. First Street, San Jose, CA. 95113

16.    Defendant "clerk Jackie Garcia (jg), COURT STAFF" is hereby sued in her official and individual capacity and served with summons and complaint by Certified Mail at United States District Court Clerks Office,  280 S. First Street, San Jose, CA. 95113

13.    Defendant Burleigh E. Sabin is hereby sued in his corporate and individual capacities and served with summons and complaint by Certifies Mail at at 133 Mission Street, Suite 102, Santa Cruz, CA.

GABOR v. USA FIRST AMENDED CIVIL RIGHTS COMPLAINT; DEMAND FOR JURY TRIAL        page 5

95060.

14.    Defendant Bradley Alan Solomon is hereby sued in his official and individual capacity and

served with summons and complaint by Certified Mail at Office of the Attorney General, 455 Golden

Gate Avenue, Suite 1100, San Francisco, CA. 94102.

15.    Defendant "clerk D. Miyashiro (dhm), COURT STAFF" is hereby sued in her official and

individual capacity and served with summons and complaint by Certified Mail at United States District

Court Clerks Office,  280 S. First Street, San Jose, CA. 95113

16.    Defendant "clerk Jackie Garcia (jg), COURT STAFF" is hereby sued in her official and

individual capacity and served with summons and complaint by Certified Mail at United States District

Court Clerks Office,  280 S. First Street, San Jose, CA. 95113

## FACTUAL ALLEGATIONS IN SUPPORT OF CLAIMS, PURSUANT TO RULE 301 2

17.    On August 20, 2007, the Gabors filed a "civil rights action" in the United States District Court

for the Northern District of California and paid the $350.00 filing fee to commence the action pursuant

to Rule 3.  The Clerk created a civil docket under number 5:07-cv-04266 RMW pursuant to Rule 79.

See **EXHIBIT NO. 1 CIVIL DOCKET of March 10, 2008 [pages 1-12]**

18.    Gabors were aware that the district court was "corrupt" and that Ronald Whyte, James Ware and

Jeremy Fogel would "take bribes" from defendants and deny them a JURY TRIAL as part of their

scheme to defraud citizens of the United States of rights secured by the Constitution and the Due

Process Clause regardless of any Act of Congress.  The clerks, or COURT STAFF, are instructed to say

that the LOCAL RULES supercede the Federal Rules of Civil Procedure and each judge "makes his

own rules".  Mention of former Supreme Court Justice Rehnquist, or present Chief Justice John Roberts,

are met with "grins" and the statement that they are not in this court and their ORDERS are not binding

on these judges, or this court, since it is "independent".  The Ninth Circuit sanctioned the court for

making its own rules and overruling the Supreme Court, all Circuit courts, including the Ninth, in

*Galbraith v. County of Santa Clara,* 307 F. 3d 1119 (9th Cir. 2003), and were laughed at because they

cannot require the San Jose division to do any thing since they also OWN the clerks of the Ninth Circuit

which will "memodispo" any Appeal filed. *The Ninth Circuit judges do not read any appeals filed by*

*pro se* plaintiffs and they leave all Article III "duties and obligations" to the clerks under 28 U.S.C.

§ 1291.

19.    Gabors have been assured by Senator Leahy's staff that corruption in the courts will not be

tolerated under his chairmanship of the Judiciary Committee, therefore, Rule 301 2 imposes upon

---

2.    ARTICLE III. PRESUMPTION IN CIVIL ACTIONS AND PROCEEDINGS
**Rule 301. Presumptions in General in Civil Actions and Proceedings**
      In all civil actions and proceedings not otherwise provided for by Act of Congress or by these rules, a presumption
imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption,
but does  not shift to such party the burden of proof in the sense of the risk of nonpersuasion, which remains throughout the
trial upon the party on whom it was originally cast.
(Pub. L. 93-595, § 1, Jan. 2, 1973, 88 Stat. 1931.)

**3. Rule 79. Records Kept by the Clerk**
      **(a) Civil Docket,**
      *(1) In General. The clerk must keep a record known as the" civil docket" in the form and manner proscribed by the*
**Director of the Administrative Office of the United States Courts with approval of the Judicial Conference of the United**
**States.** *The clerk must enter each civil action in the docket.  Actions must be assigned consecutive file numbers, which must*
*be noted in the docket where the first entry of the action is made.*
      *(2) Items to be Entered.  The following items must be marked with file number and entered **chronologically** in the*
*docket.*
            *(A) papers filed with the clerk;*
            *(B) process issued, and proofs of service or other returns showing executions;*
            *(C) **appearances, orders,** verdicts, and judgments.*
      *(3) Contents of Entries; Jury Trial Demanded. Each entry must briefly show the nature of the pages filed or writ*
*issued, the substance of each proof of service or other return, and the substance and date of entry of each order and*
*judgment. When a jury trial has been properly demanded or ordered, the clerk must enter the word "jury" in the docket.*
      *(b) Civil Judgments and Orders. The clerk must keep a copy of every final judgment and appealable order, of every*
*order affecting title to or a lien on real or personal property; and of any other order that the court directs to be kept.  The*
*clerk must keep these in the form and manner prescribed by the **Director of the Administrative Office of the District Courts***
*with approval of the Judicial Conference of the United States.*
      *(c) Indexes, Calendars. Under the court's direction, the clerk must:*
      *(1) keep indexes of the docket and of the judgments and orders described in Rule 79(b); and*
      *(2) prepare calendars of all actions ready for trial, distinguishing jury trials from nonjury trials.*
      *(d) Other Records. The clerk must keep any other records required by the **Director of the Administrative Office of***
**the United States Courts with the approval of the Federal Judicial Conference of the United States.**

---

defendant United States the burden of rebutting the claims and providing evidence, admissible, that

Gabors were given JURY TRIAL of all claims in all civil actions previously filed and paid for, or this

civil action now pending pursuant to the "alleged delusion of the Gabors" that led citizens to believe the

Chief Justice John Roberts' **ORDER OF APRIL 30, 2007**, would be upheld as Public Law and binding

upon the corrupt courts in California.

20.     The Federal Rules of Civil Procedure, Rule 79 3, impose "duties and obligations" upon clerks

pursuant to Rule 79 falsely representing that citizens will receive "Due Process and the Process that is

due" and the court will conduct the proceedings as required by law, when defendant Administrative

Office of the United States District Courts, Director James Duff. Will never AUDIT THE DOCKETS or

train and supervise the COURT STAFF taking "bribes" to falsify the federal record in violation of 18

U.S.C. § 1506 to aid and abet the conspiracy between district court judges and clerks in the nine western

states to defraud citizens of their intangible right to honest services pursuant to 18 U.S.C. §§ 1341, as

defined 1346 ("fraud and swindles").

21.     The COURT STAFF created a "civil docket", see EXHIBIT 1, page 3, docket #1-2 state:

> "CIVIL RIGHTS COMPLAINT FRCP Rule 65 Temporary Restraining Order, Order to Show
> Cause; Temporary Injunction, (Summons Issued); jury demand against all defendants (Filing fee
> $350,, receipt number 54611001543) Filed by John Gabor, Kay Gabor (bw, COURT STAFF)
> (Filed on 8/20/2007)(Entered 08/21/2007).

> Received Temporary Restraining Order and Order to Show cause re Preliminary Injunction by
> John Gabor, Kay Gabor. (bw, COURT STAFF) (Filed on 8.20.2007) (Entered: 08/20/2007)"

22.     On August 21, 2007, defendant clerk "bw" entered the statutory information on page 1 of the

docket, committing errors which demonstrate that the case was going to be dismissed with prejudice

regardless of the plaintiffs payment of fees since the "custom and policy" of the district court was to take

bribes from the defendants and dismiss all civil actions filed. Plaintiff Kay Gabor's zip code is wrong

and United States is listed as "plaintiff" rather than defendant, and the case was assigned to an Article III

district court judge but referred to a magistrate without consent required by 28 U.S.C. § 636(c) or

GABOR v. USA FIRST AMENDED CIVIL RIGHTS COMPLAINT; DEMAND FOR JURY TRIAL          **page 27**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

JOHN GABOR and KAY GABOR,

              Plaintiffs,

v.

COUNTY OF SANTA CLARA BOARD OF
SUPERVISORS, et al.
              Defendants.

CASE NO. **C-07-04266 RMW
AMENDED
TEMPORARY RESTRAINING ORDER
AND ORDER TO SHOW CAUSE
RE PRELIMINARY INJUNCTION**

**PROOF OF SERVICE, RULE 5(a)**

TO DEFENDANTS **COUNTY OF SANTA CLARA BOARD OF**

**SUPERVISORS; KEN YEAGER**, Supervisor; **ANN RAVEL**, county counsel; **DELORES**

**CARR**, district attorney; **LAURIE SMITH**, sheriff; **CITY OF CAMPBELL**

**CITY MANAGER DANIEL RICH**; CITY OF CAMPBELL **COMMUNITY**

**DEVELOPMENT DEPARTMENT; SUSAN MORGADO-GRAY**, code enforcement officer;

**EDMUND G. BROWN, JR**, California Attorney General; U.S. ATTORNEY FOR THE

NORTHERN DISTRICT OF CALIFORNIA **SCOTT N. SCHOOLS:**

      **YOU (AND EACH OF YOU) ARE HEREBY ORDERED TO SHOW CAUSE at**

_____on _____, 2007, or as soon thereafter as counsel may be heard in the

*courtroom of the Honorable district court judge* _____,

located at 280 S. First Street, San Jose, CA. 95113, why you, your officers, agents, servants,

employees and attorneys and those in active concert or participation with you or them, should not

*be restrained and enjoined pending trial of this action from: violating plaintiff's* FOURTH

AMENDMENT right, trespassing upon the Plaintiff's property located at 590 Smokey Court,

Campbell, CA. 95008, and from threatening and intimidating, or interfering with John and Kay

Gabor's *lawful use of their real and personal property within the State of California and violating*

California Civil Code § 52.1...

      **PENDING HEARING** on the above Order to Show Cause, you, your officers, agents,

*servants, employees, and attorneys and all those in active concert or participation with you or*

them ARE HEREBY RESTRAINED AND ENJOINED from: violating Plaintiff's FOURTH

AMENDMENT , trespassing upon the Plaintiff's property located at 590 Smokey Court,

Campbell, CA. 95008, and from *threatening and intimidating, or interfering with* John and Kay

Gabor's lawful use of their real and personal property within the State of California and violating

**GABOR v. USA FIRST AMENDED CIVIL RIGHTS COMPLAINT; DEMAND FOR JURY TRIAL**      **page 9**

California Civil Code § 52.1..

     The above Temporary Restraining Order is effective on Plaintiff's filing of their Civil

Rights Complaint under FRCP Rule 3.   This Order to Show Cause and supporting papers must

be served on Defendants no later that _____ days before the date set for hearing, proof

of service shall be filed no later than _____ court days before hearing.  Any response

or opposition to this Order to Show Cause must be filed and personally served on Plaintiff no

later than _____court days before the date set for hearing, and Proof of service

shall be filed no later than _____court days before the hearing.

DATED:_____

          /s._____
          UNITED STATES DISTRICT COURT JUDGE

07-04266 GABOR v. SANTA CLARA CO. et al  AMENDED TRO, OSC         page 2

## CERTIFICATE OF SERVICE
I hereby certify that the Plaintiff's **PROOF OF SERVICE TRO-OSC** was served upon

all parties listed below pursuant to F.R.C.P. Rule 5(a) on this ____ day of August , 2007.

       _____
       John Gabor, NOTARY NOT REQUIRED
       **DEFENDANTS**

COUNTY OF SANTA CLARA BOARD OF SUPERVISORS
County Government Center, Tenth Floor, East Wing,
70 West Hedding Street
San Jose, CA. 95110.

KEN YEAGER
County Government Center, Tenth Floor, East Wing,
70 West Hedding Street
San Jose, CA. 95110.

ANN RAVEL
County Government Center, 9th Floor, East Wing
70 West Hedding Street
San Jose, CA. 95110.

DELORES CARR
County Government Center
70 West Hedding Street
San Jose, CA. 95110.

LAURIE SMITH
55 W. Younger Avenue
San Jose, CA. 95110.

CITY OF CAMPBELL
City Hall, Upper Level
70 North First Street
Campbell, CA. 95008.

DANIEL RICH
City Manager's Office, City Hall, Upper Level
70 North First Street
Campbell, CA. 95008.

COMMUNITY DEVELOPMENT DEPARTMENT
70 North First Street
Campbell, CA. 95008-1436.

SUSAN MORGADO-GRAY
70 North First Street
Campbell, CA. 95008-1436.

EDMUND G. BROWN, JR, California Attorney General
Office of the Attorney General
455 Golden Gate, Suite 1100
San Francisco, CA. 94102-7004.

U.S. Attorney SCOTT N. SCHOOLS
United States Attorney's Office
150 Almaden Blvd., Suite 900
San Jose, CA. 95113.

07-04266 GABOR v. SANTA CLARA CO. et al  AMENDED TRO, OSC                    page 3

25.    Defendant United States and COURT STAFF lack the "training" to understand that John Gabor,

age 77, and Kay Gabor, age 68, would have a FOURTH AMENDMENT right to be secure in their own

home from warrantless searches and trespass, these "clearly established rights" are too complex for

those sworn to protect citizens of the United States and restrain "domestic terrorism" within the United

States since President "or King" Bush has stated that "the people in Iraq have a right to be secure in their

homes and neighborhoods," when the American people are subjected to home invasion by their public

servants receiving federal funds and liable under § 666, of Title 18, United States Code.

26.    Defendant COURT STAFF entered into a conspiracy to aid and abet offenses against the citizens

of the United States residing within California, and did "take bribes" in furtherance of the target goal of

local corrupt state officials to aid and abet them to evade prosecution under the Anticorruption Act of

1988, by depriving Gabors of access to First Amendment right to petition the government for redress of

their grievances in the United States District Court and Due Process of law, as secured by § 1343, of

Title 28, United States Code.

27.    Defendant United States, and COURT STAFF, knew, at all times relevant to their federal

employment in the State of California, that cities, counties, and state public servants are denied

immunity, of any kind, for threatening, and intimidation, or the actual violation of a citizen's Fourth

Amendment right under **California Civil Code § 52.1**, which provides:

§ 52.1. (a) If a person or persons, whether or not acting under color of law, interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state, the Attorney General, or any district attorney or city attorney may bring a civil action for injunctive and other appropriate equitable relief in the name of the people of the State of California, in order to protect the peaceable exercise or enjoyment of the right or rights secured. An action brought by the Attorney General, any district attorney, or any city attorney may also seek a civil penalty of twenty-five thousand dollars ($25,000). If this civil penalty is requested, it shall be assessed individually against each person who is determined to have violated this section and the penalty shall be awarded to each individual whose rights under this section are determined to have been violated.

(b) Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with, as described in subdivision (a), may institute and prosecute in his or her own name and on his or her own behalf a civil action for damages, including, but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the right or rights secured

(c) An action brought pursuant to subdivision (a) or (b) may be filed either in the superior court for the county in which the conduct complained of occurred or in the superior court for the county in which a person whose conduct complained of resides or has his or her place of business. An action brought by the Attorney General pursuant to subdivision (a) also may be filed in the superior court for any county wherein the Attorney General has an office, and in that case, the jurisdiction of the court shall extend throughout the state

(d) If a court issues a temporary restraining order or a preliminary or permanent injunction in an action brought pursuant to subdivision (a) or (b), ordering a defendant to refrain from conduct or activities, the order issued shall include the following statement: VIOLATION OF THIS ORDER IS A CRIME PUNISHABLE UNDER SECTION 422.77 OF THE PENAL CODE.

(e) The court shall order the plaintiff or the attorney for the plaintiff to deliver, or the clerk of the court to mail, two copies of any order, extension, modification, or termination thereof granted pursuant to this section, by the close of the business day on which the order, extension, modification, or termination was granted, to each local law enforcement agency having jurisdiction over the residence of the plaintiff and any other locations where the court determines that acts of violence against the plaintiff are likely to occur. Those local law enforcement agencies shall be designated by the plaintiff or the attorney for the plaintiff. Each appropriate law enforcement agency receiving any order, extension, or modification of any order issued pursuant to this section shall serve forthwith one copy thereof upon the defendant. Each appropriate law enforcement agency shall provide to any law enforcement officer responding to the scene of reported violence, information as to the existence of, terms, and current status of, any order issued pursuant to this section

(f) A court shall not have jurisdiction to issue an order or injunction under this section, if that order or injunction would be prohibited under Section 527.3 of the Code of Civil Procedure.

(g) An action brought pursuant to this section is independent of any other action, remedy, or procedure that may be available to an aggrieved individual under any other provision of law, including, but not limited to, an action, remedy, or procedure brought pursuant to Section 51.7.

(h) In addition to any damages, injunction, or other equitable relief awarded in an action brought pursuant to subdivision (b), the court may award the petitioner or plaintiff reasonable attorney's fees.

(i) A violation of an order described in subdivision (d) may be punished either by prosecution under Section 422.77 of the Penal Code, or by a proceeding for contempt brought pursuant to Title 5 (commencing with Section 1209) of Part 3 of the Code of Civil Procedure. However, in any proceeding pursuant to the Code of Civil Procedure, if it is determined that the person proceeded against is guilty of the contempt charged, in addition to any other relief, a fine may be imposed not exceeding one thousand dollars ($1,000), or the person may be ordered imprisoned in a county jail not exceeding six months, or the court may order both the imprisonment and fine.

(j) Speech alone is not sufficient to support an action brought pursuant to subdivision (a) or (b), except upon a showing that the speech itself threatens violence against a specific person or group of persons; and the person or group of persons against whom the threat is directed reasonably fears that, because of the speech, violence will be committed against them or their property and that the person threatening violence had the apparent ability to carry out the threat.

(k) No order issued in any proceeding brought pursuant to subdivision (a) or (b) shall restrict the content of any person's speech. An order restricting the time, place, or manner of any person's speech shall do so only to the extent reasonably necessary to protect the peaceable exercise or enjoyment of constitutional or statutory rights, consistent with the constitutional rights of the person sought to be enjoined.

28.    Defendant "rw" violated Rule 16, as amended, by entering a ADR *SCHEDULING ORDER*

knowing that JURY DEMAND WAS FILED and that defendants would not file ANSWERS to

*summons and complaint and the civil complaint would be dismiss for failure to state a claim to deprive*

the Gabors of due process in return for "bribes", Rule 16 requires the district court judge perform "case

management", and prohibits clerks from performing Article III duties and obligations, see **Sanders v.**

**Union Pacific Railroad,** 193 F. 3d 1080 (9th Cir. 1999). The Ninth Circuit recognized that CLERKS

were performing judicial acts and that the district court judges participated in the conspiracy to deprive

citizens of their due process rights and aid and abet wealthy wrongdoers to continue "judicial

corruption."

29.    Defendants, acting in conspiracy, knew that the defendant Administrative Office of the United

States District Courts would never AUDIT the dockets and that they could falsify as many entries in the

**GABOR v. USA FIRST AMENDED CIVIL RIGHTS COMPLAINT; DEMAND FOR JURY TRIAL        page 13**

federal record and rely upon the "bribed clerks" in the Ninth Circuit to "cover-up" all violations of 18

U.S.C. § 1506, and all appeals would be an act of futility until an honest Attorney General was

confirmed to enforce laws as written to end corruption in the courts. Section 1806 provides:

> United States Code
> TITLE 18 - CRIMES AND CRIMINAL PROCEDURE
> PART I - CRIMES
>   CHAPTER 73 - OBSTRUCTION OF JUSTICE
>
> U.S. Code as of: 01/06/03
> **Section 1506. Theft or alteration of record or process; false bail**
>     Whoever feloniously steals, takes away, alters, falsifies, or otherwise avoids any record,
> writ, process, or other proceeding, in any court of the United States, whereby any judgment is
> reversed, made void, or does not take effect; or Whoever acknowledges, or procures to be
> acknowledged in any such court, any recognizance, bail, or judgment, in the name of any
> other person not privy or consenting to the same --
>     Shall be fined under this title or imprisoned not more than five years, or both.

30.    On September 5th, 2007, the Gabors filed a "judicial notice" knowing the it would not be read or

ruled upon since the "fix was in" and bribes had guaranteed dismissal upon demand.

>     09/05/20072 5      JUDICIAL NOTICE RULE 201; CHANGE OF LAW by John Gabor, Kay
>                        Gabor (dhm, COURT STAFF) (Filed on 9/5/2007) (Entered:
>                        09/13/2007)

31.    On September 6th. 2007, defendant Bradley Solomon filed docket entry 15, NO APPEARANCE

FORM, or compliance with Rule 5(a), after calling the Gabors home to threaten that they would be

arrested and lose their home if they did not sign the "stipulation" to dismiss their claims against

Attorney General Brown, Jr., knowing that California Civil Code § 52.1 require defendant Brown to

prosecute the wrongdoers for "conduct alleged in complaint".

32.    *Defendant clerks hand delivered defendant Solomon's stipulation to the district court judge*

which was signed, without reading by Whyte at the request of defendant Jeanie Garcia.  District court

judges "blindly sign documents" under orders of the Clerks [residing as judges in furtherance of

maintaining the corrupt judiciary status quo of kickbacks to local attorneys bribing the clerks to accept

pleadings in violation of Rule 7(a) with no proof of service documents as required by Rule 5(a).

09/06/2007 15    STIPULATION Re: Dismissal of Edmund G. Brown, Jr.,
California Attorney General by Edmund Brown, Jr. (Attachments: # 1
Proposed Order # 2 Declaration of Service)(Solomon, Bradley) (Filed on
9/6/2007) (Entered:    09/06/2007)

33.    On September 13, 2007, defendant Marcy Berkman filed an ex parte motion on behalf of original

defendants in default after bribing "rmwle1 and rmwle2", the law clerks for the district court judge to set

a preanswer motion to dismiss hearing ex parte on October 26, 2007 in violation of the 1966

Amendment to Rule 12 and Rule 7(a), *NO APPEARANCE FORM* was filed, and *no disclosure that she*

*was, in fact, an attorney for Gabors pursuant to California Civil Code § 52.1 and could not embezzle*

*public funds and represent county employees while employed to represent CITIZENS of the county in*

*practice against the Gabors paying her salary on violation § 666, of Title 18 U.S.C., see **Sabri v. United***

***States,** 124 S. Ct. 1941 (2004). Defendants were served summons and complaint and RETURN OF

SUMMONS was entered into the record ordering each defendants to file an ANSWER by a specific

date, see **EXHIBIT NO. 1**

08/28/2007    9    SUMMONS Returned Executed by John Gabor, Kay Gabor. **Susan Morgado-Gray** served on 8/21/2007, **answer due 9/10/2007**. (srm, COURT STAFF) (Filed on 8/28/2007) (Entered: 08/29/2007)

08/28/2007    10    SUMMONS Returned Executed by John Gabor, Kay Gabor. **Laurie Smith** served on 8/21/2007, **answer due 9/10/2007**. (srm, COURT STAFF) (Filed on 8/28/2007) (Entered: 08/29/2007)

08/28/2007    11    SUMMONS Returned Executed by John Gabor, Kay Gabor. **City of Campbell Community Development Department** served on 8/21/2007, **answer due 9/10/2007**. (srm, COURT STAFF) (Filed on 8/28/2007) (Entered: 08/29/2007)

08/28/2007    12    SUMMONS Returned Executed by John Gabor, Kay Gabor. **Scott N. Schools** served on 8/21/2007, answer due 9/10/2007. (srm, COURT STAFF) Filed on 8/28/2007) (Entered: 08/29/2007)

08/28/2007    13    SUMMONS Returned Executed by John Gabor, Kay Gabor. **City of Campbell** served on 8/21/2007, **answer due 9/10/2007**. (srm, COURT STAFF) (Filed on 8/28/2007) (Entered: 08/29/2007)

| 08/28/2007 | 14 | SUMMONS Returned Executed by John Gabor, Kay Gabor. **Daniel Rich** served on 8/21/2007**, answer due 9/10/2007**. (srm, COURT STAFF) (Filed on 8/28/2007) (Entered: 08/29/2007) |
|---|---|---|
| 09/05/2007 | 16 | SUMMONS Returned Executed by John Gabor, Kay Gabor. **County of Santa Clara Board of Supervisors** served on 8/23/2007, **answer due 9/12/2007.** (dhm, COURT STAFF) (Filed on 9/5/2007) (Entered: 09/10/2007) |
| 09/05/2007 | 17 | SUMMONS Returned Executed by John Gabor, Kay Gabor. **Delores Carr** served on 8/22/2007, **answer due 9/11/2007**. (dhm, COURT STAFF) (Filed on 9/5/2007) (Entered: 09/10/2007) |
| 09/05/2007 | 18 | SUMMONS Returned Executed by John Gabor, Kay Gabor. **Ann Ravel** served on 8/22/2007, answer due 9/11/2007. (dhm, COURT STAFF) (Filed on 9/5/2007) (Entered: 09/10/2007) |
| 09/05/2007 | 19 | SUMMONS Returned Executed by John Gabor, Kay Gabor. **Ken Yeager** served on 8/23/2007, answer due 9/12/2007. (dhm, COURT STAFF)(Filed on 9/5/2007) (Entered: 09/10/2007) |
| 09/05/2007 | 20 | SUMMONS Returned Executed by John Gabor, Kay Gabor. **Edmund Brown, Jr** served on 8/22/2007, **answer due 9/11/2007**. (dhm, COURT STAFF)(Filed on 9/5/2007) (Entered: 09/10/2007) |

34.     Defendant clerks, acting as COURT STAFF, entered into a conspiracy, knowingly took bribes to

falsify the federal record to relieve defendants "summoned" from default after the Gabors filed the

appropriate documents on September 13, 2007, under Rule 55 against each defendant that failed to file

ORIGINAL ANSWER pursuant to Rules 7(a), 8(b) and Rule 12(a)(1)(A) in violation of §§ 3 and 1506,

of Title 18 U.S.C., to relieve them of default judgment, knowing that the clerks had taken bribes and that

their was a "meeting of the mind" that defendants would not file answers to summons and complaint and

would be granted motion to dismiss in return for the bribes. COURT STAFF knew that the law required

them to enter clerk's default, see ***Davis v. Hutchins,*** 321 F. 3d 641 (7th Cir. 2003) Rule 12, as amended,

provided:

### III. PLEADINGS AND MOTIONS > Rule 12.

**Rule 12. Defenses and Objections: When and How Presented; Motion for Judgment on the Pleadings; Consolidating Motions; Waiving Defenses; Pretrial Hearing**
**(a) Time to Serve a Responsive Pleading.**
        (1) In General.

GABOR v. USA FIRST AMENDED CIVIL RIGHTS COMPLAINT; DEMAND FOR JURY TRIAL          page 16

Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows:

<u>**(A) A defendant must serve an answer**</u>

(i) <u>**within 20 days after being served with the summons and complaint;**</u> or

(ii) if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent, or within 90 days after it was sent to the defendant outside any judicial district of the United States.

(B) A party must serve an answer to a counterclaim or crossclaim within 20 days after being served with the pleading that states the counterclaim or crossclaim.

C) A party must serve a reply to an answer within 20 days after being served with an order to reply, unless the order specifies a different time.

**(2) United States and Its Agencies, Officers, or Employees Sued in an Official Capacity. The United States, a United States agency, or a United States officer or employee sued only in an official capacity must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the United States attorney.**

**(3) United States Officers or Employees Sued in an Individual Capacity. A United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the officer or employee or service on the United States attorney, whichever is later.**

(4) Effect of a Motion.

Unless the court sets a different time, serving a motion under this rule alters these periods as follows:

(A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 10 days after notice of the court's action; or

(B) if the court grants a motion for a more definite statement, the responsive pleading must be served within 10 days after the more definite statement is served.

**(b) How to Present Defenses.** Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

(1) lack of subject-matter jurisdiction;

(2) lack of personal jurisdiction;

(3) improper venue;

(4) insufficient process;

(5) insufficient service of process;

(6) failure to state a claim upon which relief can be granted; and

(7) failure to join a party under Rule 19.

A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

**(c) Motion for Judgment on the Pleadings.** After the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings.

**(d) Result of Presenting Matters Outside the Pleadings.** If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under **Rule 56**. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

**(e) Motion For a More Definite Statement.** A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. *If the court orders a more definite statement and the order is not obeyed within 10 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.*

**(f) Motion To Strike.** The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

(1) on its own; or

(2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading.

**(g) Joining Motions.**

(1) Right to Join.

A motion under this rule may be joined with any other motion allowed by this rule.

(2) Limitation on Further Motions.

Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

**(h) Waiving and Preserving Certain Defenses.**

(1) When Some Are Waived.

A party waives any defense listed in Rule 12(b)(2)-(5) by:

(A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or

(B) failing to either:

(i) *make it by motion under this rule;* or

(ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.

(2) When to Raise Others.

Failure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim may be raised:

(A) in any pleading allowed or ordered under Rule 7(a);

(B) by a motion under Rule 12(c); or

(C) at trial.

(3) Lack of Subject-Matter Jurisdiction.

If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.

**(i) Hearing Before Trial.** If a party so moves, any defense listed in Rule 12(b)(1)-(7) — whether made in a pleading or by motion — and a motion under Rule 12(c) must be heard and decided before trial unless the court orders a deferral until trial.

35.    On September 18, 2007, defendant Miyashiro filed docket numbers 46-54 Clerk's

DECLINATIONS OF DEFAULT knowing that no ANSWERS to summons and complaint had been

filed by any of the defendants that had bribed her to falsify the federal record to aid and abet them to

evade civil and criminal liability for conspiracy to deprive the Gabors of rights secured by the

Constitution and Acts of Congress. Defendant Miyashiro was required by Rule 55 to enter default

*judgments pursuant to "the clerk must", Rule 55 imposed "duties and obligations" upon defendant under*

Rule 55, which provides and EXHIBIT NO. 1::

## VII. JUDGMENT > Rule 55.

**Rule 55. Default; Default Judgment**
   **(a) Entering a Default.** When a party against whom a judgment for affirmative relief is
sought has failed to plead or otherwise defend, and that failure is shown by affidavit or
otherwise, the clerk must enter the party's default.
      **(b) Entering a Default Judgment.**
         **(1) By the Clerk.**
      **If the plaintiff's claim is for a sum certain or a sum that can be made certain by
      computation, the clerk — on the plaintiff's request, with an affidavit showing the
      amount due — must enter judgment for that amount and costs against a defendant
      who has been defaulted for not appearing and who is neither a minor nor an
      incompetent person.**
         (2) By the Court.
      In all other cases, the party must apply to the court for a default judgment. A default
      judgment may be entered against a minor or incompetent person only if represented by a
      general guardian, conservator, or other like fiduciary who has appeared. If the party
      *against whom a default judgment is sought has appeared personally or by* a
      representative, that party or its representative must be served with written notice of the
      application at least 3 days before the hearing. The court may conduct hearings or make
      referrals — preserving any federal statutory right to a jury trial — when, to enter or
      effectuate judgment, it needs to:
                     (A) conduct an accounting;
                     (B) determine the amount of damages;
                     (C) establish the truth of any allegation by evidence; or
                     (D) investigate any other matter.
      **(c) Setting Aside a Default or a Default Judgment.** The court may set aside an entry of
default for good cause, and it may set aside a default judgment under Rule 60(b).
      **(d) Judgment Against the United States.** A default judgment may be entered against
the United States, its officers, or its agencies only if the claimant establishes a claim or right to
relief by evidence that satisfies the court.

EXHIBIT NO. 1:

| | | |
|---|---|---|
| 09/13/2007 | 28 | APPLICATION for Entry of Default as to Community Development Department, in its municipal capacity filed by John Gabor, Kay Gabor (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | 29 | Declaration of John Gabor and Kay Gabor in Support of 28 APPLICATION for Entry of Default as to Community Development Department, in its municipal capacity filed by John Gabor, Kay Gabor. (Related document(s) 28 ) (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered 09/17/2007) |
| 09/13/2007 | - | Received Document re 28 APPLICATION for Entry of Default as to **Community Development Department**, in its municipal capacity by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | 30 | APPLICATION for Entry of Default as to **Ann Ravel**, in her individual capacity filed by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | 31 | Declaration of John Gabor and Kay Gabor in Support of 30 APPLICATION for Entry of Default as to **Ann Ravel**, in her individual capacity filed by John Gabor, Kay Gabor. (Related document(s) 30 ) (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | - | Received Document re 30 APPLICATION for Entry of Default as to **Ann Ravel**, in her individual capacity by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | 32 | APPLICATION for Entry of Default as to **Susan Morgado-Gray,** in her individual capacity filed by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | 33 | Declaration of John Gabor and Kay Gabor in Support of 32 APPLICATION for Entry of Default as to **Susan Morgado-Gray**, in her individual capacity filed by John Gabor, Kay Gabor. (Related document(s) 32 ) (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | - | Received Document re 32 APPLICATION for Entry of Default as to **Susan Morgado-Gray**, in her individual capacity by John Gabor, Kay Gabor (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | 34 | APPLICATION for Entry of Default as to **County of Santa Clara Board of Supervisors,** in their municipal capacity filed by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |

| | | |
|---|---|---|
| 09/13/2007 | 35 | Declaration of John Gabor and Kay Gabor in Support of 34 APPLICATION for Entry of Default as to **County of Santa Clara Board of Supervisors,** in their municipal capacity filed by John Gabor, Kay Gabor (Related document(s) 34 ) (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | - | Received Document re 34 APPLICATION for Entry of Default as to **County of Santa Clara Board of Supervisors**, in their municipal capacity by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered:09/17/2007) |
| 09/13/2007 | 36 | APPLICATION for Entry of Default as to **City of Campbell**, in its municipal capacity filed by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | 37 | Declaration of John Gabor and Kay Gabor in Support of 36 APPLICATION for Entry of Default as to **City of Campbell**, in its Municipal capacity filed by John Gabor, Kay Gabor. (Related document(s) 36 ) (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | - | Received Document re 36 APPLICATION for Entry of Default as to **City of Campbell**, in its municipal capacity by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | 38 | APPLICATION for Entry of Default as to **Daniel Rich**, in his individual capacity filed by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | 39 | Declaration of John Gabor and Kay Gabor in Support of 38 APPLICATION for Entry of Default as to **Daniel Rich**, in his individual capacity filed by John Gabor, Kay Gabor. (Related document(s) 38 ) (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | - | Received Document re 38 APPLICATION for Entry of Default as to **Daniel Rich**, in his individual capacity by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | 40 | APPLICATION for Entry of Default as to **Laurie Smith**, in her individual capacity filed by John Gabor, Kay Gabor. (dhm, COURT STAFF)(Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | 41 | Declaration of John Gabor and Kay Gabor in Support of 40 APPLICATION for Entry of Default as to **Laurie Smith,** in her individual capacity filed by John Gabor, Kay Gabor. (Related document(s) 40 ) (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |

| 09/13/2007 | - | Received Document re 40 APPLICATION for Entry of Default as to **Laurie Smith**, in her individual capacity by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
|---|---|---|
| 09/13/2007 | 42 | APPLICATION for Entry of Default as to **Delores Carr**, in her individual capacity filed by John Gabor, Kay Gabor. (dhm, COURT STAFF)(Filed on 9/13/2007) (Entered: 09/18/2007) |
| 09/13/2007 | 43 | Declaration of John Gabor and Kay Gabor in Support of 42 APPLICATION for Entry of Default as to **Delores Carr**, in her individual capacity filed by John Gabor, Kay Gabor. (Related document(s) 42 ) (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/18/2007) |
| 09/13/2007 | - | Received Document re 42 APPLICATION for Entry of Default as to **Delores Carr**, in her individual capacity by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/18/2007) |
| 09/13/2007 | 44 | APPLICATION for Entry of Default as to **Ken Yeager**, in his individual capacity filed by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/18/2007) |
| 09/13/2007 | 45 | Declaration of John Gabor and Kay Gabor in Support of 44 APPLICATION for Entry of Default as to **Ken Yeager**, in his individual capacity filed by John Gabor, Kay Gabor. (Related document(s) 44 ) (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/18/2007) |
| 09/13/2007 | - | Received Document re 44 APPLICATION for Entry of Default as to **Ken Yeager**, in his individual capacity by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/18/2007) |
| 09/18/2007 | 46 | **Clerk's DECLINATION OF DEFAULT as to Delores Carr**. (Related documents(s) 42 ) (dhm, COURT STAFF) (Filed on 9/18/2007) (Entered: 09/18/2007) |
| 09/18/2007 | 47 | **Clerk's DECLINATION OF DEFAULT as to City of Campbell**. (Related documents(s) 36 ) (dhm, COURT STAFF) (Filed on 9/18/2007) (Entered: 09/18/2007) |
| 09/18/2007 | 48 | **Clerk's DECLINATION OF DEFAULT as to Community Development Dept.** (Related documents(s) 28 ) (dhm, COURT STAFF) (Filed on 9/18/2007) (Entered: 09/18/2007) |
| 09/18/2007 | 49 | **Clerk's DECLINATION OF DEFAULT as to County of Santa Clara Board of Supervisors** (Related documents(s) 34 ) (dhm, COURT STAFF) (Filedon 9/18/2007) (Entered: 09/18/2007) |

**GABOR v. USA FIRST AMENDED CIVIL RIGHTS COMPLAINT; DEMAND FOR JURY TRIAL       page 22**

09/18/2007  50  **Clerk's DECLINATION OF DEFAULT as to Susan Morgado-Gray** (Related documents(s) 32 ) (dhm, COURT STAFF) (Filed on 9/18/2007) (Entered: 09/18/2007)

09/18/2007  51  **Clerk's DECLINATION OF DEFAULT as to Ann Ravel** (Related documents(s) 30 ) (dhm, COURT STAFF) (Filed on 9/18/2007) (Entered: 09/18/2007)

09/18/2007  52  **Clerk's DECLINATION OF DEFAULT as to Daniel Rich** (Related documents(s) 38 ) (dhm, COURT STAFF) (Filed on 9/18/2007) (Entered: 09/18/2007)

09/18/2007  53  **Clerk's DECLINATION OF DEFAULT as to Laurie Smith** (Related documents(s) 40 ) (dhm, COURT STAFF) (Filed on 9/18/2007) (Entered: 09/18/2007)

09/18/2007  54  **Clerk's DECLINATION OF DEFAULT as to Ken Yeager** (Related documents(s) 44 ) (dhm, COURT STAFF) (Filed on 9/18/2007) (Entered: 09/18/2007)

36.    On October 10, 2007, defendant Berkman filed prohibited pleading at docket nos. 55-56, which were accepted by COURT STAFF in violation of Rules 5(a), 7(a), 12(g)-(h) effective 1966, and 55. Rules 5, 7 and the 1966 amendment to Rule 12 provide:

## II. COMMENCEMENT OF ACTION > Rule 5.

**Rule 5. Service and Filing of Pleadings and Other Papers**
    **(a) Service: When Required.**
        (1) In General.

Unless these rules provide otherwise, each of the following papers **must be served on every party:**
        (A) an order stating that service is required;
        (B) a pleading filed after the original complaint, unless the court orders otherwise under Rule 5(c) because there are numerous defendants;
        (C) a discovery paper required to be served on a party, unless the court orders otherwise;
        (D) a written motion, except one that may be heard ex parte; and
        (E) a written notice, appearance, demand, or offer of judgment, or any similar paper.
        **(2) If a Party Fails to Appear.**
No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4.

### III. PLEADINGS AND MOTIONS > Rule 7.

**Rule 7. Pleadings Allowed; Form of Motions and Other Papers**
    **(a) Pleadings.** <u>Only these pleadings are allowed:</u>
        (1) a complaint;
        (2) an answer to a complaint;
        (3) an answer to a counterclaim designated as a counterclaim;
        (4) an answer to a crossclaim;
        (5) a third-party complaint;
        (6) an answer to a third-party complaint; and
        (7) if the court orders one, a reply to an answer.
    **(b) Motions and Other Papers**
        (1) In General.
A request for a court order must be made by motion. The motion must:
        (A) be in writing unless made during a hearing or trial;
        (B) state with particularity the grounds for seeking the order; and
        (C) state the relief sought.
        (2) Form.
The rules governing captions and other matters of form in pleadings apply to motions and other papers.

### 1966 Amendment to Rule 12

    **Subdivision (b)(7).** The terminology of this subdivision is changed to accord with the amendment of Rule 19. See the Advisory Committee's Note to Rule 19, as amended, especially the third paragraph therein before the caption "Subdivision (c)."

    **"Subdivision (g).** <u>Subdivision (g) has forbidden a defendant who makes a preanswer motion under this rule from making a further motion presenting any defense or objection which was available to him at the time he made the first motion and which he could have included, but did not in fact include therein. Thus if the defendant moves before answer to dismiss the complaint for failure to state a claim, he is barred from making a further motion presenting the defense of improper venue, if that defense was available to him when he made his original motion.</u> Amended subdivision (g) is to the same effect. This required consolidation of defenses and objections in a Rule 12 motion is salutary in that it works *against piecemeal consideration of a case. For exceptions to the requirement of consolidation, see the* last clause of subdivision (g), referring to new subdivision (h)(2).

    **Subdivision (h).** The question has arisen whether an omitted defense which cannot be made the basis of a second motion may nevertheless be pleaded in the answer. Subdivision (h) called for waiver of "* * * defenses and objections which he [defendant] does not present * * * by motion * * * or, if he has made no motion, in his answer * * *." If the clause "if he has made no motion," was read literally, it seemed that the omitted defense was waived and could not be pleaded in the answer. On the other hand, the clause might be read as adding nothing of substance to the preceding words; in that event it appeared that a defense was not waived by reason of being omitted from the motion and might be set up in the answer. The decisions were divided. Favoring waiver, see *Keef v. Derounian,* 6 F.R.D. 11 (N.D.Ill.1946*); Elbinger v. Precision Metal Workers Corp.,* 18 F.R.D. 467 (E.D.Wis.1956); se also *Rensing v. Turner Aviation Corp.,* 166 F.Supp. 790 (N.D.Ill.1958); *P. Beirsdorf & Co. v. Duke Laboratories, Inc.,* 10 F.R.D. 282 (S.D.N.Y.1950); *Neset v. Christensen,* 92 F.Suppl 78 (E.D.N.Y.1950). Opposing waiver, see *Phillips v. Baker,* 121 F.2d 752 (9th cir.1941); *Crum v. Graham,* 32 F.R.D. 173

(D.Mont.1963) (regretfully following the Phillips case); see also *Birnbaum v. Birrell*, 9 F.R.D. 72 (S.D.N.Y.1948); *Johnson v. Joseph Schlitz Brewing Co.*, 33 F.Suppl 176 (E.D.Tenn.1940); cf. *Carter v. American Bus Lines, Inc.*, 22 F.R.D. 323 (D.Neb.1958).

Amended subdivision (h)(1)(A) eliminates the ambiguity and states that certain specified defenses which were available to a party when he made a preanswer motion, but which he omitted from the motion, are waived. The specified defenses are lack of jurisdiction over the person, improper venue, insufficiency of process, and insufficiency of service of process (see Rule 12(b)(2)-(5)). A party who by motion invites the court to pass upon a threshold defense should bring forward all the specified defenses he then has and thus allow the court to do a reasonably complete job. The waiver reinforces the policy of subdivision (g) forbidding successive motions.

By amended subdivision (h)(1)(B), the specified defenses, even if not waived by the operation of (A), are waived by the failure to raise them by a motion under Rule 12 or in the responsive pleading or any amendment thereof to which the party is entitled as a matter of course. The specified defenses are of such a character that they should not be delayed and brought up for the first time by means of an application to the court to amend the responsive pleading.

37.    On September 10, 2007, defendants Schmal, acting in conspiracy with defendant Sabin, did file prohibited pleadings on behalf of ORIGNAL DEFENDANTS IN DEFAULT, and failed to file APPEARANCE FORM, as docket nos. 57-59, knowing that the bribes paid to COURT STAFF and district court judge Whyte to protect them from criminal charges for fraud and violation of §§ 1621, 1622, and 1623, of Title 18 U.S.C., which presents the same "fact pattern" which resulted in default judgment on an non-corrupt court in *Davis v. Hutchins, supra.*

38.    On October 16, 2007, defendant James Scharf knowingly made materially false representation of fact and law in the court record in violation of §§ 1621, 1622, and 1623 of Title 18 U.S.C., and committed perjury to aid and abet a federal employee evade civil and criminal prosecution for fraud and swindles, § 1341, and did falsely represent that Scott Schools was a U.S. Attorney with "sovereign immunity" knowing that Schools was not a U.S. Attorney, but an "acting" until JOSEPH P. RUSSONIELLO in confirmed by Congress, and that NO IMMUNITY exists pursuant to 28 U.S.C. § 2679, which provides:

United States Code
TITLE 28 - JUDICIARY AND JUDICIAL PROCEDURE
PART VI - PARTICULAR PROCEEDINGS
CHAPTER 171 - TORT CLAIMS PROCEDURE

U.S. Code as of: 01/22/02

**Section 2679. Exclusiveness of remedy**

(a) The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b)of this title, and the remedies provided by this title in such cases shall be exclusive.

(b)(1) The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or     personal injury or death arising or resulting from the negligent or   wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for *money damages by reason of the same subject matter against the employee whose act or* omission gave rise to the claim or against the estate of such employee.  Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.

(2) Paragraph (1) does not extend or apply to a civil action against an employee of the Government -

(A) which is brought for a violation of the Constitution of the United States, or

(B) which is brought for a violation of a statute of the United States under which such action against an individual is otherwise authorized.

**(c) The Attorney General shall defend any civil action** or proceeding brought in any court against any employee of the Government or his estate for any such damage or injury.  The employee against whom such civil action or proceeding *is brought shall deliver within such time* after date of service or knowledge of service as determined by the Attorney General, all process served upon him or an attested true copy thereof to his immediate     superior or to whomever was designated by the head of his department to receive such papers and such person shall *promptly furnish copies of the pleadings and process therein to the United States attorney for the* district embracing the place wherein the proceeding is brought, to the Attorney General, and to the head of his employing Federal agency.

**(d)(1) Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.**

(2) Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending.  Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General *shall conclusively establish scope of office or employment for purposes of removal.*

(3) <u>In the event that the Attorney General has refused to certify scope of office or employment under this section, the employee may at any time before trial petition the court to find and certify that the employee was acting within the scope of his office or employment.</u> Upon such certification by the court, such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. A copy of the petition shall be served upon the United States in accordance with the provisions of Rule 4(d)(4) of the Federal Rules of Civil Procedure. In the event the petition is filed in a civil action or proceeding pending in a State court, the action or proceeding may be removed without bond by the Attorney General to the district court of the United States for the district and division embracing the place in which it is pending. If, in considering the petition, the district court determines that the employee was not acting within the scope of his office or employment, the action or proceeding shall be remanded to the State court.

(4) Upon certification, any action or proceeding subject to paragraph (1), (2), or (3) shall proceed in the same manner as any action against the United States filed pursuant to section 1346(b)of this title and shall be subject to the limitations and exceptions applicable to those actions.

(5) Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a claim pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if -

(A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and

(B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

(e) The Attorney General may compromise or settle any claim asserted in such civil action or proceeding in the manner provided in section 2677, and with the same effect.

39.    Defendant Scharf, knew, that he was not ATTORNEY GENERAL Alberto Gonzales and could

not CERTIFY that federal employee Schools was acting within his scope of employment , and knew that

federal employees are required to file ORIGINAL ANSWER to summons and complaint pursuant to the

2000 Amendment to Rule 12, and did, knowingly commit perjury in the federal court, therefore, he

conspired with defendant COURT STAFF to falsify the record and DEFAULT should have entered

pursuant to precedent, see *Precision Specialty Metals, Inc. v. United States,* 315 F. 3d 1346

(D.C. Cir 2003).

40.    On October 10, 2007, defendants Schmal conspired with COURT STAFF, and did file prohibited

pleading at Docket numbers 57-59, in violation of precedent recognizing the 1966 Amendment to Rule

12(g)-(h) in the Ninth Circuit, concurring with the Seventh Circuit, see *American Assoc. of*

**GABOR v. USA FIRST AMENDED CIVIL RIGHTS COMPLAINT; DEMAND FOR JURY TRIAL**        **page 27**

1             UNITED STATES DISTRICT COURT

2            NORTHERN DISTRICT OF CALIFORNIA

3               SAN JOSE DIVISION     COPY

4

5     JOHN GABOR AND KAY GABOR,  )   C-07-04266 RMW
                                 )
6              PLAINTIFFS,       )   SAN JOSE, CALIFORNIA
                                 )
7                  VS.           )   JANUARY 18, 2008
                                 )
8     COUNTY OF SANTA CLARA      )   PAGES 1-13
      BOARD OF SUPERVISORS,      )
9     ET AL.,                    )
                                 )
10             DEFENDANTS.       )
      _____)

11

12             TRANSCRIPT OF PROCEEDINGS
      BEFORE THE HONORABLE RONALD M. WHYTE
13         UNITED STATES DISTRICT JUDGE

14

15    A P P E A R A N C E S:

16    FOR THE PLAINTIFFS: JOHN GABOR AND KAY GABOR
                          IN PROPRIA PERSONA
17                        590 SMOKEY COURT
                          CAMPBELL, CALIFORNIA  95008
18
      FOR DEFENDANT       OFFICE OF THE COUNTY COUNSEL
19    COUNTY:             BY:  MARCY L. BERKMAN
                          70 W. HEDDING STREET,
20                        9TH FLOOR, EAST WING
                          SAN JOSE, CALIFORNIA  95110
21

22        APPEARANCES CONTINUED ON NEXT PAGE

23

24    OFFICIAL COURT REPORTER: LEE-ANNE SHORTRIDGE, CSR, CRR
                               CERTIFICATE NUMBER 9595
25

                                                        1

1

2      APPEARANCES (CONTINUED)

3

4      FOR DEFENDANTS          BURTON, VOLKMANN & SCHMAL, LLP
       CITY OF CAMPBELL,       BY:  TIMOTHY JAMES SCHMAL
5      RICH AND                133 MISSION STREET, SUITE 102
       MORGADO-GRAY:           SANTA CRUZ, CALIFORNIA  95060

6

7      SCOTT N. SCHOOLS:       UNITED STATES ATTORNEY'S OFFICE
                               BY:  JAMES A. SCHARF
8                              150 ALMADEN BOULEVARD, SUITE 900
                               SAN JOSE, CALIFORNIA  95113

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

                                                              2

```
 1     SAN JOSE, CALIFORNIA                    JANUARY 18, 2008

 2                     P R O C E E D I N G S

 3             (WHEREUPON, COURT CONVENED AND THE

 4     FOLLOWING PROCEEDINGS WERE HELD:)

 5             THE CLERK:  NEXT MATTER, C-07-04266, JOHN

 6     GABOR, ET AL, VERSUS THE COUNTY OF SANTA CLARA

 7     BOARD OF SUPERVISORS, ET AL, ON FOR DEFENDANT'S

 8     MOTION TO DISMISS AND MOTION FOR A MORE DEFINITE

 9     STATEMENT AND MOTION TO STRIKE.

10             MS. BERKMAN:  GOOD MORNING, YOUR HONOR.

11     DEPUTY COUNTY COUNSEL MARCY BERKMAN FOR THE COUNTY.

12             MR. SCHARF:  JAMES A. SCHARF FOR THE

13     FEDERAL DEFENDANT FORMER INTERIM UNITED STATES

14     ATTORNEY SCOTT N. SCHOOLS.

15             MR. SCHMAL:  GOOD MORNING, YOUR HONOR.

16     TIMOTHY SCHMAL FOR DEFENDANT CITY OF CAMPBELL,

17     DEFENDANT RICH, AND DEFENDANT MORGADO-GRAY.

18             THE COURT:  ARE YOU MR. AND MRS. GABOR?

19             MR. GABOR:  YES, SIR.

20             THE COURT:  OKAY.  I DON'T KNOW WHICH ONE

21     OF YOU WANTS TO SPEAK, BUT WHAT -- WHAT IS THE

22     FACTUAL BASIS OF YOUR CURRENT CLAIM?

23             IT SOUNDED AS IF, FROM WHAT I READ, THAT

24     THE PERSON CAME TO THE DOOR, WANTED TO SEARCH, YOU

25     SAID NO, THEY THREATENED TO GET A SEARCH WARRANT,
```

3

1   YOU SAID NO, AND THEY WENT AWAY.

2          MR. GABOR:  BASICALLY, YES.

3          THEY CAME TO THE DOOR TO THREATEN MY WIFE

4   IF THEY DON'T -- IF SHE DOESN'T OPEN THE DOOR AND

5   ALLOW THEM TO ENTER THE HOUSE AND SEARCH FOR

6   ANYTHING THAT THEY WANTED TO FIND THAT SHE WAS

7   MAKING ANY VIOLATION.  THEY WOULD DECIDE AND THEN

8   CHARGE HER.  AND THEY WANTED ENTRY WITHOUT A

9   WARRANT.

10          NOW, WE'VE BEEN IN COURT BEFORE WITH THE

11   CITY.  WE'VE BEEN THROUGH THE COURTS BEFORE.

12          THIS ACTUALLY -- THIS -- WE SHOULDN'T

13   EVEN HAVE TO BE HERE.

14          BUT THEY WON'T LEAVE US ALONE.  THEY

15   TRAMPLE ON OUR PROPERTY RIGHTS, AND AS LONG AS THEY

16   DO, WE'RE GOING TO GO TO THE COURTS AND REDRESS AND

17   SEEK SOME KIND OF RELIEF.

18          THE COURT:  BUT THEY DIDN'T GO IN, DID

19   THEY?  YOU REFUSED AND THEY WENT AWAY.

20          MR. GABOR:  THAT'S RIGHT.  BUT THEY WENT

21   AWAY WITH A THREAT.

22          THE ONLY THING WE CAN DO IS TO, IS TO

23   MAKE SURE WE PROTECT OUR PROPERTY RIGHTS.

24          THE COURT:  OKAY.

25          MR. GABOR:  SO WE'VE BEEN GIVEN THE RIGHT

4

1    TO ADDRESS THE COURT AND THAT'S, THAT'S WHY WE'RE

2    HERE.

3              THE COURT:  OKAY.

4              MR. GABOR:  WE'RE -- WE'RE JUST TIRED OF

5    BEING HARASSED BY THE CITY.

6              WE FILED OUR CASE.  WE NEVER RECEIVED AN

7    ANSWER.  BEEN IN THE COURTS BEFORE, AND ALL THE

8    YEARS WE'VE BEEN IN THE COURTS SINCE 1984, WE HAVE

9    NEVER RECEIVED AN ANSWER.  COMPLAINT, NO ANSWER.

10             THE COURT:  THE --

11             MR. GABOR:  JUSTICE ROBERTS HAS MADE IT

12   VERY CLEAR.  HE SAYS THERE IS A COMPLAINT, THERE

13   HAS TO BE AN ANSWER.  NO OTHER MOTIONS.

14             THE COURT:  OKAY.

15             MR. GABOR:  SO THESE DEFENDANTS ARE IN

16   DEFAULT.

17             AND WE'VE BEEN DEPRIVED OF AN ANSWER AND

18   A DEFAULT AGAINST ALL THE DEFENDANTS.  THAT'S WHY

19   WE'RE IN COURT.

20             THE COURT:  OKAY.  WHAT DOES -- WHAT DOES

21   ANYBODY OTHER THAN THE PERSON THAT CAME TO THE

22   DOOR, WHAT WRONG DID THEY DO?

23             MR. GABOR:  WHAT WRONG?  WELL, THIS HAS

24   BEEN GOING ON FOR YEARS, HARASSMENT.

25             I MEAN, THIS IS THE FIRST CASE WE

5

```
1    FILED --
2              THE COURT:  BUT, FOR EXAMPLE --
3              MR. GABOR:  THIS IS THE FIRST CASE WE
4    FILED AGAINST THE CITY.  IT'S JUST AN ONGOING
5    ASSAULT BY THE CITY.
6              THE COURT:  BUT WHY DOES THE COUNTY GET
7    INVOLVED?
8              MR. GABOR:  WELL, BASICALLY THE COUNTY
9    IS -- THE COUNTY IS INVOLVED WHEN YOU, WHEN YOU --
10   IT'S THEIR RIGHT TO PROTECT US.  THEY HAVE THE
11   RIGHT.
12             AND IT'S PLAINLY PRINTED -- IF YOU EXCUSE
13   ME A MOMENT.
14             (PAUSE IN PROCEEDINGS.)
15             MR. GABOR:  ALL THIS -- ALL THIS
16   PAPERWORK, I DON'T KNOW.
17             WE'RE GOING BACK TO CALIFORNIA CIVIL CODE
18   52.1 WHICH SAYS IT'S THE COUNTY'S RIGHT -- IT'S THE
19   DISTRICT ATTORNEY'S RIGHT TO PROTECT US FROM
20   ILLEGAL TRESPASS.  THEY HAVE TO FILE A CLAIM
21   AGAINST THE PERSONS THAT DID THIS.
22             WHEN THEY WALKED ON OUR PROPERTY, THEY
23   TRESPASSED.
24             THE COURT:  BUT THE COUNTY DIDN'T WALK ON
25   YOUR PROPERTY.
```

6

1              MR. GABOR:  NO, BUT THE CITY DID.  AND

2      IT'S UP TO THE COUNTY TO PROTECT OUR RIGHTS.

3      PLAINLY WRITTEN IN THE CALIFORNIA CIVIL CODE 52.1.

4              THE COURT:  OKAY.  THANK YOU.

5              MR. GABOR:  ALL RIGHT.

6              MR. SCHMAL:  YOUR HONOR, IF I COULD BE

7      HEARD ON THE TENTATIVES?

8              TIMOTHY SCHMAL FOR THE CITY DEFENDANTS.

9              THE TENTATIVE INDICATES THAT THE

10     DEFENDANT'S MOTIONS ARE GRANTED.  OBVIOUSLY WE WANT

11     ASSURANCE THAT THE DISMISSAL IS WITH PREJUDICE AND

12     THAT PLAINTIFFS ARE NOT GIVEN LEAVE TO AMEND.

13             WITH REGARD TO THE VEXATIOUS LITIGANT

14     ISSUE AND THE NO TENTATIVE ON THAT, I THINK

15     MR. GABOR JUST DEMONSTRATED YET AGAIN WHY THEY NEED

16     TO BE DEEMED VEXATIOUS LITIGANTS.

17             AS YOUR HONOR KNOWS FROM THE JOINT CASE

18     MANAGEMENT STATEMENT SUBMITTED BY THE THREE

19     DEFENDANTS, WE STAND BEFORE YOU, THESE THREE

20     LAWYERS TODAY, NOT ONLY AS LAWYERS REPRESENTING THE

21     PARTIES IN THE PENDING MATTER, BUT WE'RE NOW

22     STANDING BEFORE YOU AS DEFENDANTS IN THE SIXTH

23     FILED ACTION OF A MONTH AND A HALF AGO.

24             THE GABORS HAVE CLEARLY DEMONSTRATED THAT

25     THEY WILL NOT HONOR ANY LEGAL AUTHORITY THAT

                                                          7

1      GOVERNS THEM.

2            THEY HAVE SUED EVERY LEVEL OF THE

3      GOVERNMENT REPEATEDLY, THE CITY OF CAMPBELL WHERE

4      THEY RESIDE, THE COUNTY, THE STATE, THE UNITED

5      STATES OF AMERICA, TWO FORMER GOVERNORS, YOUR

6      COLLEAGUE JUDGE FOGEL.

7            IF THEY LOSE ON A RULING, THEY SUE THE

8      JUDICIAL OFFICER.

9            IF THEY DON'T LIKE SOMETHING THAT A

10     LAWYER SAYS, THEY SUE THE LAWYER.

11           THEY ARE THE QUINTESSENTIAL VEXATIOUS

12     LITIGANT.  THEY RELITIGATE ISSUES THAT THEY HAVE

13     LOST TIME AND TIME AGAIN.

14           I WAS THE CITY'S ATTORNEY IN THE 2004

15     CASE THAT WENT UP ON APPEAL IN 2006 ON THE VERY

16     ISSUE THAT THEY ARE NOW ATTEMPTING TO RELITIGATE,

17     WHICH IS WHAT MR. GABOR STOOD BEFORE YOU AND SAID

18     THIS MORNING, WHICH IS "I DON'T GET AN ANSWER."

19           THE NINTH CIRCUIT COURT OF APPEAL HAS

20     TOLD THEM THEY DON'T GET AN ANSWER BECAUSE IF THEY

21     FILE A MERITLESS LAWSUIT AND A MOTION TO DISMISS IS

22     GRANTED, THE CASE IS OVER.

23           THEY APPEAL EVERY SINGLE TIME THAT THEY

24     LOSE.

25           IT WOULD BE ONE THING IF THIS WERE THE

                                                          8

1    FIRST SUIT THAT THEY FILED.   IF IT'S THE FIRST SUIT

2    THAT THEY FILED, THEY COULD PLEAD IGNORANCE OF THE

3    LAW, WE MISINTERPRET THINGS, WE DON'T UNDERSTAND

4    THINGS.

5             BUT WHAT'S HAPPENED IS EVERY TIME THEY

6    LOSE AN ISSUE, OH, THERE'S A CONSPIRACY.   OH, YOUR

7    HONOR'S CLERKS ARE CONSPIRING TO ALLOW THE DEFENSE

8    COUNSEL TO FILE THESE ILLEGAL PLEADINGS.   OH, NOW

9    WE KNOW THE CONSPIRACY.

10            THERE'S THIS PENDING MOTION FOR YOU TO

11   RECUSE YOURSELF, YOUR HONOR, BECAUSE, QUOTE

12   UNQUOTE, TO QUOTE THE GABORS, THE FIX IS IN.

13            WE'RE ALL IN ON IT.   THESE THREE DEFENSE

14   LAWYERS ARE ALL IN ON IT.   YOUR HONOR, YOU'RE IN ON

15   IT.

16            AND IF THE NINTH CIRCUIT COURT OF APPEALS

17   IS GOING TO UPHOLD THE LAW WITH REGARD TO THE CITY

18   OF CAMPBELL'S RIGHT TO BRING A MOTION TO DISMISS IN

19   THE 2004 ACTION, THEN OBVIOUSLY THEY'RE IN ON IT.

20            EVERYBODY, THE ENTIRE WORLD IS AGAINST

21   THE GABORS.

22            AND THAT, I WOULD SUBMIT, YOUR HONOR, IS

23   THE DEFINITION OF A VEXATIOUS LITIGANT.

24            YOU LOOK AT THE FACTORS FOR DETERMINING A

25   VEXATIOUS LITIGANT UNDER THE SAFIR CASE THAT WE SET

                                                    9

1    FORTH IN OUR MOTION.

2            THE COST TO -- THE CITY OF CAMPBELL, THE

3    STATE AND THE COUNTY, FORTUNATELY, HAVE HIGHLY

4    COMPETENT IN-HOUSE ATTORNEYS THAT ASSIST IN

5    EXTRICATING THE INDIVIDUAL EMPLOYEES AND THOSE

6    ENTITIES FROM THESE CASES.

7            THE SMALL CITY OF CAMPBELL DOESN'T HAVE

8    THAT LUXURY.  THEY HAVE TO GO OUT AND HIRE FOR FEE

9    ATTORNEYS LIKE ME AND HAVE PAID TENS OF THOUSANDS

10    OF DOLLARS BECAUSE OF THE SERIES OF UP UNTIL NOW

11    FIVE, AND NOW SIX, UTTERLY BASELESS, SPECIOUS

12    LAWSUITS.

13            IF THE MOTION HAD BEEN HEARD AND GRANTED

14    ON THE VEXATIOUS LITIGANT AS INITIALLY NOTICED TO

15    BE HEARD IN OCTOBER, THEY WOULDN'T HAVE BEEN ABLE

16    TO FILE THIS ACTION DECEMBER 3.

17            AS VEXATIOUS LITIGANTS, TIME AND TIME

18    AGAIN, THEY LIE AND PERJURE THEMSELVES CLAIMING TO

19    HAVE SERVED PAPERS ON OPPOSING COUNSEL WHICH THEY

20    DON'T DO; AND IN THIS LATEST ACTION PENDING IN

21    FRONT OF MAGISTRATE JUDGE TRUMBULL, THEY REPRESENT

22    THAT THEY SERVED ME BY REGISTERED AND CERTIFIED

23    MAIL.

24            I HAVE NEVER RECEIVED THE SUIT PAPERS

25    FROM THEM EVEN THOUGH IT WAS FILED A MONTH AND A

                                                        10

1    HALF AGO.

2              THESE PEOPLE ARE VEXATIOUS LITIGANTS.

3    YOUR HONOR HAS THE LEGAL AUTHORITY TO GRANT THE

4    VEXATIOUS LITIGANT ASPECT OF THE MOTION.

5              YOUR HONOR KNOWS THAT YOU HAVE BOTH THE

6    FACTUAL AND LEGAL BASES FOR MAKING THAT

7    DETERMINATION.

8              DEFENSE COUNSEL IN THE JOINT CASE

9    MANAGEMENT STATEMENT -- AND I GUESS IF THE MOTIONS

10   ARE GRANTED, CASE MANAGEMENT BECOMES A MOOT

11   POINT -- BUT WE'VE REQUESTED THAT YOUR HONOR SUA

12   SPONTE DISMISS THIS OTHER PENDING ACTION BEFORE

13   MAGISTRATE JUDGE TRUMBULL SUA SPONTE FOR ALL THE

14   REASONS SET FORTH IN THESE PENDING MOTIONS.

15             AND UNLESS YOUR HONOR HAS SOME QUESTIONS,

16   I'LL SUBMIT.

17             THE COURT:  WHAT POWER DO I HAVE OVER A

18   CASE THAT'S BEFORE JUDGE TRUMBULL?

19             MR. SCHARF:  YOU CAN RELATE THE CASES,

20   YOUR HONOR, AND, BASED ON RELATING THEM, DISMISS.

21             THE COURT:  ALL RIGHT.  THANK YOU.

22             MR. GABOR:  ANOTHER WORD.

23             THE COURT:  JUST A SECOND.  LET ME SEE IF

24   THE OTHERS --

25             MR. GABOR:  THE MAN JUST STOOD UP THERE

                                                    11

1    AND CALLED ME A LIAR AND EVERYTHING ELSE.  NAME

2    CALLING IS THE BEST THING THEY CAN DO.

3            I WOULD LIKE TO HAVE AN OPPORTUNITY TO

4    TALK IN THIS COURT.

5            THE COURT:  YOU ALREADY HAVE.

6            MR. GABOR:  NO, I'M NOT THROUGH YET.  HE

7    JUST CALLED ME A VEXATIOUS LITIGANT.

8            THE COURT:  OKAY.

9            MR. GABOR:  WE ARE NOT VEXATIOUS

10   LITIGANTS.

11           THE COURT:  ALL RIGHT.

12           MR. GABOR:  THEY ARE THE VEXATIOUS

13   LITIGANTS BECAUSE THEY KEEP THROWING PAPER INTO

14   THIS COURT.

15           THE COURT:  MR. GABOR, I'VE HEARD ENOUGH.

16   I'VE HEARD ENOUGH FROM EVERYBODY.

17           THE MATTER WILL BE SUBMITTED.  THANK YOU.

18           MR. SCHARF:  YOUR HONOR, DO WE NEED TO

19   REMAIN FOR THE 10:30?

20           THE COURT:  NO.  I WILL --

21           MS. BERKMAN:  THANK YOU, YOUR HONOR.

22           MR. GABOR:  BASTARD.

23           MR. SCHARF:  WE'RE ALL DONE?

24           THE COURT:  YES.

25           MR. SCHARF:  THANK YOU.

12

1              THE COURT:  OKAY.  THANK YOU.

2              (WHEREUPON, THE PROCEEDINGS IN THIS

3     MATTER WERE CONCLUDED.)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2

3

4                        CERTIFICATE OF REPORTER

5

6

7

8              I, THE UNDERSIGNED OFFICIAL COURT

9     REPORTER OF THE UNITED STATES DISTRICT COURT FOR

10    THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH

11    FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

12    CERTIFY:

13              THAT THE FOREGOING TRANSCRIPT,

14    CERTIFICATE INCLUSIVE, CONSTITUTES A TRUE, FULL AND

15    CORRECT TRANSCRIPT OF MY SHORTHAND NOTES TAKEN AS

16    SUCH OFFICIAL COURT REPORTER OF THE PROCEEDINGS

17    HEREINBEFORE ENTITLED AND REDUCED BY COMPUTER-AIDED

18    TRANSCRIPTION TO THE BEST OF MY ABILITY.

19

20

21

22                    _____
                      LEE-ANNE SHORTRIDGE, CSR, CRR
23                    CERTIFICATE NUMBER 9595

24

25

## CERTIFICATE OF REPORTER

I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY CERTIFY:

THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, CONSTITUTES A TRUE, FULL AND CORRECT TRANSCRIPT OF MY SHORTHAND NOTES TAKEN AS SUCH OFFICIAL COURT REPORTER OF THE PROCEEDINGS HEREINBEFORE ENTITLED AND REDUCED BY COMPUTER-AIDED TRANSCRIPTION TO THE BEST OF MY ABILITY.

LEE-ANNE SHORTRIDGE, CSR, CRR
CERTIFICATE NUMBER 9595

47.    On January 24, 2008, the Ninth Circuit issued a *en banc opinion* reversing district court judge

Ronald M. Whyte's "absolute immunity doctrine" for employees of Santa Clara County because of his

egregious conduct, inserted herein *Beltran v. Santa Clara County*, ___ F. 3d ___ (9th Cir. January 24,

2008), citing *Kalina v. Fletcher*, 522 U.S. 118, 129030 (1997); *also Buckley v. Fitzsimmons*, 509 U.S.

259, 275 (1993).  ALL DEFENDANTS knew that agents of City of Campbell and Santa Clara County

had "fabricated criminal charges against Gabors to gain warrantless entry, searches and seizure of

personal property from 590 Smokey Court" for the purpose of theft under color and extortion in

violation of §§ 1951, 1951(a), 1951(b)(1), 1951(b)(2) of Title 18 United States Code, the Hobbs Act,

and for "collection of unlawful debt" in violation of § 1962(d) of Title 18 United States Code, with the

guaranteed "protection of district court judges Whyte, Ware, and Fogel" who have taken "bribes" to

prevent and victim from obtaining civil remedies under 28U.S.C. § 1343; 42 U.S.C. § 1983 or 1985(3),

and 18 U.S.C. § 1964(c).

Westlaw.

--- F.3d ----                    FOR EDUCATIONAL USE ONLY                    Page 1

--- F.3d ----, 2008 WL 193319 (C.A.9 (Cal.)), 08 Cal. Daily Op. Serv. 1093, 2008 Daily Journal D.A.R. 1309

(Cite as: --- F.3d ----)

**H**

**Beltran** v. Santa Clara County

C.A.9 (Cal.),2008.

United States Court of Appeals,Ninth Circuit.
Lori **BELTRAN**; Robert Beltran; Coby Beltran,
by and through his Guardian Ad Litem Lori
**Beltran**, Plaintiffs-Appellants,
v.
SANTA CLARA COUNTY; Melissa Suarez, indi-
vidually and as an employee of the County of Santa
Clara; Jennifer Hubbs, individually and as an em-
ployee of the County of Santa Clara; Emily Tjhin,
individually and as an employee of the County of
Santa Clara, Defendants-Appellees.
No. 05-16976.

Argued and Submitted Dec. 12, 2007.
Filed Jan. 24, 2008.

**Background:** Parents brought § 1983 action
against social worker, her supervisor, and county
social services agency, alleging constitutional viol-
ations in removing their son from their custody and
attempting to place him under state supervision.
The United States District Court for the Northern
District of California, Ronald M. Whyte, J., 2005
WL 2043031, granted summary judgment for de-
fendants. Parents appealed. The Court of Appeals,
491 F.3d 1097, affirmed.

**Holding:** On rehearing en banc, the Court of
Appeals held that social workers were not entitled
to absolute immunity; overruling *Doe v. Lebbos*,
348 F.3d 820.

Reversed and remanded.

**[1] Civil Rights 78 �kö=1373**

78 Civil Rights
    78III Federal Remedies in General
        78k1372 Privilege or Immunity; Good Faith
and Probable Cause

        78k1373 k. In General. Most Cited Cases
Parties to § 1983 suits are generally entitled only to
immunities that existed at common law. 42
U.S.C.A. § 1983.

**[2] Infants 211 ⊧ċ=17**

211 Infants
    211II Protection
        211k17 k. Societies, Agencies, and Officers
in General. Most Cited Cases
Social workers have absolute immunity when they
make discretionary, quasi-prosecutorial decisions to
institute court dependency proceedings to take cus-
tody of child away from parents.

**[3] Infants 211 ⊧ċ=17**

211 Infants
    211II Protection
        211k17 k. Societies, Agencies, and Officers
in General. Most Cited Cases
Social workers are not entitled to absolute im-
munity from claims that they fabricated evidence
during a child protective services investigation or
made false statements in a dependency petition affi-
davit that they signed under penalty of perjury.

**[4] District and Prosecuting Attorneys 131 ⊧ċ=
10**

131 District and Prosecuting Attorneys
        131k10 k. Liabilities for Official Acts, Negli-
gence, or Misconduct. Most Cited Cases
A prosecutor does not have absolute immunity if he
fabricates evidence during a preliminary investiga-
tion, before he could properly claim to be acting as
an advocate, or makes false statements in a sworn
affidavit in support of an application for an arrest
warrant.

**[5] Infants 211 ⊧ċ=17**

211 Infants
    211II Protection

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

211k17 k. Societies, Agencies, and Officers in General. Most Cited Cases

Just as prosecutors and others investigating criminal matters have no absolute immunity for their investigatory conduct, social workers conducting child protective services investigations have no such immunity.

**[6] Civil Rights 78 ⟳1375**

78 Civil Rights
 78III Federal Remedies in General
  78k1372 Privilege or Immunity; Good Faith and Probable Cause
   78k1375 k. Attorneys, Jurors, and Witnesses; Public Defenders. Most Cited Cases

**Civil Rights 78 ⟳1376(4)**

78 Civil Rights
 78III Federal Remedies in General
  78k1372 Privilege or Immunity; Good Faith and Probable Cause
   78k1376 Government Agencies and Officers
    78k1376(4) k. Municipalities and Counties and Their Officers. Most Cited Cases

Social workers who allegedly fabricated information contained in statement of facts that they attached to child dependency and custody petitions signed under penalty of perjury were not entitled to absolute immunity from § 1983 claims of child's parents that social workers' conduct related to signing and filing of petitions violated parents' constitutional rights; overruling *Doe v. Lebbos,* 348 F.3d 820. 42 U.S.C.A. § 1983.

Robert R. Powell and Dennis R. Ingols, The Law Offices of Robert R. Powell, San Jose, CA, for the plaintiffs-appellants.

Melissa R. Kiniyalocts, Deputy County Counsel, and Ann Miller-Ravel, County Counsel, Santa Clara County, San Jose, CA, for the defendants-appellees.

Appeal from the United States District Court for the Northern District of California; Ronald M. Whyte, District Judge, Presiding. D.C. No. CV-03-03767-RMW.

Before ALEX KOZINSKI, Chief Judge, STEPHEN REINHARDT, ANDREW J. KLEINFELD, MICHAEL DALY HAWKINS, KIM McLANE WARDLAW, WILLIAM A. FLETCHER, RONALD M. GOULD, RICHARD A. PAEZ, MARSHA S. BERZON, RICHARD R. CLIFTON and SANDRA S. IKUTA, Circuit Judges.

## OPINION

PER CURIAM.

*1 1. Melissa Suarez, a social worker for Santa Clara County's child protective services, investigated whether Lori Beltran was abusing her son, Coby. After this investigation, Suarez's supervisor Emily Tjhin filed a child dependency petition, which Tjhin signed under penalty of perjury. This petition included a three-page statement of facts describing the findings of Suarez's investigation. Suarez also filed a separate custody petition, which she signed under penalty of perjury. The custody petition attached and incorporated by reference the three-page statement of facts from the dependency petition.

The dependency petition was denied, Coby was returned to his parents, and the Beltrans sued Suarez and Tjhin under 42 U.S.C. § 1983, charging constitutional violations in removing Coby from the Beltrans' custody and attempting to place him under the supervision of the state. Specifically, the Beltrans claimed that Suarez and Tjhin fabricated much of the information in the three-page statement of facts. Relying on *Doe v. Lebbos,* 348 F.3d 820, 825-26 (9th Cir.2003), the district court held that Suarez and Tjhin had absolute immunity for their actions connected to signing and filing the dependency and custody petitions-including the alleged fabrication of evidence and false statements. It therefore dismissed plaintiffs' claims that were based on the allegedly false petition statements.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

FOR EDUCATIONAL USE ONLY

--- F.3d ----, 2008 WL 193319 (C.A.9 (Cal.)), 08 Cal. Daily Op. Serv. 1093, 2008 Daily Journal D.A.R. 1309
**(Cite as: --- F.3d ---)**

The district court eventually granted summary judgment to the defendants on the remainder of *plaintiffs' claims, but those issues are not before us,* as plaintiffs appeal only the dismissal of claims based on absolute immunity.

[1][2][3][4][5][6]**2.** Parties to section 1983 suits are generally entitled only to immunities that existed at common law. *Imbler v. Pachtman,* 424 U.S. 409, 417-18, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). We have therefore "granted state actors absolute immunity only for those functions that were critical to the judicial process itself," such as " 'initiating a prosecution.' " *Miller v. Gammie,* 335 F.3d 889, 896 (9th Cir.2003) (en banc) (quoting *Imbler,* 424 U.S. at 431, 96 S.Ct. 984). It follows that social workers have absolute immunity when they make "discretionary, quasi-prosecutorial decisions to institute court dependency proceedings to take custody away from parents." *Id.* at 898.But they are not entitled to absolute immunity from claims that *they fabricated evidence during an investigation or made false statements in a dependency petition affidavit that they signed under penalty of perjury,* because such actions aren't similar to discretionary decisions about whether to prosecute. A prosecutor doesn't have absolute immunity if he fabricates evidence during a preliminary investigation, before he could properly claim to be acting as an advocate, *see Buckley v. Fitzsimmons,* 509 U.S. 259, 275, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993), or makes false statements in a sworn affidavit in support of an application for an arrest warrant, *see Kalina v. Fletcher,* 522 U.S. 118, 129-30, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997). Furthermore, as prosecutors *and others investigating criminal matters have no* absolute immunity for their investigatory conduct, a fortiori, social workers conducting investigations have no such immunity. *See id.* at 126.

**\*2** The district court's error is perfectly understandable, as it relied on our incorrect absolute immunity ruling in *Doe v. Lebbos,* which we overrule today. We reverse the district court's ruling that defendants are entitled to absolute immunity and re-

mand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**

C.A.9 (Cal.),2008.
Beltran v. Santa Clara County
--- F.3d ----, 2008 WL 193319 (C.A.9 (Cal.)), 08 Cal. Daily Op. Serv. 1093, 2008 Daily Journal D.A.R. 1309

**END OF DOCUMENT**

48.    ALL DEFENDANTS, acting in conspiracy, have procured "impermissible motion to strike and

dismissal with prejudice" through their "bribery scheme" to abridge pro se litigants exercise of their

First Amendment rights to petition for redress, and to prevent "just compensation" for regulatory takings

under the Fifth, Seventh and Fourteenth Amendment "clearly established" since *Mahon*, see *Lucas v.*

*South Carolina Coastal Council,* 505 U.S. 1003, 1015 (1992)

III
A

Prior to Justice Holmes' exposition in *Pennsylvania Coal Co. v. Mahon*, 260 U.S. 393
(1922), it was generally thought that the Takings Clause reached only a "direct appropriation" of
property, *Legal Tender Cases,* 12 Wall. 457, 551 (1871), or the functional equivalent of a
"practical ouster of [the owner's] possession.'" *Transportation Co. v. Chicago*, 99 U.S. 635, 642
(1879). See also *Gibson v. United States*, 166 U.S. 269, 275-276 (1897). Justice Holmes
recognized in Mahon, however, that, if the protection against physical appropriations of
private property was to be meaningfully enforced, the government's power to redefine the range
of interests included in the ownership of property was necessarily constrained by constitutional
limits. 260 U.S., at 414 -415. If, instead, the uses of private property were subject to unbridled,
uncompensated qualification under the police power, the natural tendency of human nature
[would be] to extend the qualification more and more until at last private property disappear[ed].
Id., at 415. These considerations gave birth in that case to the oft-cited maxim that, "while
property may be regulated to a certain extent, if regulation goes too far, it will be recognized as a
taking." Ibid. [505 U.S. 1003, 1015]
Nevertheless, our decision in *Mahon* offered little insight into when, and under what
circumstances, a given regulation would be seen as going "too far" for purposes of the Fifth
Amendment. In 70-odd years of succeeding "regulatory takings" jurisprudence, we have
generally eschewed any "'set formula'" for determining how far is too far, preferring to "engag[e]
in . . . essentially ad hoc, factual inquiries." *Penn Central Transportation Co. v. New York City*,
438 U.S. 104, 124 (1978) (quoting *Goldblatt v. Hempstead*, 369 U.S. 590, 594 (1962)).
See Epstein, Takings: Descent and Resurrection, 1987 S.Ct. Rev. 1, 4. We have, however,
described at least two discrete categories of regulatory action as compensable without
case-specific inquiry into the public interest advanced in support of the restraint. The first
encompasses regulations that compel the property owner to suffer a physical "invasion"
of his property. In general (at least with regard to permanent invasions), no matter how minute
the intrusion, and no matter how weighty the public purpose behind it, we have required
compensation.

49.    ALL DEFENDANTS did falsely alleged that Gabors did not have a First Amendment, did not

have a Fourth Amendment expectation of privacy, did not OWN any property real or personal, therefore

lacked standing under the Fifth Amendment, and had not rights as person born under the Fourteenth

Amendment or right to a JURY TRIAL based upon their NON HUMAN status "THEY FAILED TO STATE A CLAIM upon which relief could be granted."

50.     ALL DEFENDANTS, did commit perjury, suborn perjury and make materially false representations of fact and law in furtherance of conducting the district court through a pattern of predicate acts of bribery to obstruct due process in violation of § 1962(d) of Title 18 U.S.C., to fraudulently obtain $350.00 filing fees and $455.00 appeal fee knowing that the entire federal judiciary were committing "frauds and swindles" in violation of §§ 1341 and 1346 of Title 18 U.S.C., see *PAE Government Services v. MPRI, INC.,* ___ F. 3d ___ (9th Cir. December 18, 2007) inserted herein:

--- F.3d ----                    FOR EDUCATIONAL USE ONLY                              Page 1
--- F.3d ----, 2007 WL 4394427 (C.A.9 (Cal.)), 07 Cal. Daily Op. Serv. 14,394, 2007 Daily Journal D.A.R. 18,572
(Cite as: --- F.3d ---)

**C**
**PAE** Government Services, Inc. v. MPRI, Inc.
C.A.9 (Cal.),2007.

United States Court of Appeals,Ninth Circuit.
PAE GOVERNMENT SERVICES, INC., a California corporation, Plaintiff-Appellant,
v.
MPRI, INC., a Delaware corporation, Defendant-Appellee.
No. 06-56438.

Argued and Submitted Oct. 15, 2007.
Filed Dec. 18, 2007.

**Background:** Government subcontractor filed suit claiming that prime contractor refused to subcontract all work as specified in teaming agreement. The United States District Court for the Central District of California, R. Gary Klausner, J., dismissed. Subcontractor amended complaint, alleging second agreement and promissory estoppel claim. The District Court struck new allegations, ruled that promissory estoppel claim was barred, and dismissed. Subcontractor amended again, with more detail about second agreement. The District Court struck additional allegations and dismissed with prejudice. Subcontractor appealed.

**Holdings:** The Court of Appeals, Kozinski, Chief Judge, held that:

(1) striking allegations as sham was impermissible resolution on merits, and

(2) promissory estoppel claim was not recognized under Virginia law.

Affirmed in part, reversed in part, and remanded.

**[1] Federal Civil Procedure 170A €══1139**

170A Federal Civil Procedure
    170AVII Pleadings and Motions

170AVII(N) Striking Pleading or Matter Therein
        170Ak1139 k. Sham; Frivolous Matter.
Most Cited Cases
District court's striking as "sham" subcontractor's allegations in amended complaint, regarding existence of second contract, due to apparent contradiction of allegations in earlier version of complaint, was impermissible resolution of allegations on merits, since only review of claims for legal sufficiency was permitted in early stage of proceeding, subcontractor's allegations could not be stricken as insufficient defense or any redundant, immaterial, impertinent, or scandalous matter, and court did not find that subcontractor or its counsel acted in bad faith. Fed.Rules Civ.Proc.Rules 11, 12, 28 U.S.C.A.

**[2] Federal Civil Procedure 170A €══2769**

170A Federal Civil Procedure
    170AXX Sanctions
        170AXX(B) Grounds for Imposition
            170Ak2767 Unwarranted, Groundless or Frivolous Papers or Claims
                170Ak2769 k. Reasonableness or Bad Faith in General; Objective or Subjective Standard.
Most Cited Cases

**Federal Civil Procedure 170A €══2820**

170A Federal Civil Procedure
    170AXX Sanctions
        170AXX(D) Type and Amount
            170Ak2820 k. Non-Monetary Sanctions.
Most Cited Cases
Though false factual assertions in complaint may be evidence of bad faith, generally, they are the result of ignorance, misunderstanding, or undue optimism, but if bad faith is found, the district court has wide latitude under governing rule to impose sanctions, including the striking of the offending pleading. Fed.Rules Civ.Proc.Rule 11, 28 U.S.C.A.

**[3] Federal Civil Procedure 170A €══2769**

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

170A Federal Civil Procedure
    170AXX Sanctions
        170AXX(B) Grounds for Imposition
            170Ak2767 Unwarranted, Groundless or Frivolous Papers or Claims
                170Ak2769 k. Reasonableness or Bad Faith in General; Objective or Subjective Standard. Most Cited Cases
Absent a finding of bad faith, factual allegations in the complaint or answer must be tested through the normal mechanisms for adjudicating the merits. Fed.Rules Civ.Proc.Rule 11, 28 U.S.C.A.

**[4] Federal Civil Procedure 170A €⟹1103**

170A Federal Civil Procedure
    170AVII Pleadings and Motions
        170AVII(N) Striking Pleading or Matter Therein
            170Ak1103 k. Discretion of Court. Most Cited Cases

**Federal Civil Procedure 170A €⟹1128**

170A Federal Civil Procedure
    170AVII Pleadings and Motions
        170AVII(N) Striking Pleading or Matter Therein
            170Ak1128 k. Inconsistent Matter. Most Cited Cases
The district court has no free-standing authority to strike pleadings simply because it believes that a party has taken inconsistent positions in the litigation, but rather, the court's powers are generally limited to those provided by the Federal Rules of Civil Procedure. Fed.Rules Civ.Proc.Rules 11, 12, 28 U.S.C.A.

**[5] Federal Civil Procedure 170A €⟹1128**

170A Federal Civil Procedure
    170AVII Pleadings and Motions
        170AVII(N) Striking Pleading or Matter Therein
            170Ak1128 k. Inconsistent Matter. Most Cited Cases

There is nothing in the Federal Rules of Civil Procedure to prevent a party from filing successive pleadings that make inconsistent or even contradictory allegations, since unless there is a showing that the party acted in bad faith, which showing can only be made after the party is given an opportunity to respond under the procedures of rule providing sanctions for bad faith representations, inconsistent allegations are simply not a basis for striking the pleading. Fed.Rules Civ.Proc.Rule 11, 28 U.S.C.A.

**[6] Contracts 95 €⟹206**

95 Contracts
    95II Construction and Operation
        95II(C) Subject-Matter
            95k206 k. Legal Remedies and Proceedings. Most Cited Cases
Under choice-of-law clause in teaming agreement between government contractor and subcontractor, law of Virginia applied which did not recognize subcontractor's promissory estoppel action against contractor, rather than law of California, since Virginia had substantial relationship to contractor whose principal place of business was in Virginia, and enforcing choice-of-law clause would not violate fundamental policy of California.

Richard E. Drooyan, Mark H. Epstein, Katherine K. Huang and E. Dorsey Heine, Munger, Tolles & Olson LLP, Los Angeles, CA, for the plaintiff-appellant.
Kathleen M. Wood and Nicholas P. Connon, Connon Wood Sheidemantle LLP, Los Angeles, CA, for the defendant-appellee.

Appeal from the United States District Court for the Central District of California; R. Gary Klausner, District Judge, Presiding. D.C. No. CV-06-00964-RGK.

Before: ALEX KOZINSKI, Chief Judge, A. WALLACE TASHIMA and M. MARGARET McKEOWN, Circuit Judges.

KOZINSKI, Chief Judge:

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

FOR EDUCATIONAL USE ONLY

**\*1** We consider whether a district court may strike allegations from an amended complaint because *they contradict an earlier iteration of the same pleading.*

### Facts

PAE Government Services, Inc. and MPRI, Inc. sell services to government agencies. The companies agreed to work together to submit a bid for a government contract, and signed a "*Teaming Agreement*" *that divided duties between them.* MPRI submitted the bid as "prime contractor" and won. MPRI thereafter refused to subcontract to PAE all the work specified in the Teaming Agreement-or so PAE claimed in its original complaint.

The district court dismissed that complaint because, in its view, the Teaming Agreement is no more than an "agreement to agree." The agreement is governed by Virginia law, and the district court held that Virginia won't enforce agreements to agree.[FN1] PAE thereupon amended its complaint to allege that, after MPRI won the government contract, it entered into a second agreement with PAE. According to the amended complaint, this second agreement was "confirmed" in "written communications" and by the parties' "course of conduct." The amended complaint also added a promissory estoppel claim against MPRI.

The district court found PAE's new allegations of a second agreement with MPRI to be "sham pleadings that contradict allegations made in the original Complaint."In particular, the allegation of a *second agreement contradicted PAE's original* claim that "[f]ollowing the award of the ... [government contract], MPRI failed and refused to enter into a subcontract with PAE."The district court therefore struck the new allegations from PAE's First Amended Complaint. After holding that Virginia law also barred PAE's promissory estoppel claim, the district court dismissed the complaint.

PAE amended its complaint yet again, adding more detail about its second agreement with MPRI. The district court remained unmoved; it deemed the *Second Amended Complaint* to be "merely a revision of the [First Amended Complaint] which alleges more specific facts evidencing the existence of a subsequent subcontract between the parties."The district court struck the additional allegations and dismissed the complaint-this time, with prejudice.

### Analysis

**[1]1.** By striking the allegations in PAE's amended complaint as a "sham," the district court effectively resolved those allegations on the merits. In other words, it determined that the allegations in *the amended complaint were unfounded because* they contradicted (in the district court's view) earlier allegations PAE made in its original complaint. But the Federal Rules of Civil Procedure do not authorize a district court to adjudicate claims on the merits at this early stage in the proceedings; the court may only review claims for legal sufficiency. *See*Fed.R.Civ.P. 12(b). Adjudication on the merits must await summary judgment or trial. Rule 12(f) does authorize the court to strike "any insufficient defense," which this is clearly not, and "any redundant, immaterial, impertinent, or scandalous matter."PAE's allegations of a second agreement are certainly not any of those things; they are *normal contract claims that would not be in the least* bit objectionable, but for the fact that they appeared, in the district court's view, to contradict allegations in an earlier version of the complaint.

**\*2** Which brings us to the meat of the coconut: Does the fact that an amended complaint (or answer) contains an allegation that is apparently contrary to an earlier iteration of the same pleading render the later pleading a sham? The answer is: not necessarily. To begin with, allegations in the two versions of the complaint might not conflict at all. Here, for example, PAE explains that the allegations in the original complaint referred to MPRI's *refusal to sign the specific subcontract contem-*

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

FOR EDUCATIONAL USE ONLY

--- F.3d ----                                                              Page 4
--- F.3d ----, 2007 WL 4394427 (C.A.9 (Cal.)), 07 Cal. Daily Op. Serv. 14,394, 2007 Daily Journal D.A.R. 18,572
(Cite as: --- F.3d ----)

plated in the Teaming Agreement; the amended complaint, by contrast, referred to an entirely different agreement reached over email. Only a careful comparison of the two documents, rather than a glance at isolated provisions, can determine whether PAE's account is plausible. We have not undertaken such a comparison, however, nor need we do so to resolve this case. Even assuming that the two pleadings were irreconcilably at odds with each other, this would not, by itself, establish that the later pleading is a sham.

At the time a complaint is filed, the parties are often uncertain about the facts and the law; and yet, prompt filing is encouraged and often required by a statute of limitations, laches, the need to preserve evidence and other such concerns. In recognition of these uncertainties, we do not require complaints to be verified, seeFed.R.Civ.P. 11(a), and we allow pleadings in the alternative-even if the alternatives are mutually exclusive. As the litigation progresses, and each party learns more about its case and that of its opponents, some allegations fall by the wayside as legally or factually unsupported. This rarely means that those allegations were brought in bad faith or that the pleading that contained them was a sham. Parties usually abandon claims because, over the passage of time and through diligent work, they have learned more about the available evidence and viable legal theories, and wish to shape their allegations to conform to these newly discovered realities. We do not call this process sham pleading; we call it litigation.[FN2]

[2][3][4] This does not mean, of course, that allegations in a complaint can never be frivolous, or that a district court can never determine that a complaint or answer was filed in bad faith. But the mechanism for doing so is in Rule 11, which deals specifically with bad faith conduct. MPRI points to Rule 11 as a source of the district court's authority for the order it entered here. But Rule 11 can play no role in this case because the district court did not invoke the rule's procedural safeguards, nor did it employ the rule's substantive standard, which

would have required a finding that PAE or its counsel acted in bad faith.[FN3] The district court has no free-standing authority to strike pleadings simply because it believes that a party has taken inconsistent positions in the litigation. Rather, the district court's powers are generally limited to those provided by the Federal Rules of Civil Procedure. Though the Federal Circuit reached a contrary conclusion in *Bradley v. Chiron Corp.*, 136 F.3d 1317, 1326 (Fed.Cir.1998), no other court of appeals has followed that decision, and we decline to do so.[FN4]

*3 [5] The short of it is that there is nothing in the Federal Rules of Civil Procedure to prevent a party from filing successive pleadings that make inconsistent or even contradictory allegations. Unless there is a showing that the party acted in bad faith-a showing that can only be made after the party is given an opportunity to respond under the procedures of Rule 11-inconsistent allegations are simply not a basis for striking the pleading. The district court's order, which is based on the contrary conclusion, must be reversed.

[6]2. Because MPRI made its alleged promises in connection with the Teaming Agreement, that agreement's choice-of-law clause governs PAE's promissory estoppel claim. See *Nedlloyd Lines B.V. v. Superior Court*, 3 Cal.4th 459, 470, 11 Cal.Rptr.2d 330, 834 P.2d 1148 (1992) (agreement's choice-of-law clause applies to "all causes of action arising from or related to that agreement"); *Olinick v. BMG Entm't*, 138 Cal.App.4th 1286, 1300, 42 Cal.Rptr.3d 268 (Ct.App.2006) (choice-of-law clause applies to claims that are "inextricably intertwined with the construction and enforcement" of the contract). The Teaming Agreement chooses Virginia law, which doesn't recognize promissory estoppel as a cause of action. *W.J. Schafer Assocs., Inc. v. Cordant, Inc.*, 254 Va. 514, 521, 493 S.E.2d 512 (1997). We see no reason not to enforce the agreement's choice of law: Virginia has a substantial relationship to MPRI (which has its principal place of business there), and enforcing the clause won't violate a fundament-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.3d ----                          FOR EDUCATIONAL USE ONLY                          Page 5
--- F.3d ----, 2007 WL 4394427 (C.A.9 (Cal.)), 07 Cal. Daily Op. Serv. 14,394, 2007 Daily Journal D.A.R. 18,572
(Cite as: --- F.3d ----)

al policy of California. *See Gamer v. duPont Glore Forgan, Inc.,* 65 Cal.App.3d 280, 287-88, 135 Cal.Rptr. 230 (Ct.App.1976) (quoting Restatement (Second) Conflict of Laws § 187). The district court properly dismissed PAE's promissory estoppel claim.

\* \* \*

Rule 12 provides no authority to dismiss "sham" pleadings. If a party believes that its opponent pled in bad faith, it can seek other means of redress, such as sanctions under Rule 11, 28 U.S.C. § 1927 or the court's inherent authority. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 45-46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991).

**REVERSED in part, AFFIRMED in part and REMANDED. No costs.**

FN1. PAE has not appealed that ruling, so we don't consider the district court's interpretation of Virginia law or its application of that law to the Teaming Agreement.

FN2. PAE's earlier allegation may or may not have relevance to further proceedings in the case, including any under Rule 11. To the extent the superseded pleading is verified, it becomes something akin to a sworn declaration, and the party that presented it may suffer a loss of credibility before the trier of fact, which may be less inclined to believe a party that has sworn to inconsistent material statements. Also, a party's representations may judicially estop it from taking a contrary position in later proceedings. We mention this only as a theoretical possibility in the interest of completeness, not because we believe it could apply here. Indeed, the requirements for judicial estoppel are strict, *see Fredenburg v. Contra Costa County Dep't of Health Servs.,* 172 F.3d 1176, 1180 (9th Cir.1999), and nothing we have seen in

this record suggests those requirements are met here.

FN3. A prior version of Rule 11 did authorize a district court to "strike pleadings ... as sham and false," but this provision was eliminated in 1983. *See*Fed.R.Civ.P. 11 advisory committee's note to 1983 amendment; 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1336.3 (3d ed.2004). MPRI relies on one of our Rule 11 precedents, *Ellingson v. Burlington Northern, Inc.,* 653 F.2d 1327 (9th Cir.1981), but *Ellingson* is no longer good law after the amendment to Rule 11.

The Advisory Committee notes to Rule 11 suggest that the 1983 amendment was designed to avoid precisely the type of error committed by the district court here: "confus[ing] the issue of attorney honesty with the merits of the action."Though false factual assertions may be evidence of bad faith, they are usually not; generally, they are the result of ignorance, misunderstanding or undue optimism. If bad faith is found, in accordance with the procedures outlined in Rule 11, the district court has wide latitude to impose sanctions, including the striking of the offending pleading. *See, e.g., Morris v. Wachovia Sec., Inc.,* 448 F.3d 268, 284 (4th Cir.2006). But absent a finding of bad faith, factual allegations in the complaint (or answer) must be tested through the normal mechanisms for adjudicating the merits.

FN4. Ironically, *Bradley* purported to rely on two of our cases. One of them is *Ellingson;* for reasons explained p. ---- n. 3 *supra,* that case does not survive the amendments to Rule 11. The other case *Bradley* relied on was *Reddy v. Litton Industries, Inc.,* 912 F.2d 291 (9th Cir.1990), a case that stands for the unremarkable proposition that, where a complaint cannot be cured by amendment, the district court may deny leave to amend under Rule 15.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.3d ----, 2007 WL 4394427 (C.A.9 (Cal.)), 07 Cal. Daily Op. Serv. 14,394, 2007 Daily Journal D.A.R. 18,572
**(Cite as: — F.3d ----)**

*Id.* at 296.We see no analogy between that situation and the one presented here. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) ("futility of amendment" is reason to deny leave to amend).

C.A.9 (Cal.),2007.

PAE Government Services, Inc. v. MPRI, Inc.

--- F.3d ----, 2007 WL 4394427 (C.A.9 (Cal.)), 07 Cal. Daily Op. Serv. 14,394, 2007 Daily Journal D.A.R. 18,572

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

51.    On December 3, 2007, Gabors filed this civil complaint with DEMAND FOR JURY TRIAL,

and the COURT STAFF assigned a magistrate in violation of Article III, and set it not for jury trial BUT

ALTERNATE DISPUTE RESOLUTION, see DOCKET 5:07-cv-06091 PVT in violation of due process

and Rules 73 and 79 which provide:

**Rule 73. Magistrate Judges: Trial by Consent; Appeal**
    **(a) Trial by Consent.** When authorized under 28 U.S.C. Â§ 636(c), a magistrate judge
*may, if all parties consent, conduct a civil action or proceeding, including a jury or nonjury trial.*
A record must be made in accordance with 28 U.S.C. Â§ 636(c)(5).
    **(b) Consent Procedure.**
        (1) In General.
When a magistrate judge has been designated to conduct civil actions or proceedings, the
clerk must give the parties written notice of their opportunity to consent under 28 U.S.C.
§ 636(c). To signify their consent, the parties must jointly or separately file a statement
consenting to the referral. A district judge or magistrate judge may be informed of a
party's response to the clerk's notice only if all parties have consented to the referral.
        (2) Reminding the Parties About Consenting.
A district judge, magistrate judge, or other court official may remind the parties of the
magistrate judge's availability, but must also advise them that they are free to withhold
consent without adverse substantive consequences.
        (3) Vacating a Referral.
On its own for good cause — or when a party shows extraordinary circumstances — the
district judge may vacate a referral to a magistrate judge under this rule.
    **(c) Appealing a Judgment.** In accordance with 28 U.S.C. § 636(c)(3), an appeal from a
*judgment entered at a magistrate judge's direction may be taken to the court of appeals as would*
any other appeal from a district-court judgment.

### X. DISTRICT COURTS AND CLERKS > Rule 79.

**Rule 79. Records Kept by the Clerk**
    **(a) Civil Docket.**
        (1) In General.
The clerk must keep a record known as the "civil docket" in the form and manner prescribed by
the Director of the Administrative Office of the United States Courts with the approval of the
Judicial Conference of the United States. The clerk must enter each civil action in the docket.
Actions must be assigned consecutive file numbers, which must be noted in the docket where the
first entry of the action is made.
        (2) Items to be Entered.
The following items must be marked with the file number and entered chronologically in the
docket:
            (A) papers filed with the clerk;
            (B) process issued, and proofs of service or other returns showing
execution; and
            (C) appearances, orders, verdicts, and judgments.

**(3) Contents of Entries; Jury Trial Demanded.**
Each entry must briefly show the nature of the paper filed or writ issued, the substance of each proof of service or other return, and the substance and date of entry of each order and judgment. When a jury trial has been properly demanded or ordered, the clerk must enter the word "jury" in the docket.

**(b) Civil Judgments and Orders**. The clerk must keep a copy of every final judgment and appealable order; of every order affecting title to or a lien on real or personal property; and of any other order that the court directs to be kept. The clerk must keep these in the form and manner prescribed by the Director of the Administrative Office of the United States Courts with the approval of the Judicial Conference of the United States.

**(c) Indexes; Calendars.** *Under the court's direction, the clerk must:*

(1) keep indexes of the docket and of the judgments and orders described in Rule 79(b); and

(2) prepare calendars of all actions ready for trial, distinguishing jury trials from nonjury trials.

**(d) Other Records**. The clerk must keep any other records required by the Director of the Administrative Office of the United States Courts with the approval of the Judicial Conference of the United States.

52.    The docket of 5:07-cv-06091-PVT provides:

ADRMOP, E-Filing, ProSe

# U.S. District Court
## California Northern District (San Jose)
## CIVIL DOCKET FOR CASE #: 5:07-cv-06091-PVT

Gabor et al v. United States Of America et al
Assigned to: Magistrate Judge Patricia V. Trumbull
Demand: $1,000,000
Cause: 28:1343 Violation of Civil Rights

Date Filed: 12/03/2007
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: U.S. Government
Defendant

**Plaintiff**

**John Gabor**                                  represented by **John Gabor**
                                                                 590 Smokey Court
                                                                 Campbell, CA 95008-3717
                                                                 408-378-4326
                                                                 PRO SE

**Plaintiff**

**Kay Gabor**                                   represented by **Kay Gabor**
                                                                 590 Smokey Court
                                                                 Campbell, CA 95008-3717
                                                                 408-378-4326
                                                                 PRO SE

V.

**Defendant**

**United States Of America**
*in its official capacity*

**Defendant**

**Michael Mucasey**
*in his official capacity as United States*
*Attorney General*

**Defendant**

**Administrative Office of the United**
**States District Court**
*in its official capacity*

**Defendant**

**James A Scharf**
*in his official and individual capacity*

**Defendant**

**Marcy Berkman**
*in her official and individual capacity*

**Defendant**

**James Timothy Schmal**
*in his corporate and individual capacity*

**Defendant**

**Bradley Alan Solomon**
*in his official and individual capacity*

**Defendant**

**Jackie Garcia**
*in her official and individual capacity*

**Defendant**

**Burleigh E Sabin**
*in her official and individual capacity*

**Defendant**

**Burton, Volkmann & Schmal LLP**
*in its corporate capacity*

**Defendant**

**D Miyashiro**
*in her official and individual capacity*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 12/03/2007 | 1 | Civil Rights COMPLAINT (6 Claims); and Due Process Pursuant to Order of April 30, 2007 (Summons Issued; Jury Demand; against all defendants ( Filing fee $ 350, receipt number 54611002174). Filed by John Gabor, Kay Gabor. (bw, COURT STAFF) (Filed on 12/3/2007) Modi (Entered: 12/03/2007) |
| 12/03/2007 | 2 | ADR SCHEDULING ORDER: Case Management Conference set for 3/25/2008 02:00 PM. Case Management Statement due by 3/18/2008. (bw, COURT STAFF) (Filed on 12/3/2007) (Entered: 12/03/2007) |
| 12/03/2007 | | Summons Issued as to Administrative Office of the United States District Court, U.S. Attorney and U.S. Attorney General (bw, COURT STAFF) (Filed on 12/3/2007) (Entered: 12/03/2007) |
| 12/03/2007 | | Summons Issued as to Marcy Berkman. (bw, COURT STAFF) (Filed on 12/3/2007) (Entered: 12/03/2007) |
| 12/03/2007 | | Summons Issued as to Burton, Volkmann & Schmal LLP. (bw, COURT STAFF) (Filed on 12/3/2007) (Entered: 12/03/2007) |

| 12/03/2007 | | Summons Issued as to D. Miyashiro, U.S. Attorney and U.S. Attorney General (bw, COURT STAFF) (Filed on 12/3/2007) Modified on 12/5/2007 (bw, COURT STAFF). (Entered: 12/03/2007) |
| --- | --- | --- |
| 12/03/2007 | | Summons Issued as to Jackie Garcia, U.S. Attorney and U.S. Attorney General (bw, COURT STAFF) (Filed on 12/3/2007) (Entered: 12/03/2007) |
| 12/03/2007 | | Summons Issued as to Bradley Alan Solomon, U.S. Attorney and U.S. Attorney General (bw, COURT STAFF) (Filed on 12/3/2007) (Entered: 12/03/2007) |
| 12/03/2007 | | Summons Issued as to Burleigh E Sabin. (bw, COURT STAFF) (Filed on 12/3/2007) (Entered: 12/03/2007) |
| 12/03/2007 | | Summons Issued as to James Timothy Schmal. (bw, COURT STAFF) (Filed on 12/3/2007) (Entered: 12/03/2007) |
| 12/03/2007 | | *Summons Issued as to United States Of America, U.S. Attorney and U.S. Attorney General* (bw, COURT STAFF) (Filed on 12/3/2007) (Entered: 12/04/2007) |
| 12/03/2007 | | Summons Issued as to Michael Mucasey, U.S. Attorney and U.S. Attorney General (bw, COURT STAFF) (Filed on 12/3/2007) (Entered: 12/04/2007) |
| 12/03/2007 | | Summons Issued as to James A Scharf, U.S. Attorney and U.S. Attorney General (bw, COURT STAFF) (Filed on 12/3/2007) (Entered: 12/04/2007) |

| PACER Service Center | | | |
| --- | --- | --- | --- |
| Transaction Receipt | | | |
| 03/10/2008 08:08:51 | | | |
| PACER Login: | in0140 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 5:07-cv-06091-PVT |
| Billable Pages: | 2 | Cost: | 0.16 |

53.    Defendant ADMINISTRATIVE OFFICE OF THE UNITED STATES DISTRICT COURT,

Director James Duff, failed to train and supervise the district court clerks and facilitated the "corruption

of the district court and the collection of unlawful debt" knowing that pro se litigants would never

receive due process guaranteed by the Federal Rules of Civil Procedure with intent to defraud Gabors.

## PLAINTIFFS FIRST CLAIM AGAINST ALL DEFENDANTS FOR DEPRIVATION OF FIRST AMENDMENT RIGHT TO PETITION FOR REDRESS IN U.S.D.C.

54.    The factual allegations stated in paragraphs 1 though 54 are hereby incorporated pursuant to

Rule 10.

55.    Plaintiffs Gabor hereby present their first claim against ALL DEFENDANTS for deprivation of

their First Amendment right to petition for redress of grievances in the district court and an answer to the

petition as guaranteed by federal rules of civil procedures, as amended.

## PLAINTIFFS SECOND CLAIM AGAINST ALL DEFENDANTS FOR DEPRIVATION OF THEIR RIGHT TO AN HONEST ARTICLE III JUDGE TO PREFORM HIS DUTIES AND OBLIGATIONS PURSUANT TO THEIR OATHES AND THE FEDERAL CIVIL *JUDICIAL* PROCEDURES ABD RULES

56.    The factual allegations stated in paragraphs 1 though 55 are hereby incorporated pursuant to

Rule 10.

57.    Plaintiffs Gabor hereby present their second claim against ALL DEFENDANTS for deprivation

of their right to an honest Article III judge to perform his duties and obligations pursuant to their oathes

and the Federal Civil *Judicial* Procedures and Rules as a constitutional guarantee in return for the

payment to the filing fee and commencement of action pursuant to Rule 3.

## PLAINTIFFS THIRD CLAIM AGAINST ALL DEFENDANTS FOR CONVERSION OF THEIR PROPERTY TO PUBLIC USE WITHOUT JUST COMPENSATION OR DUE PROCESS AS SECURED BY THE FIFTH AMENTMENT

58.    The factual allegations stated in paragraphs 1 though 57 are hereby incorporated pursuant to Rule 10.

59.    Plaintiffs Gabor hereby present their third claim against ALL DEFENDANTS for conversion of their property to public use without just compensation or due process as secured by the Fifth Amendment as established by Defendants "improper pleadings filed in the district court" to defame and publicly damage the Gabor's business good will and property rights.

### PLAINTIFFS FOURTH CLAIM AGAINST ALL DEFENDANTS FOR CONSPIRACY TO CONDUCT THE AFFAIRS OF THE STATE COURTS AND THE DISTRICT COURTS THROUGH A PATTERN OF PREDICATE ACTS OF RACKETEERING IN VIOLATION OF SECTION 1962(d) FOR THE COLLECTION OF UNLAWFUL DEBT BY JUDICIAL CORRUPTION AND DEPRIVATION OF RIGHTS SECURED BY THE FOURTEENTH AMENDMENT

60.    The factual allegations stated in paragraphs 1 though 59 are hereby incorporated pursuant to Rule 10.

61.    Plaintiffs Gabor hereby present their fourth claim against ALL DEFENDANTS for conspiracy to conduct the state courts and the district courts through a pattern of predicate acts of racketeering on violation of section 1962(d), of Title 18 U.S.C., for the collection of unlawful debt by judicial corruption and deprivation of rights secured by the Fourteenth Amendment.

### PLAINTIFFS FIFTH CLAIM AGAINST ALL DEFENDANTS FOR DEPRIVATION OF THEIR SEVENTH AMENDMENT RIGHT TO JURY TRIAL OF ALL ISSUES PURSUANT TO RULE 38

62.    The factual allegations stated in paragraphs 1 though 61 are hereby incorporated pursuant to Rule 10.

63.    Plaintiffs Gabor hereby present their fifth claim against ALL DEFENDANTS for deprivations of their rights secured by the Seventh Amendment to trial by jury of all issues pursuant to Rule 38, by unlawful bribery of clerks and judges and unlawful delegation of Article III duties and obligations to COURT STAFF, as a scheme to defraud citizens of their intangible right to honest services as

articulated in Title 18 U.S.C. §§ 1341 and 1346.

## PLAINTIFFS SIXTH CLAIM AGAINST ALL DEFENDANTS FOR DEPRIVATION OF RIGHTS SECURED BY ARTICLE III, AND THE FIFTH, SEVENTH AND FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES BY BRIBERY AND FALSE REPRESENTATIONS OF IMMUNITY UNDER COLOR OF OFFICIAL RIGHT

64.    The averments stated in paragraphs 1 though 63 are hereby incorporated pursuant to Rule 10.

65.    Plaintiffs Sixth Claim against ALL DEFENDANTS for deprivation of the rights secured by

Article III of the Constitution and the Fifth, Seventh and Fourteenth Amendment to the Constitution for

the United States by "bribery" and false representation of immunity under color of official right

knowing that immunity for civil rights violation in the State of California is *not* applicable for claims

under 42 U.S.C. § 1983 and federal actors are denied immunity under 28 U.S.C. § 2679 for

constitutional claims.

## PLAINTIFFS CLAIMS FOR DAMAGES AND INJUNCTIVE RELIEF

66.    The averments stated in paragraphs 1 though 65 are hereby incorporated pursuant to Rule 10.

67.    As a proximate and natural result of ALL DEFENDANTS' conspiracy to injure John

Gabor and Kay Gabor, All Defendants did commit acts, and omissions, including those of their

agents, officers, employees, who were acting in conspiracy and joint participation under color of official

right, or under color of state law as governmental actors and private actors, plaintiffs John Gabor and

Kay Gabor have been subjected to injuries and have suffered, and more likely than not, will suffer the

following damages, and DEMAND relief from EACH AND EVERY DEFENDANT as follows:

a.    Damages in the amount of $1,000,000.00 against EACH defendant in default

b.    Consequential damages;

c.    damages, reasonable attorney's fees, and costs;

d.    Exemplary and/or punitive damages;

e.    Prejudgment and post judgment interest, and

f.    Any other monetary relief awarded by the JURY as they believe

reasonable and just compensation for Defendants' conduct which was egregious and the direct or

indirect, and proximate causation of plaintiff's injuries under the totality of the circumstances and by the

preponderance of the evidence, Federal Rules of Civil Procedure, Rule 301. Presumptions

in civil actions and proceeding.

68.    WHEREFORE, plaintiff JOHN GABOR and plaintiff KAY GABOR respectfully pray

for Trial by Jury, F..R.C.P. Rule 38, in this civil action, and Judgment be rendered against ALL

DEFENDANTS for their conduct and behavior which deprived Plaintiff of rights secured

by Acts of Congress and the Constitution of the United States and caused injuries to their persons,

property and business in violation of CIVIL RIGHTS.

## VERIFIED AND CERTIFICATION, F.R.E., RULE 801

69.    We, JOHN GABOR and KAY GABOR, plaintiffs in the above entitled action, do swear

under penalty of perjury under the laws of the United States, that the foregoing is of our

personal knowledge, being true and correct, pursuant to F.R.C.P. Rule 301, and admissible into evidence

against all defendants under the 1997 Amendment to Federal Rules of Evidence, Rule 801 et seq.

Respectfully submitted,

DATED: March 14, 2008

_____
JOHN GABOR, plaintiff
590 Smokey Court
Campbell, CA 95008

DATED: March 14, 2008

_____
KAY GABOR, plaintiff
590 Smokey Court
Campbell, CA 95008

EXHIBIT NO. 1 INSERT RULE 10(c): DOCKET 07-04226, page 1-12

**GABOR v. USA FIRST AMENDED CIVIL RIGHTS COMPLAINT; DEMAND FOR JURY TRIAL**          **page 65**

ADRMOP, E-Filing, ProSe

# U.S. District Court
## California Northern District (San Jose)
## CIVIL DOCKET FOR CASE #: 5:07-cv-04266-RMW

| | |
|---|---|
| Gabor et al v. County of Santa Clara Board of Supervisors et al | Date Filed: 08/20/2007 |
| Assigned to: Hon. Ronald M. Whyte | Jury Demand: Plaintiff |
| Referred to: Magistrate Judge Howard R. Lloyd | Nature of Suit: 440 Civil Rights: Other |
| Demand: $1,000,000 | Jurisdiction: U.S. Government Plaintiff |
| Cause: 42:1983 Civil Rights Act | |

**Plaintiff**

**John Gabor**                    represented by   **John Gabor**
                                                   590 Smokey Court
                                                   Campbell, CA 95008-3717
                                                   408-378-4326
                                                   PRO SE


**Plaintiff**

**Kay Gabor**                     represented by   **Kay Gabor**
                                                   590 Smokey Court
                                                   Campbell, CA 95000-3717
                                                   408-378-4326
                                                   PRO SE


V.

**Defendant**

**County of Santa Clara Board of**   represented by   **Marcy Berkman**
**Supervisors**                                       Attorney at Law
*in their official capacity*                          70 West Hedding Street, 9th Floor, East
                                                      Wing
                                                      San Jose, CA 95110
                                                      408-299-5900
                                                      Email: marcy.berkman@cco.sccgov.org

                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**Ken Yeager**
*in his municipal and individual capacity*

**Defendant**

**Ann Ravel**
*county counsel, in her municipal and*
*individual capacity*

**Defendant**

**Delores Carr**
*District Attorney, in her official and*
*individual capacity*

**Defendant**

**Laurie Smith**
*Sheriff, in her municipal and individual*
*capacity*

**Defendant**

**City of Campbell**                    represented by  **Timothy James Schmal, Esq.**
*in its municipal capacity*                             Burton, Volkmann & Schmal, LLP
                                                        133 Mission Street
                                                        Suite 102
                                                        Santa Cruz, CA 95060
                                                        831-425-5023
                                                        Fax: 831-427-3159
                                                        Email: TSchmal@bvsllp.com
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Burleigh E Sabin**
                                                        Burton Volkmann and Schmal
                                                        133 Mission Street
                                                        Suite 102
                                                        Santa Cruz, CA 95060
                                                        831-425-5023
                                                        Fax: 831-427-3159
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Daniel Rich**                         represented by  **Timothy James Schmal, Esq.**
*City of Campbell, City Manager in his*                 (See above for address)
*official and individual capacity*                      *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Burleigh E Sabin**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**City of Campbell Community**          represented by  **Timothy James Schmal, Esq.**
**Development Department**                               (See above for address)
*in its municipal capacity*                             *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Burleigh E Sabin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Susan Morgado-Gray**
*in her municipal and individual*
*capacity*

represented by **Timothy James Schmal, Esq.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Burleigh E Sabin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Edmund Brown, Jr**
*Attorney General, in his official*
*capacity*
*TERMINATED: 09/12/2007*

represented by **Bradley Alan Solomon**
Office of the Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102
415-703-5627
Email: bradley.solomon@doj.ca.gov
*TERMINATED: 09/12/2007*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Scott N. Schools**
*United States Attorney for the Northern*
*District of California in his official*
*capacity*

represented by **James A. Scharf**
Office of the United States Attorney
150 Almaden Blvd., Suite 900
San Jose, CA 95113
(408) 535-5044
Fax: (408) 535-5081
Email: james.scharf@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/20/2007 | 1 | CIVIL RIGHTS COMPLAINT: FRCP Rule 65 Temporary Restraining Order, Order to Show Cause; Temporary Injunction, (Summons Issued); jury demand against all defendants ( Filing fee $ 350, receipt number 54611001543) Filed by John Gabor, Kay Gabor. (bw, COURT STAFF) (Filed on 8/20/2007) (Entered: 08/21/2007) |
| 08/20/2007 | 2 | Received Temporary Restraining Order and Order to Show Cause re Preliminary Injunction by John Gabor, Kay Gabor. (bw, COURT STAFF) (Filed on 8/20/2007) (Entered: 08/21/2007) |
| | | |

| 08/20/2007 | 3 | ADR SCHEDULING ORDER: Case Management Statement due by 11/30/2007. Case Management Conference set for 12/7/2007 10:30 PM. (bw, COURT STAFF) (Filed on 8/20/2007) (Entered: 08/21/2007) |
|---|---|---|
| 08/20/2007 | | Summons Issued as to Daniel Rich, Susan Morgado-Gray, Edmund Brown, Jr, Scott N. Schools, County of Santa Clara Board of Supervisors, Ken Yeager, Ann Ravel, Delores Carr, Laurie Smith, City of Campbell. (bw, COURT STAFF) (Filed on 8/20/2007) (Entered: 08/21/2007) |
| 08/20/2007 | | Summons Issued as to City of Campbell Community Development Department. (bw, COURT STAFF) (Filed on 8/20/2007) (Entered: 08/21/2007) |
| 08/21/2007 | 4 | ORDER Denying Temporary Restraining Order; Denying Application for Order to Show Cause. Signed by Judge Whyte on 8/21/07. (rmwlc2, COURT STAFF) (Filed on 8/21/2007) (Entered: 08/21/2007) |
| 08/27/2007 | 5 | ORDER Denying Temporary Restraining Order; Denying Application for Order to Show Cause without Prejudice. Signed by Judge Ronald M. Whyte on 8/27/07. (rmwlc1, COURT STAFF) (Filed on 8/27/2007) (Entered: 08/27/2007) |
| 08/27/2007 | 6 | MOTION for Preliminary Injunction; Memorandum of Points and Authorities in Support; Proof of Service, Rule 5(a) filed by John Gabor, Kay Gabor. (bw, COURT STAFF) (Filed on 8/27/2007) (Entered: 08/28/2007) |
| 08/27/2007 | 7 | AMENDED Temporary Restraining Order and Order to Show Cause re Preliminary Injunction; Proof of Service, Rule 5(a) by John Gabor, Kay Gabor. (bw, COURT STAFF) (Filed on 8/27/2007) (Entered: 08/28/2007) |
| 08/27/2007 | 8 | PROOF OF SERVICE re 7 , 6 by John Gabor, Kay Gabor (bw, COURT STAFF) (Filed on 8/27/2007) ). (Entered: 08/28/2007) |
| 08/28/2007 | 9 | SUMMONS Returned Executed by John Gabor, Kay Gabor. Susan Morgado-Gray served on 8/21/2007, answer due 9/10/2007. (srm, COURT STAFF) (Filed on 8/28/2007) (Entered: 08/29/2007) |
| 08/28/2007 | 10 | SUMMONS Returned Executed by John Gabor, Kay Gabor. Laurie Smith served on 8/21/2007, answer due 9/10/2007. (srm, COURT STAFF) (Filed on 8/28/2007) (Entered: 08/29/2007) |
| 08/28/2007 | 11 | SUMMONS Returned Executed by John Gabor, Kay Gabor. City of Campbell Community Development Department served on 8/21/2007, answer due 9/10/2007. (srm, COURT STAFF) (Filed on 8/28/2007) (Entered: 08/29/2007) |
| 08/28/2007 | 12 | SUMMONS Returned Executed by John Gabor, Kay Gabor. Scott N. Schools served on 8/21/2007, answer due 9/10/2007. (srm, COURT STAFF) (Filed on 8/28/2007) (Entered: 08/29/2007) |
| 08/28/2007 | 13 | SUMMONS Returned Executed by John Gabor, Kay Gabor. City of Campbell served on 8/21/2007, answer due 9/10/2007. (srm, COURT |

| | | STAFF) (Filed on 8/28/2007) (Entered: 08/29/2007) |
|---|---|---|
| 08/28/2007 | 14 | SUMMONS Returned Executed by John Gabor, Kay Gabor. Daniel Rich served on 8/21/2007, answer due 9/10/2007. (srm, COURT STAFF) (Filed on 8/28/2007) (Entered: 08/29/2007) |
| 09/05/2007 | 16 | SUMMONS Returned Executed by John Gabor, Kay Gabor. County of Santa Clara Board of Supervisors served on 8/23/2007, answer due 9/12/2007. (dhm, COURT STAFF) (Filed on 9/5/2007) (Entered: 09/10/2007) |
| 09/05/2007 | 17 | SUMMONS Returned Executed by John Gabor, Kay Gabor. Delores Carr served on 8/22/2007, answer due 9/11/2007. (dhm, COURT STAFF) (Filed on 9/5/2007) (Entered: 09/10/2007) |
| 09/05/2007 | 18 | SUMMONS Returned Executed by John Gabor, Kay Gabor. Ann Ravel served on 8/22/2007, answer due 9/11/2007. (dhm, COURT STAFF) (Filed on 9/5/2007) (Entered: 09/10/2007) |
| 09/05/2007 | 19 | SUMMONS Returned Executed by John Gabor, Kay Gabor. Ken Yeager served on 8/23/2007, answer due 9/12/2007. (dhm, COURT STAFF) (Filed on 9/5/2007) (Entered: 09/10/2007) |
| 09/05/2007 | 20 | SUMMONS Returned Executed by John Gabor, Kay Gabor. Edmund Brown, Jr served on 8/22/2007, answer due 9/11/2007. (dhm, COURT STAFF) (Filed on 9/5/2007) (Entered: 09/10/2007) |
| 09/05/2007 | 24 | Proof of Compliance with District Court's Order 5 by John Gabor, Kay Gabor (dhm, COURT STAFF) (Filed on 9/5/2007) (Entered: 09/13/2007) |
| 09/05/2007 | 25 | JUDICIAL NOTICE RULE 201; CHANGE OF LAW by John Gabor, Kay Gabor (dhm, COURT STAFF) (Filed on 9/5/2007) (Entered: 09/13/2007) |
| 09/06/2007 | 15 | STIPULATION *Re: Dismissal of Edmund G. Brown, Jr., California Attorney General* by Edmund Brown, Jr. (Attachments: # 1 Proposed Order # 2 Declaration of Service)(Solomon, Bradley) (Filed on 9/6/2007) (Entered: 09/06/2007) |
| 09/10/2007 | 21 | MOTION to Dismiss *filed by Defendants, CITY OF CAMPBELL, DANIEL RICH, Campbell City Manager, CITY OF CAMPBELL COMMUNITY DEVELOPMENT DEPARTMENT (a legally indistinguishable sub-entity of the CITY OF CAMPBELL, SUSAN MORGADO-GRAY* filed by City of Campbell. (Schmal, Timothy) (Filed on 9/10/2007) (Entered: 09/10/2007) |
| 09/12/2007 | 22 | ORDER 15 for Dismissal of Defendant Edmund G. Brown, Jr., California Attorney General. Edmund Brown, Jr terminated. Signed by Judge Ronald M. Whyte on 9/12/07. (jg, COURT STAFF) (Filed on 9/12/2007) (Entered: 09/12/2007) |
| 09/13/2007 | 23 | MOTION to Dismiss *MOTION FOR DISMISSAL [FRCP 12(b)(6)]; MOTION FOR MORE DEFINITE STATEMENT and MOTION TO STRIKE PLAINTIFFS PLEADING [FRCP 12(e)]; OPPOSITION TO* |

| | | |
|---|---|---|
| | | *TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION [FRCP 65]; MOTION TO REQUIRE PLAINTIFFS TO OBTAIN LEAVE OF COURT TO FILE SUBSEQUENT REDUNDANT CLAIMS AGAINST DEFENDANTS (Vexatious Litigant)* filed by County of Santa Clara Board of Supervisors. Motion Hearing set for 10/26/2007 09:00 AM in Courtroom 6, 4th Floor, San Jose. (Berkman, Marcy) (Filed on 9/13/2007) (Entered: 09/13/2007) |
| 09/13/2007 | 28 | APPLICATION for Entry of Default as to Community Development Department, in its municipal capacity filed by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | 29 | Declaration of John Gabor and Kay Gabor in Support of 28 APPLICATION for Entry of Default as to Community Development Department, in its municipal capacity filed by John Gabor, Kay Gabor. (Related document(s) 28 ) (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | | Received Document re 28 APPLICATION for Entry of Default as to Community Development Department, in its municipal capacity by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | 30 | APPLICATION for Entry of Default as to Ann Ravel, in her individual capacity filed by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | 31 | Declaration of John Gabor and Kay Gabor in Support of 30 APPLICATION for Entry of Default as to Ann Ravel, in her individual capacity filed by John Gabor, Kay Gabor. (Related document(s) 30 ) (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | | Received Document re 30 APPLICATION for Entry of Default as to Ann Ravel, in her individual capacity by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | 32 | APPLICATION for Entry of Default as to Susan Morgado-Gray, in her individual capacity filed by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | 33 | Declaration of John Gabor and Kay Gabor in Support of 32 APPLICATION for Entry of Default as to Susan Morgado-Gray, in her individual capacity filed by John Gabor, Kay Gabor. (Related document(s) 32 ) (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | | Received Document re 32 APPLICATION for Entry of Default as to Susan Morgado-Gray, in her individual capacity by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | 34 | APPLICATION for Entry of Default as to County of Santa Clara Board of Supervisors, in their municipal capacity filed by John Gabor, Kay |

| | | |
|---|---|---|
| | | Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | 35 | Declaration of John Gabor and Kay Gabor in Support of 34 APPLICATION for Entry of Default as to County of Santa Clara Board of Supervisors, in their municipal capacity filed by John Gabor, Kay Gabor. (Related document(s) 34 ) (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | | Received Document re 34 APPLICATION for Entry of Default as to County of Santa Clara Board of Supervisors, in their municipal capacity by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | 36 | APPLICATION for Entry of Default as to City of Campbell, in its municipal capacity filed by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | 37 | Declaration of John Gabor and Kay Gabor in Support of 36 APPLICATION for Entry of Default as to City of Campbell, in its municipal capacity filed by John Gabor, Kay Gabor. (Related document(s) 36 ) (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | | Received Document re 36 APPLICATION for Entry of Default as to City of Campbell, in its municipal capacity by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | 38 | APPLICATION for Entry of Default as to Daniel Rich, in his individual capacity filed by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | 39 | Declaration of John Gabor and Kay Gabor in Support of 38 APPLICATION for Entry of Default as to Daniel Rich, in his individual capacity filed by John Gabor, Kay Gabor. (Related document(s) 38 ) (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | | Received Document re 38 APPLICATION for Entry of Default as to Daniel Rich, in his individual capacity by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | 40 | APPLICATION for Entry of Default as to Laurie Smith, in her individual capacity filed by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | 41 | Declaration of John Gabor and Kay Gabor in Support of 40 APPLICATION for Entry of Default as to Laurie Smith, in her individual capacity filed by John Gabor, Kay Gabor. (Related document(s) 40 ) (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | | Received Document re 40 APPLICATION for Entry of Default as to Laurie Smith, in her individual capacity by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |

| 09/13/2007 | 42 | APPLICATION for Entry of Default as to Delores Carr, in her individual capacity filed by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/18/2007) |
|---|---|---|
| 09/13/2007 | 43 | Declaration of John Gabor and Kay Gabor in Support of 42 APPLICATION for Entry of Default as to Delores Carr, in her individual capacity filed by John Gabor, Kay Gabor. (Related document(s) 42 ) (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/18/2007) |
| 09/13/2007 | | Received Document re 42 APPLICATION for Entry of Default as to Delores Carr, in her individual capacity by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/18/2007) |
| 09/13/2007 | 44 | APPLICATION for Entry of Default as to Ken Yeager, in his individual capacity filed by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/18/2007) |
| 09/13/2007 | 45 | Declaration of John Gabor and Kay Gabor in Support of 44 APPLICATION for Entry of Default as to Ken Yeager, in his individual capacity filed by John Gabor, Kay Gabor. (Related document(s) 44 ) (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/18/2007) |
| 09/13/2007 | | Received Document re 44 APPLICATION for Entry of Default as to Ken Yeager, in his individual capacity by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/18/2007) |
| 09/14/2007 | 26 | MOTION to Dismiss *[NOTICE OF]* filed by Daniel Rich, City of Campbell Community Development Department, Susan Morgado-Gray, City of Campbell. Motion Hearing set for 10/26/2007 09:00 AM in Courtroom 6, 4th Floor, San Jose. (Schmal, Timothy) (Filed on 9/14/2007) (Entered: 09/14/2007) |
| 09/14/2007 | 27 | CERTIFICATE OF SERVICE by Daniel Rich, City of Campbell Community Development Department, Susan Morgado-Gray, City of Campbell *ON DEFENDANTS' NOTICE OF HEARING OF MOTION FOR DISMISSAL...* (Schmal, Timothy) (Filed on 9/14/2007) (Entered: 09/14/2007) |
| 09/18/2007 | 46 | Clerk's DECLINATION OF DEFAULT as to Delores Carr. (Related documents(s) 42 ) (dhm, COURT STAFF) (Filed on 9/18/2007) (Entered: 09/18/2007) |
| 09/18/2007 | 47 | Clerk's DECLINATION OF DEFAULT as to City of Campbell. (Related documents(s) 36 ) (dhm, COURT STAFF) (Filed on 9/18/2007) (Entered: 09/18/2007) |
| 09/18/2007 | 48 | Clerk's DECLINATION OF DEFAULT as to Community Development Dept. (Related documents(s) 28 ) (dhm, COURT STAFF) (Filed on 9/18/2007) (Entered: 09/18/2007) |
| 09/18/2007 | 49 | Clerk's DECLINATION OF DEFAULT as to County of Santa Clara Board of Supervisors (Related documents(s) 34 ) (dhm, COURT STAFF) (Filed on 9/18/2007) (Entered: 09/18/2007) |

| 09/18/2007 | 50 | Clerk's DECLINATION OF DEFAULT as to Susan Morgado-Gray (Related documents(s) 32 ) (dhm, COURT STAFF) (Filed on 9/18/2007) (Entered: 09/18/2007) |
| 09/18/2007 | 51 | Clerk's DECLINATION OF DEFAULT as to Ann Ravel (Related documents(s) 30 ) (dhm, COURT STAFF) (Filed on 9/18/2007) (Entered: 09/18/2007) |
| 09/18/2007 | 52 | Clerk's DECLINATION OF DEFAULT as to Daniel Rich (Related documents(s) 38 ) (dhm, COURT STAFF) (Filed on 9/18/2007) (Entered: 09/18/2007) |
| 09/18/2007 | 53 | Clerk's DECLINATION OF DEFAULT as to Laurie Smith (Related documents(s) 40 ) (dhm, COURT STAFF) (Filed on 9/18/2007) (Entered: 09/18/2007) |
| 09/18/2007 | 54 | Clerk's DECLINATION OF DEFAULT as to Ken Yeager (Related documents(s) 44 ) (dhm, COURT STAFF) (Filed on 9/18/2007) (Entered: 09/18/2007) |
| 10/03/2007 | 55 | NOTICE by County of Santa Clara Board of Supervisors *of Unavailability* (Berkman, Marcy) (Filed on 10/3/2007) (Entered: 10/03/2007) |
| 10/10/2007 | 56 | Request for Judicial Notice *of Adjudicative Facts in Support of County's Pending Motions* filed byCounty of Santa Clara Board of Supervisors. (Attachments: # 1 Exhibit RJN Exhibits 7-9# 2 Exhibit RJN Exhibits 10-11# 3 Exhibit RJN Exhibits 12-15 and Proof of Service)(Berkman, Marcy) (Filed on 10/10/2007) (Entered: 10/10/2007) |
| 10/10/2007 | 57 | NOTICE by Daniel Rich, City of Campbell Community Development Department, Susan Morgado-Gray, City of Campbell *OF NON-OPPOSITION* (Schmal, Timothy) (Filed on 10/10/2007) (Entered: 10/10/2007) |
| 10/10/2007 | 58 | CERTIFICATE OF SERVICE by Daniel Rich, City of Campbell Community Development Department, Susan Morgado-Gray, City of Campbell *ON ( 57 ) NOTICE OF NON-OPPOSITION TO DEFENDANTS' MOTIONS FOR DISMISSAL, ETC.* (Schmal, Timothy) (Filed on 10/10/2007) Modified text to add document relationship on 10/12/2007 (srm, COURT STAFF). (Entered: 10/10/2007) |
| 10/11/2007 | 59 | Request for Judicial Notice re 56 Request for Judicial Notice, *SUPPLEMENTAL* filed byCounty of Santa Clara Board of Supervisors. (Attachments: # 1 Exhibit Exhibit 24 pp 1-41 to Supp RJN# 2 Exhibit Exhibit 24 pp 41-80 to Supp RJN# 3 Exhibit Exhibits 25-27 to Supp RJN)(Related document(s) 56 ) (Berkman, Marcy) (Filed on 10/11/2007) (Entered: 10/11/2007) |
| 10/16/2007 | 60 | MOTION to Dismiss *Defendant Scott N. Schools' Motion to Dismiss* filed by Scott N. Schools. Motion Hearing set for 12/7/2007 09:00 AM. (Scharf, James) (Filed on 10/16/2007) (Entered: 10/16/2007) |

| 10/17/2007 | 61 | MOTION to Strike "Improper Pleadings" filed by Third-Parties as Docket Nos. 21, 23, 26, 27, 55, 56, 57 and 58 filed by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 10/17/2007) (Entered: 10/18/2007) |
| 10/18/2007 | 62 | MOTION to Recuse District Court Judge Ronald M. Whyte filed by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 10/18/2007) (Entered: 10/18/2007) |
| 10/18/2007 | 63 | CLERK'S NOTICE Continuing Motion Hearing on Defendants City of Campbell, County of Santa Clara's Motion for Dismissal. Motion Hearing set for 12/7/2007 09:00 AM in Courtroom 6, 4th Floor, San Jose. (jg, COURT STAFF) (Filed on 10/18/2007) (Entered: 10/18/2007) |
| 10/23/2007 | 64 | Letter from Marcy Berkman to Judge Whyte. (Berkman, Marcy) (Filed on 10/23/2007) (Entered: 10/23/2007) |
| 10/23/2007 | 65 | NOTICE by County of Santa Clara Board of Supervisors *of Entry of Order filed 10/18/07* (Berkman, Marcy) (Filed on 10/23/2007) (Entered: 10/23/2007) |
| 11/21/2007 | 66 | Memorandum in Opposition TO 61 PLAINTIFFS' MOTION TO STRIKE "IMPROPER PLEADINGS" FILED BY THIRD-PARTIES filed by Daniel Rich, City of Campbell Community Development Department, Susan Morgado-Gray, City of Campbell. (Schmal, Timothy) (Filed on 11/21/2007) Modified on 12/12/2007 (dhm, COURT STAFF) to link entry to document #61. (Entered: 11/21/2007) |
| 11/21/2007 | 67 | CERTIFICATE OF SERVICE by Daniel Rich, City of Campbell Community Development Department, Susan Morgado-Gray, City of Campbell *ON OPPOSITION OF DEFENDANTS TO PLAINTIFFS' MOTION TO STRIKE "IMPROPER PLEADINGS" FILED BY THIRD-PARTIES...* (Schmal, Timothy) (Filed on 11/21/2007) (Entered: 11/21/2007) |
| 12/03/2007 | 68 | CLERK'S NOTICE Continuing Motion Hearing on Defendant's Motion to Dismiss, Motion for Definite Statement and Motion to Strike. Motion Hearing set for 1/18/2008 09:00 AM in Courtroom 6, 4th Floor, San Jose. (jg, COURT STAFF) (Filed on 12/3/2007) (jg, COURT STAFF). Modified on 12/3/2007 (jg, COURT STAFF). (Entered: 12/03/2007) |
| 12/03/2007 | 69 | CLERK'S NOTICE OF CONTINUANCE OF CASE MANAGEMENT CONFERENCE: Case Management Conference set for 1/18/2008 10:30 AM. Joint Case Management Statement due by 1/11/2008. (jg, COURT STAFF) (Filed on 12/3/2007) (Entered: 12/03/2007) |
| 01/08/2008 | 70 | ADR Clerks Notice re: Non-Compliance with Court Order. (tjs, COURT STAFF) (Filed on 1/8/2008) (Entered: 01/08/2008) |
| 01/08/2008 | 71 | ADR Certification (ADR L.R. 3-5b) of discussion of ADR options *Defendant Scott N. Schools' ADR Ceritification and ADR Statement* (Scharf, James) (Filed on 1/8/2008) (Entered: 01/08/2008) |

| 01/09/2008 | 72 | ADR Certification (ADR L.R. 3-5b) of discussion of ADR options *and Statement of Defendant County of Santa Clara* (Berkman, Marcy) (Filed on 1/9/2008) (Entered: 01/09/2008) |
|---|---|---|
| 01/10/2008 | 73 | ADR Certification (ADR L.R. 3-5b) of discussion of ADR options *ON BEHALF OF SUSAN MORGADO-GRAY* (Schmal, Timothy) (Filed on 1/10/2008) (Entered: 01/10/2008) |
| 01/10/2008 | 74 | CERTIFICATE OF SERVICE by Susan Morgado-Gray re 73 ON ADR CERTIFICATION BY PARTIES & COUNSEL (Schmal, Timothy) (Filed on 1/10/2008) Modified on 1/26/2008 linking entry to document #73 (dhm, COURT STAFF). (Entered: 01/10/2008) |
| 01/10/2008 | 75 | ADR Certification (ADR L.R. 3-5b) of discussion of ADR options *ON BEHALF OF DANIEL RICH, CITY OF CAMBPELL, CAMPBELL COMMUNITY DEV. DEPT.* (Schmal, Timothy) (Filed on 1/10/2008) (Entered: 01/10/2008) |
| 01/10/2008 | 76 | CERTIFICATE OF SERVICE by Daniel Rich, City of Campbell Community Development Department, City of Campbell re 75 ADR CERTIFICATION BY PARTIES & COUNSEL (Schmal, Timothy) (Filed on 1/10/2008) Modified on 1/26/2008 linking entry to document #75 (dhm, COURT STAFF). (Entered: 01/10/2008) |
| 01/10/2008 | 77 | JOINT CASE MANAGEMENT STATEMENT filed by Daniel Rich, City of Campbell Community Development Department, Susan Morgado-Gray, Scott N. Schools, County of Santa Clara Board of Supervisors, Ken Yeager, Ann Ravel, Delores Carr, Laurie Smith, City of Campbell. (Schmal, Timothy) (Filed on 1/10/2008) (Entered: 01/10/2008) |
| 01/10/2008 | 78 | CERTIFICATE OF SERVICE by Daniel Rich, City of Campbell Community Development Department, Susan Morgado-Gray, Scott N. Schools, County of Santa Clara Board of Supervisors, Ken Yeager, Ann Ravel, Delores Carr, Laurie Smith, City of Campbell re 77 JOINT CASE MANAGEMENT STATEMENT (Schmal, Timothy) (Filed on 1/10/2008) Modified on 1/26/2008 linking entry to document #77 (dhm, COURT STAFF). (Entered: 01/10/2008) |
| 01/10/2008 | 79 | ADR CERTIFICATION STATEMENT by Susan Morgado-Gray (Schmal, Timothy) (Filed on 1/10/2008) Modified text on 1/26/2008 (dhm, COURT STAFF). (Entered: 01/10/2008) |
| 01/10/2008 | 80 | CERTIFICATE OF SERVICE by Susan Morgado-Gray re 79 ADR CERTIFICATION STATEMENT (Schmal, Timothy) (Filed on 1/10/2008) Modified on 1/26/2008 (dhm, COURT STAFF). (Entered: 01/10/2008) |
| 01/10/2008 | 81 | NOTICE by Daniel Rich, City of Campbell Community Development Department, City of Campbell *OF ADR CERTIFICATION STATEMENT* (Schmal, Timothy) (Filed on 1/10/2008) (Entered: 01/10/2008) |
| 01/10/2008 | 82 | CERTIFICATE OF SERVICE by Daniel Rich, City of Campbell |

| | | Community Development Department, City of Campbell re 81 ADR CERTIFICATION STATEMENT (Schmal, Timothy) (Filed on 1/10/2008) Modified on 1/26/2008 linking entry to document #81 (dhm, COURT STAFF). (Entered: 01/10/2008) |
|---|---|---|
| 01/14/2008 | 83 | NOTICE Illegality of ADR by Clerk by John Gabor, Kay Gabor (dhm, COURT STAFF) (Filed on 1/14/2008) (Entered: 01/17/2008) |
| 01/18/2008 | 84 | Minute Entry: Motion Hearing on Defendant's Motion to Dismiss; Motion for More Definite Statement and Motion to Strike held on 1/18/2008 before Ronald M. Whyte (Date Filed: 1/18/2008). (Court Reporter Lee-Anne Shortridge.) (jg, COURT STAFF) (Date Filed: 1/18/2008) (Entered: 01/22/2008) |
| 01/23/2008 | 85 | TRANSCRIPT of Proceedings held on 1/18/2008 before Judge Ronald M. Whyte. Court Reporter: Lee-Anne Shortridge. (dhm, COURT STAFF) (Filed on 1/23/2008) (Entered: 01/25/2008) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 03/12/2008 13:07:50 | | |
| **PACER Login:** | in0140 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 5:07-cv-04266-RMW |
| **Billable Pages:** | 7 | **Cost:** | 0.56 |