1  EDMUND G. BROWN JR., Attorney General
   of the State of California
2  PAUL T. HAMMERNESS,
   Supervising Deputy Attorney General
3  KAY K. YU, (State Bar No. 142479)
   Deputy Attorney General
4  455 Golden Gate Avenue, Suite 11000
   San Francisco, CA 94102-3664
5  Telephone:(415) 703-5593
   Facsimile: (415) 703-1107
6  Attorneys for Defendant Bradley A. Solomon

7

## UNITED STATES DISTRICT COURT

8

## NORTHERN DISTRICT OF CALIFORNIA

9

## SAN JOSE DIVISION

10

| 11 | JOHN GABOR, KAY GABOR, | CASE NO. C07 06091 RW |
| 12 | Plaintiffs, | **NOTICE OF MOTION; MOTION TO DISMISS FIRST AMENDED COMPLAINT; MOTION FOR AWARD OF COSTS, FEES AND OTHER RELIEF PURSUANT TO 42 U.S.C. § 1988; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| 13 | v. | |
| 14 | UNITED STATES OF AMERICA, ET AL. | |
| 15 | | |
| 16 | Defendants. | Date: May 23, 2008 |
| 17 | | Time: 9:00 a.m. Place: Ctr. 4, 4th Floor Judge: The Ronald M. Whyte |
| 18 | | Date Action Filed:  December 3, 2007 Trial Date: Not Set |

19

20  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

21        PLEASE TAKE NOTICE that on May 23, 2008 at 9:00 a.m. or as soon thereafter

22  as counsel may be heard  before the Honorable Ronald Whyte, United States District Judge, in

23  Courtroom 4 of the above entitled court, located at 230 South First Street, San Jose, California

24  95113,  defendant Bradley A. Solomon will hereby  and does move this court for an order under

25  Federal Rules of Civil Procedure, Rule 12 (b), to dismiss this action on the grounds that the First

26  Amended Complaint fails to state a claim against defendant Bradley A. Solomon upon which

27  relief can be granted, in that:

28

1

Gabor v. United States, , et al. RMW
U.S.D.C. No. C7-06091

Notice of Motion, Motion to Dismiss First
Amended Complaint; M &Ps in support thereof.

1       a.     Plaintiffs' claims under § 1983 do not state an actionable constitutional or federal

2  claim;

3       b..    The claim against Deputy Attorney General Bradley Solomon is barred by

4  absolute quasi-judicial immunity.

5      WHEREFORE, defendant Bradley A. Solomon prays that the motion be granted and the

6  first amended complaint and the action be dismissed with prejudice.

7      Moreover, in view of the *pro per* plaintiffs' bad faith conduct in bringing this action, this

8  defendant requests that the Court issue an order awarding him his costs and fees and preclude

9  plaintiffs from filing any further actions in this Court until such time as the costs and fees sought

10  herein are paid, and/or an appropriate bond is posted.

11      This motion is and shall be based upon this notice of motion and motion to dismiss, the

12  accompanying memorandum of points and authorities, the pleadings and papers on file herein,

13  and such oral or written material as may be presented at the hearing of this motion.

14

15       Dated: April 16, 2008

16               EDMUND G. BROWN JR., Attorney General
                   of the State of California
17               PAUL T. HAMMERNESS
                 Supervising Deputy Attorney General
18               KAY K. YU
                 Deputy Attorney General
19

20

21               By:_____/S/_____
                      KAY K. YU
22               Attorneys for Defendant Bradley A. Solomon

23

24

25

26

27

28

2

Gabor v. United States, , et al. RMW
U.S.D.C. No. C7-06091

Notice of Motion, Motion to Dismiss First
Amended Complaint; M &Ps in support thereof.

# MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

### A.    Nature of this Action; Plaintiffs' Claims

This is an action for damages and other relief brought by *pro per* plaintiffs John Gabor and Kay Gabor pursuant to 42 U.S.C. § 1983.  This case arises out of plaintiffs' prior unsuccessful lawsuit against the City of Campbell,  the City of Campbell Community Development Department, the County of Santa Clara Board of Supervisors and their respective employees, and several other individuals.  Plaintiffs' suit was dismissed with prejudice. Plaintiffs bring this action against all of the attorneys who represented the various parties in the prior action.  In addition, two court clerks of the United States District Court were also named as defendants.

### 1.    Procedural Background

Prior to filing the current complaint, plaintiffs filed a complaint against the following defendants: Santa Clara County Board of Supervisors, represented by Marcy Berkman.  The City of Campbell and the City of Campbell Community Development Department, Daniel Rich, City Manager of the City of Campbell and Susan Morgado-Gray, an employee of the City of Campbell represented by Timothy James Schmal and Burleight E. Sabin of the law firm of Burton, Volkmann & Schmal, LLP.  Scott N. Schools, The United States Attorney for the Northern District of California  represented by James A. Scharf.  Edmund G. Brown Jr., Attorney General for the State of California represented by Bradley A. Solomon, Deputy Attorney General.

In summary, the complaint alleged conspiracy between the various municipal defendants to violate plaintiffs' civil rights.  Further, plaintiffs  alleged that the United States Attorney and the Attorney General of California failed to protect plaintiffs from these municipal defendants. A stipulation was entered dismissing the California Attorney General.  The remaining served defendants filed  motions to dismiss.  Plaintiffs objected to the motions to dismiss on the grounds that the only permissible response to their complaint was an answer. Additionally,

1    plaintiffs failed to file any opposition to the motions to dismiss. The complaint was dismissed

2    on March 31, 2008.

3        Before the lawsuit was resolved, plaintiffs filed this complaint against all the attorneys

4    who represented the defendants on December 3, 2007. It is this complaint which is now before

5    the Court. An amended complaint was filed March 14, 2008. Named as defendants are the

6    following: the United States of Amercia, Michael Mucasey (United States Attorney General),

7    Administrative Office of the United States District Court, James A. Scharf (United States

8    Deputy Attorney General), Marcy Berkman, Timothy James Schmal, Burleight E. Sabin,

9    Burton, Volkmann & Schmal, LLP, Bradley A. Solomon and United States District Court of

10    California court clerks D. Miyashiro and Jackie Garcia.

11        The complaint alleges that all the defendants conspired with the Northern District Court

12    of California and its judicial officers to deprive plaintiffs of their right to trial. Plaintiffs have

13    failed to effect service of process on any of the defendants.

14    **B.**    **Grounds For This Motion**

15        Plaintiffs' § 1983 claims of conspiracy and due process violations are wholly conclusory

16    and fanciful. Plaintiffs have failed to state facts to state a claim for a due process violation. The

17    allegations in the first amended complaint assert claims against Deputy Attorney General,

18    Bradley A. Solomon for his conduct in representing the Attorney General of the State of

19    California in *Gabor v. County of Santa Clara Board of Supervisors, et al.* Absolute quasi-

20    immunity bars such claims against him.

21                        **ARGUMENT**

22                            **I.**

23          **PLAINTIFFS HAVE FAILED TO STATE A CLAIM**

            **FOR A 42 U.S.C SECTION 1983 VIOLATION**

24

25        Plaintiffs have alleged, in wholly conclusory terms, that defendant Bradley Solomon was

26    a participant in an unlawful conspiracy to deprive him of his right to a trial, no specific factual

27    allegations are made to support this claim. The only mention of defendant is paragraph 31 of

   the amended complaint. It states as follows:

28

4

1

> "On September 6, 2007, defendant Bradley Solomon filed docket
> entry 15, no appearance form, or compliance with Rule 5(a), after
> calling the Gabors home to treaten [sic] that they would be
> arrested and lose their home if they did not sign the "stipulation"
> to dismiss their claims against Attorney General Brown Jr.,
> knowing that California Civil Code § 52.1 require defendant
> Brown to prosecute the wrongdoers for 'conduct alleged in
> complaint'".

2

3

4

5

6    Even if such a statement was true, it does not state facts to state a claim under 42 U.S.C.

7   § 1983.  The alleged conduct by defendant Bradley A. Solomon did not deprive plaintiffs' due

8   process rights.  Plaintiffs could have easily refused to sign the stipulation or objected to and

9   withdrawn their agreement to the stipulation.  However, plaintiffs did nothing after the

10  stipulation was filed on September 6, 2007.

11   Plaintiffs have failed to state facts to state a claim against defendant Bradley A.

12  Solomon.

13                                          **II.**

14            **THE ATTORNEY GENERAL'S SUBORDINATES ARE
             ENTITLED TO ABSOLUTE QUASI-JUDICIAL IMMUNITY
15           FROM  PLAINTIFFS' CLAIMS UNDER 42 U.S.C. § 1983**

16   Plaintiffs bring this lawsuit against defendant Bradley A. Solomon on the grounds that

17  he allegedly coerced them into signing the stipulation to dismiss Edmund G. Brown Jr., the

18  Attorney General, from the complaint.

19   Defendant Bradley A. Solomon is entitled to absolute immunity because the alleged

20  conduct was taken in connection with the judicial process.  *Fry v. Melarango*,  939 F.2d 832,

21  836 (9th Cir. 1991) (government attorneys immune for acts during the judicial phase of

22  litigation; *Flood v. Harrington*, 532 F.2d 1248, 1250-52 (9th Cir. 1978) (same). As the Ninth

23  Circuit noted in *Flood*:

24                     [424 U.S.409 (1976)]

25            "In *Imbler v. Pachtman*, the Supreme Court held that state
             prosecutors are absolutely immune from civil suit under *42 U.S.C.
26           § 1983* for damages allegedly caused by the initiation of
             prosecution and the presentation of the state's case. *U.S. at 44
27           U.S.L.W. at 4257.*  The Court applied its rule of absolute
             immunity to protect only that prosecutorial conduct 'intimately

28
                                          5

Gabor v. United States, , et al. RMW
U.S.D.C. No. C7-06091

Notice of Motion, Motion to Dismiss First
Amended Complaint; M &Ps in support thereof.

1    associated with the judicial phase of the criminal process." *Id. at*
     *430, 96 S.Ct. at 995, 47 L.Ed. 2d 128, U.S.L.W. at 4256.*
2
     While *Imbler* involved an underlying state criminal prosecution,
3    the instant appeal involves underlying federal civil actions.
     Despite these distinguishing characteristics, *Imbler* has
4    considerable bearing here.

5    The *Imbler* Court relied heavily upon the common law doctrine of
     absolute immunity as applied to federal government attorneys to
6    justify application of the same rule in the context of a Section
     1983 action against state prosecutors. *U.S. at, 44 U.S.L.W. at*
7    *4254-55 & n. 21.* Moreover, as we stated in *Mark v. Groff, supra*,
     521 F.2d at 1380:
8
     '[We perceive] no significant reason for distinguishing, as fare as
9    the immunity doctrine is concerned between litigation under §
     1983 against state officer and actions against federal officers
10   alleging violation of constitutional rights under the general federal
     question statute. In contrast, the practical advantage of having just
11   one federal immunity doctrine for suits arising under federal law
     is self-evident.'
12
     Nor do we see any significant reason to distinguish actions
13   involving civil claims from those involving underlying criminal
     prosecution.  The reasons supporting the doctrine of absolute
14   immunity, *Imbler, U.S. at 44 U.S.L.W. at 4255-56*, apply with
     equal force regardless of the nature of the underlying action."
15

16   532 F.2d at 1251.

17        The immunity under state law is identical.  *Howard v. Drapkin*, 222 Cal.App. 843

18   (1990).  In *Howard v. Drapkin*, the court cited with approval federal cases extending the

19   doctrine of quasi-immunity to various persons connected with the juridical process and

20   explained:

21   "we are persuaded that the approach of the federal courts is
     consistant with the relevant policy considerations of attracting an
22   overburdened judicial system the independent and impartial
     services and expertise upon which that system necessarily
23   depends. Thus, we believe it appropriate that these 'non-judicial
     persons who fulfill quasi-judicial functions intimately related to
24   the judicial process [citation] should be given absolute quasi-
     judicial immunity for damage claims arising from their
25   performance of duties in connection with the judicial process.....
     Additionally, the threat of civil liability may affect the manner in
26   which they perform their jobs."

27
     *Id*. at 857.
28

6

1    There is no reason to believe that the state courts, if faced with the proposition, would

2  not extend the immunity to cover government attorneys engaged in the defense of a civil

3  lawsuit. *Imbler v. Pachtman, supra, Fry v. Melarango, supra.*

4    Accordingly, defendant Bradley A. Solomon is immune from suit as his alleged conduct

5  was performed in the course of the defense of the Attorney General.

6                                    **III.**

7         **DEFENDANT BRADLEY A. SOLOMON IS ENTITLED TO AN**
          **AWARD OF HIS COSTS AND ATTORNEY'S FEES FOR**
8         **HAVING TO RESPOND TO THIS FRIVOLOUS LAWSUIT**

9    It is "unquestioned that a federal court may award counsel fees to a successful party

10  when his opponent has acted 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'"

11  *Ellis v. Cassidy,* 625 F2d 227, 230 (9th Cir. 1980), quoting *Hall v. Cole,* 412 U.S.1,5 (1973).

12    Congress has specifically authorized district courts, in their discretion, to award "the

13  prevailing party.... a reasonable attorney's fees as part of the costs" in Civil Rights Act cases

14  such as this one. 42 U.S.C. § 1988. The Supreme Court declared that a prevailing defendant

15  may recover fees under Section 1988 if the court finds "the plaintiff's action frivolous,

16  unreasonable, or without foundation, even though not brought in subjective bad faith." *Hughes*

17  *v. Rowe,* 449 U.S. 5, 14 (1980), quoting *Christianburg Garment Co. v. EEOC,* 434 U.S. 412,

18  421 (1978) The purpose of awarding attorney's fees to a defendant in a civil rights case is to

19  deter frivolous and harassing litigation. *Ellis v. Cassidy, supra,* 625 F.2d at 230.

20    The Supreme Court has further instructed the lower courts that "plaintiff's subjective bad

21  faith" is not a necessary prerequisite to the fee award against him. *Christianburg Garment Co.*

22  *v. EEOC,* 434 U.S. at 421. The court need only find that plaintiffs' action was objectively

23  groundless or without foundation, not that plaintiffs, themselves knew it to be without merit or

24  brought it for an improper reason. *Id.* The current action and allegations against defendant

25  Bradley A. Solomon, in the first amended complaint clearly meet that standard.

26    Plaintiffs were no doubt aware of the baseless nature of their charges of criminal

27  conspiracy which they levied against defendant Bradley A. Solomon in this action. The only

28

                                    7

1   apparent motivation for the plaintiffs' bringing this action were to retaliate against the

2   successful efforts of the defendants' attorneys, and in particular, Bradley Solomon's ability to

3   obtain a stipulation to dismiss the Attorney General.  Had plaintiffs done any inquiry into the

4   applicable facts and law before filing their case they would have discovered the insufficiency of

5   their civil rights claim. *Margolis v. Ryan*, 140 F.3d 850, 854 (9th Cir. 1998).  The Ninth Circuit

6   has found it appropriate to award attorney's fees pursuant to 42 U.S.C. § 1988 when the relief

7   sought is barred by absolute immunity. *Francheschi v. Schwartz*, 57 F.3d 828, 832 (9th Cir.

8   1995).

9          In calculating attorney's fees, the Court must determine: 1) the number of hours the

10  prevailing party reasonably expended; 2) determine the reasonable hourly rate; 3) multipy the

11  number of hours by the hourly rate to determine a "lodestar"; and 4) apply a multiplier where

12  appropriate. *Morales v. City of San Rafael*, 96 F.3d 359, 363-365, n. 8-1 (9th Cir. 1996).

13  Counsel in this action is compelled to file and argue a time-consuming motion to dismiss and

14  this attorney's fees motion, as well as handling the court appearances, correspondence and other

15  matters during the course of this litigation.  The total of fourteen hours expended on this motion

16  is very reasonable given the amount of work required to prepare this motion.  The $158 an hour

17  charged by the Attorney General's office is reasonable.  The resulting amount of $2,212 is an

18  appropriate amount of costs and fees to be awarded.

19                                   **CONCLUSION**

20         For the foregoing reasons, defendant Bradley A. Solomon respectfully requests that the

21  motion to dismiss be granted with prejudice.

22         Plaintiffs' first amended complaint constitutes a recital of fanciful accusations against

23  defendant.  Plaintiffs' allegations are so patently absurd,  such as to defy comprehension.  Taken

24  as a whole, it can only be concluded that plaintiffs intentionally framed their pleadings in this

25  fashion, for no other purpose than to harass defendant, and the other parties.  The ultimate

26  sanction of dismissal and an award of costs is appropriate herein.

27  ///

28

8

Gabor v. United States, , et al. RMW
U.S.D.C. No. C7-06091

Notice of Motion, Motion to Dismiss First
Amended Complaint; M &Ps in support thereof.

1  Dated: April 16, 2008

2

3                                    Respectfully submitted,

4                                    EDMUND G. BROWN JR., Attorney General
                                        of the State of California
5                                    KAY K. YU
                                     Deputy Attorney General
6

7                                    By: _____/S/_____
                                              KAY K. YU
8                                    Attorneys for Defendant Bradley A. Solomon

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gabor v. United States, , et al. RMW                  Notice of Motion, Motion to Dismiss First
U.S.D.C. No. C7-06091                                 Amended Complaint; M &Ps in support thereof.

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:  *Gabor v. United States of America, et al.*
U.S. D.C. Northern Case No.:  5:07-cv-06091 PVT

I declare:

I am employed in the County of San Francisco, California.  I am 18 years of age or older and not a party to the within entitled cause; my business address is 455 Golden Gate Avenue, Suite 11000,  San Francisco, CA  94102.

On April 16,  2008,  I served the attached:

**NOTICE OF MOTION; MOTION TO DISMISS FIRST AMENDED
COMPLAINT; MOTION FOR AWARD OF COSTS, FEES AND OTHER RELIEF
PURSUANT TO 42 U.S.C. § 1988; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Mail at San Francisco, California, addressed as follows:

**John Gabor and Kay Gabor
590 Smokey Court
Campbell,  CA  95008-3717**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on  April 16, 2008, at San Francisco, California.

| | |
|---|---|
| Anh Ho | |
| Typed Name | Signature |