JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
CLAIRE T. CORMIER(CSBN 154364)
Assistant United States Attorney

   150 Almaden Boulevard, Suite 900
   San Jose, CA 95113
   Telephone: (408) 535-5082
   FAX: (408) 535-5081
   claire.cormier@usdoj.gov

Attorneys for Defendant United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN GABOR AND KAY GABOR,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, ET AL.,<br><br>    Defendants. | No. C 07-06091 RMW<br><br>**UNITED STATES' NOTICE OF MOTION AND MOTION TO DISMISS FEDERAL DEFENDANTS**<br><br>Date: June 20, 2008<br>Time: 9:00 a.m.<br>Courtroom: 6, 4th Floor<br>Hon. Ronald M. Whyte |

**NOTICE OF MOTION**

TO: ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Please take notice that on June 20, 2008, at 9:00 a.m., or as soon thereafter as this matter may be heard by this Court, located 280 South First Street, San Jose, California 95113, defendant United States of America will and hereby does move this Court pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for an order dismissing plaintiffs' claims against all named Federal Defendants with prejudice and without leave to amend.[1] Alternatively, the United States

---

[1] The "Federal Defendants" include the United States of America, United States Attorney General Michael Mucasey, the Administrative Office of the United States District Courts, Assistant United States Attorney James A. Scharf, "clerk D. Miyashiro (dhm), COURT STAFF," and "clerk Jackie Garcia (jg), COURT STAFF." Though undersigned counsel is not aware that

respectfully requests the Court to dismiss plaintiffs' Complaint against all Federal Defendants *sua sponte*.

This Motion is based on this Motion and Memorandum of Points and Authorities, the Court files and pleadings in this action and plaintiffs' previous actions, the pending motion to dismiss filed by co-defendant Bradley A. Solomon set for hearing on May 23, 2008, and any other matters that the Court may consider at the hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

The history of plaintiffs' dispute with various governmental officials and entities relating to their puppy mill is well chronicled in the defendants' motions filed in plaintiff's previous cases and the order of this Court dismissing Civil Case No. C 07 04266 RMW ("Order"). In that Order, the Court also declared plaintiffs to be vexatious litigants and ordered that they be required to obtain leave of Court before filing subsequent claims. The current Complaint is exactly the type of pleading that would likely have been barred by the vexatious litigant Order, had plaintiff filed this Complaint a few months later. As with plaintiffs' previous complaints, this Complaint is "frivolous," "duplicative and baseless." See Order at 12-13.

Though it does not appear that any of the Federal Defendants have been properly served to date, defendant United States of America asks the Court to dismiss the claims against all of the Federal Defendants with prejudice and without leave to amend.

**II.    FACTUAL ALLEGATIONS**

Plaintiffs' First Amended Civil Rights Complaint ("Complaint") purports to sue the following Federal Defendants in their official capacity: the United States of America, United States Attorney General Michael Mucasey, and the Administrative Office of the United States District Courts. See Complaint ¶¶6-9. The following Federal Defendants are sued in their

---

any of the Federal Defendants have been served properly, the United States requests that the Complaint against all Federal Defendants be dismissed for the reasons stated in this motion. Accordingly, references to "the Federal Defendants" in this motion should be read to include all defendants affiliated with the federal government.

UNITED STATES' MOTION TO DISMISS THE FEDERAL DEFENDANTS
No. C 07 06091 RMW

official and individual capacities: Assistant United States Attorney James A Scharf ("AUSA Scharf"), "clerk D. Miyashiro (dhm), COURT STAFF," and "clerk Jackie Garcia (jg), COURT STAFF." See Complaint ¶¶9, 15, and 16. Though the allegations are not entirely clear, the Complaint alleges that the "COURT STAFF" defendants took various actions relating to their employment with the Court, which Plaintiffs appear to view as taking bribes or participating in a conspiracy. See, e.g., Complaint ¶¶20-22, 25-29, 32-37. The Complaint alleges that AUSA Scharf committed perjury and conspiracy when he made certain representations to the Court relating to Scott Schools (defendant in the prior action). Complaint ¶¶38-39.[2] Finally, it appears that the Complaint may allege that the United States, the Attorney General, and the Administrative Office of the United States District Courts somehow failed to train and supervise the individually named Federal Defendants. See Complaint ¶¶22, 25, 29, and 53.

### III. ARGUMENT

#### A. Plaintiff's Complaint Should Be Dismissed For The Reasons Set Forth In Defendant Solomon's Motion To Dismiss.

Defendant Bradley A. Solomon has filed a motion to dismiss, which is set for hearing on May 23, 2008. Many of the arguments set forth in that motion justify the dismissal of plaintiffs' Complaint in its entirety. The United States therefore joins in Defendant Solomon's motion and requests that the arguments made there be applied equally to the Federal Defendants. Specifically, Defendant Solomon argues that a defendant is entitled to absolute immunity for conduct taken in connection with the judicial process. See Solomon Motion at 5-7, citing cases.[3]

---

[2] Defendant United States requests that the Court take judicial notice of the only document filed by AUSA Scharf in the prior action: the motion to dismiss Scott Schools (Docket Number 60 in Case No. C07-4266 RMW). Nothing in that document provides any basis for plaintiffs' allegations against AUSA Scharf, nor does it include any statements under oath by AUSA Scharf.

[3] While the United States will not repeat all of the arguments made on this subject by Defendant Solomon, the United States refers the Court to Flood v. Harrington, 532 F.2d 1248, 1250-52 (9th Cir. 1978), which held that absolute immunity applied to government attorneys in civil cases.

UNITED STATES' MOTION TO DISMISS THE FEDERAL DEFENDANTS
No. C 07 06091 RMW

1  Such an argument applies equally to the Federal Defendants because plaintiffs allege that actions
2  taken as part of plaintiffs' previous lawsuit form the basis of the current complaint.  Therefore,
3  AUSA Scharf's filing of a motion to dismiss, the clerical duties of the court clerks, and the
4  oversight of these defendants by the United States, the Attorney General, and/or the
5  Administrative Office of the United States District Courts, do not provide a basis for jurisdiction,
6  nor do they state a claim against any of the Federal Defendants.  Therefore, to the extent these
7  arguments apply to Plaintiffs' claims against the Federal Defendants, the United States joins in
8  those motions and incorporates those arguments by reference.

9       **B.    The Quasi-Judicial Defendants Are Entitled To Absolute Immunity**

10       Defendant United States asserts its interest in the absolute immunity of the quasi-judicial
11  defendants from plaintiffs' lawsuit.  The United States has an independent interest in the impact
12  of this litigation because the unwarranted assertion of claims for money damages and other relief
13  against court staff and attorneys interferes with the orderly administration of justice.[4]
14       The Court may dismiss a complaint *sua sponte* where the plaintiff "cannot possibly win
15  relief."  Omar v. Sea-Land Serv., Inc., 813 F. 2d 986, 991 (9th Cir. 1987).  In addition, Rule
16  12(h)(3) of the Federal Rules of Civil Procedure provides that, "[i]f the court determines at any
17  time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Accordingly,
18  this Court should dismiss *sua sponte* the claims asserted against the Federal Defendants with
19  prejudice.
20       As noted above, plaintiffs' allegations against the Federal Defendants are far from clear.
21  However, judges and other court personnel are absolutely immune from civil liability for
22  damages for their judicial acts.  "Court clerks have absolute quasi-judicial immunity from
23  damages for civil rights violations when they perform tasks that are an integral part of the judicial
24  process."  Mullis v. United States Bankruptcy Court, 828 F.2d 1385, 1390 (9th Cir. 1987); see

---

[4] See 28 U.S.C. § 517 ("[t]he Solicitor General, or any officer of the Department of Justice, may be sent by the Attorney General to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States . . .").

UNITED STATES' MOTION TO DISMISS THE FEDERAL DEFENDANTS
No. C 07 06091 RMW

4

1  also Moore v. Brewster, 96 F.3d 1240, 1244-45 (9th Cir. 1996) (outlining absolute judicial immunity and quasi-judicial immunity of court clerk). "When judicial immunity is extended to officials other than judges, it is because their judgments are functionally comparable to those of judges – that is, because they, too, exercise a discretionary judgment as a part of their function." Antoine v. Byers & Anderson, 508 U.S. 429, 436 (1993) (quotation omitted). Where a clerk takes an action such as filing a document with the court, she is entitled to quasi-judicial immunity for her actions, provided the acts complained of are within the clerk's jurisdiction. Mullis, 828 F.2d at 1390.

It appears that plaintiffs sued the "COURT STAFF" defendants, as well as the United States, the U.S. Attorney General, and the Administrative Office of the United States District Court due to quasi-judicial acts taken by the court clerks. Under such circumstances, they are completely immune from suit for those actions. These defendants are immune from liability for their judicial acts, "'however erroneous the act may have been, . . . however injurious in its consequences it may have proved to the plaintiff' and irrespective of the [person's] motivation." See Harvey v. Waldron, 210 F.3d 1008, 1012 (9th Cir. 2000), quoting Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985).

Thus, to the extent plaintiffs' claims are based on quasi-judicial acts, the Federal Defendants are entitled to judicial immunity and there can be no subject matter jurisdiction over such claims.

Plaintiffs "cannot possibly win relief" against these defendants (see Omar v. Sea-Land Serv., Inc., 813 F. 2d at 991), and it appears that the Court lacks subject matter jurisdiction over the claims against these defendants. See Fed. R. Civ. P. 12(h)(3). Based on the foregoing, the United States respectfully submits that the Court should dismiss the complaint as to the Federal Defendants, *sua sponte*, with prejudice.

### C.   The United States Is Not A Proper Defendant

"It is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued ." U. S. v. Mitchell, 445 U.S. 535, 538 (1980) (internal quotations omitted).

1  The question of whether or not the United States has waived sovereign immunity is a question of
2  subject matter jurisdiction. Id.; McCarthy v. U.S., 850 F.2d 558, 560 (9th Cir. 1988). "A waiver
3  of sovereign immunity cannot be implied but must be unequivocally expressed." Mitchell, 445
4  U.S. at 538 (internal quotations omitted). The burden is on the Plaintiffs to prove the existence of
5  the government's waiver of sovereign immunity. Holloman v. Watt, 708 F.2d 1399, 1401 (9th
6  Cir. 1983), *cert. denied sub nom* Holloman v. Clark, 466 U.S. 958 (1984).

      Because Congress has not waived sovereign immunity for constitutional tort claims, a plaintiff cannot sue the United States or its agencies for such claims. F.D.I.C. v. Meyer, 510 U.S. 471, 486 (1994). Therefore, plaintiffs' allegations of constitutional violations by the United States, the Attorney General, and the Administrative Office of the United States District Courts must be dismissed.

### D. There Is No *Respondeat Superior* Liability In A Case Alleging Constitutional Violations.

      It appears that plaintiffs' claims against the United States, the Attorney General, and the Administrative Office of the United States District Courts are premised on *respondeat superior*. Thought the allegations are not entirely clear, it appears that plaintiffs allege that these Federal Defendants failed properly to "audit," "train and supervise" the COURT STAFF. *See* Complaint ¶¶22, 25, 29, and 53. There can be no *respondeat superior* liability against supervisory officials for the allegedly unconstitutional actions of their subordinates. Taylor v. List, 880 F.2d 1040 (9th Cir. 1989).

      In Taylor, the plaintiff, a prisoner, claimed that various officials had violated his constitutional rights. The defendants included the state Attorney General, the director of the prison, and other lower level prison officials. Id. at 1043. The allegations against the Attorney General and the prison director stated that they "were liable as a result of their knowledge of and failure to prevent the alleged constitutional violations by their subordinates." The Ninth Circuit held that "[a] supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to

prevent them." Id. at 1045.  Because the plaintiff had made no showing that the Attorney General or the director of the prison directed, participated in, or had knowledge of the alleged misconduct of their subordinates, summary judgment for those defendants was upheld.  Id.

In this case, there are no factual allegations indicating that the United States, the Attorney General, and the Administrative Office of the United States District Courts had any personal involvement in the acts alleged by Plaintiffs.  Therefore, even if Plaintiffs' allegations could rise to the level of a constitutional violation, which they do not, these defendants should be dismissed from this action.

### E. Plaintiffs Cannot Bring Claims Under 42 U.S.C. § 1983 Against Federal Defendants

Plaintiffs use 42 U.S.C. §1983 as a further basis for their claims against defendants.  *See* Complaint ¶65.  That statute provides a cause of action for constitutional deprivations undertaken under color of *state* law.  Because plaintiffs' allegations against the Federal Defendants would necessarily be under color of *federal* law, this statute does not provide any basis for liability as to the Federal Defendants.

### F. Plaintiff Has Not Properly Served The Federal Defendants.

Rule 4(i) of the Federal Rules of Civil Procedure sets forth the procedures that must be followed when serving the United States and its agencies or employees.  The United States does not have information indicating that plaintiffs have properly served the any of the Federal Defendants.

## IV. CONCLUSION

For all of the foregoing reasons, the Court should dismiss plaintiffs' claims against the Federal Defendants with prejudice and without leave to amend.

DATED: May 2, 2008                         Respectfully submitted,

                                                  JOSEPH P. RUSSONIELLO
                                                  United States Attorney

                                                   /s/ Claire T. Cormier
                                                  CLAIRE T. CORMIER
                                                  Assistant United States Attorney

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee of the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers. The undersigned further certifies that she is causing a copy of the following:

**UNITED STATES' NOTICE OF MOTION AND MOTION TO DISMISS FEDERAL DEFENDANTS**

to be served this date upon the party in this action by placing a true copy thereof in a sealed envelope, and served as follows:

√    **FIRST CLASS MAIL** by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

____    **PERSONAL SERVICE (BY MESSENGER)**

____    **FACSIMILE (FAX)**  Telephone No.:_____

____    **BY FEDERAL EXPRESS**

to the parties addressed as follows:

John Gabor and Kay Gabor
590 Smokey Court
Campbell, CA 95008-3717

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 2nd day of May 2008, at San Jose, California

/s/ Claire T. Cormier
_____
Claire T. Cormier

UNITED STATES' MOTION TO DISMISS THE FEDERAL DEFENDANTS
No. C 07 06091 RMW

8