John Gabor
Kay Gabor
590 Smokey Court
Campbell, CA. 95008-3717
*No telephone calls or threats*
Plaintiffs

RECEIVED
2008 JUN -5 PM 2: 21
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| **JOHN GABOR and KAY GABOR,**<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES OF AMERICA**, et al.,<br><br>Defendants, | CASE NO. **5:07-cv-06091-RMW**<br><br>**PLAINTIFFS REPLY IN OPPOSITION TO DEFENDANT UNITED STATES MOTION TO PROCURE *SUA SPONTE* DISMISSAL (DKT 10) PROHIBITED BY LAW AND U.S. SUPREME COURT PRECEDENT SINCE** *Galloway v. United States*, 319 U.S. 372 (1943) |

TO THE UNITED STATES DISTRICT COURT JUDGE, *and plaintiff's witness*, WHYTE AND ALL PARTIES, NOT IN DEFAULT:

1. Plaintiffs John and Kay Gabor hereby file this their REPLY IN OPPOSITION TO DEFENDANT UNITED STATES MOTION TO PROCURE *SUA SPONTE* DISMISSAL (Dkt 10) PROHIBITED BY LAW AND U.S. SUPREME COURT PRECEDENT SINCE *Galloway v. United States*, 319 U.S. 372 (1943); also ***PAE Government Services, Inc. v MPRI, Inc.*** 514 F. 3d 856 (9th Cir. 2007). The Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. § 2 [1] prohibits "procuring judicial acts" to obstruct plaintiff's right of jury trial of all claims against all defendants secured by the Fifth, Seventh, and Fourteenth Amendments, see *Galloway v. United States, supra.*

---

1. United States Code TITLE 18 - CRIMES AND CRIMINAL PROCEDURE PART I – CRIMES CHAPTER 1 - GENERAL PROVISIONS U.S. Code as of: 01/06/03
**§ 2. Principals**
(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.
(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

**07-6091 PLTFS REPLY IN OPPOS DEF US MOTION**                                                          **page 1**

## ATTORNEY MAKES MATERIALLY FALSE REPRESENTATIONS OF LAW, RULE 11

2.  Attorney CLAIRE T. CORMIER, CSBN 154364, makes materially false representations of fact and law in her motion to dismiss by failing to plead A CHANGE IN LAW twenty years ago, entitled the Anti Corruption Act of 1988, 28 U.S.C. § 2679(b)-(d)(1)-(3) 2 requiring the now Attorney General Michael Mucasey to CERTIFY that federal defendants "were acting lawfully when committing the acts alleged in complaint." The Attorney General has DECLINED to certify ALL FEDERAL DEFENDANTS, therefore, they have waived all defenses and objections available to them but omitted from their preanswer motion to dismiss, LAW for over 42 years or since the 1966 Amendment to Rule 12 3. *Witness Ronald M. Whyte will testify, as an expert witness, on existing law at jury trial.*

---

2.  United States Code TITLE 28 - JUDICIARY AND JUDICIAL PROCEDURE PART VI - PARTICULAR PROCEEDINGS CHAPTER 171 - **TORT CLAIMS PROCEDURE**   U.S. Code as of: 01/22/02
§ 2679. **Exclusiveness of remedy**

>   (b)(2) Paragraph (1) does not extend or apply to a civil action against an employee of the Government -
>       (A) which is brought for a violation of the Constitution of the United States, or
>       (B) which is brought for a violation of a statute of the United States under which such action against an individual is otherwise authorized.
>   (c) The Attorney General shall defend any civil action or proceeding brought in any court against any employee of the Government or his estate for any such damage or injury. The employee against whom such civil action or proceeding is brought shall deliver within such time after date of service or knowledge of service as determined by the Attorney General, all process served upon him or an attested true copy thereof to his immediate superior or to whomever was designated by the head of his department to receive such papers and such person shall promptly furnish copies of the pleadings and process therein to the United States attorney for the district embracing the place wherein the proceeding is brought, to the Attorney General, and to the head of his employing Federal agency.
>       (d)(1) Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.
>       (2) Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.
>       (3) In the event that the Attorney General has refused to certify scope of office or employment under this section, the employee may at any time before trial petition the court to find and certify that the employee was acting within the scope of his office or employment. Upon such certification by the court, such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. A copy of the petition shall be served upon the United States in accordance with the provisions of Rule 4(d)(4) of the Federal Rules of Civil Procedure. In the event the petition is filed in a civil action or proceeding pending in a State court, the action or proceeding may be removed without bond by the Attorney General to the district court of the United States for the district and division embracing the place in which it is pending. If, in considering the petition, the district court determines that the employee was not acting within the scope of his office or employment, the action or proceeding shall be remanded to the State court.

3.  Attorney Cormier knew, at all times relative to her Rule 11 false statements, under penalty of perjury, that federal defendants must file answers, upon personal knowledge, pursuant to the ORDER OF APRIL 30, 2007 in which the United States Supreme Court ORDERED all judges and attorneys to comply with the said Order effective December 1, 2007, and that Rule 12 provides:

> **Rule 12. Defenses and Objections When and How Presented; Motion for Judgment on the Pleadings; Consolidating Motions; Waiving Defenses; Pretrial Hearing**
>
> **(a) Time to Serve a Responsive Pleading.**
> (2) United States and Its Agencies, Officers, or Employees Sued in an Official Capacity. The United States, a United States agency, or a United States officer or employee sued only in an official capacity **must serve an answer to a complaint**, counterclaim, or crossclaim within 60 days after service on the United States Attorney.
> (3) United States Officers or Employees Sued in an Individual Capacity. A United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf **must serve an answer to a complaint,** counterclaim, or crossclaim within 60 days after service of the officer or employee or service on the United States attorney whichever is later.

---

3.      **1966 Amendment** to Rule 12 at WEST 2008 Federal Civil Judicial Procedure and Rule at page 96:
**Subdivision (b)(7).** The terminology of this subdivision is changed to accord with the amendment of Rule 19. See the Advisory Committee's Note to Rule 19, as amended, especially the third paragraph therein before the caption "Subdivision (c)."

**Subdivision (g).** Subdivision (g) has forbidden a defendant who makes a preanswer motion under this rule from making a further motion presenting any defense or objection which was available to him at the time he made the first motion and which he could have included, but did not in fact include therein. Thus if the defendant moves before answer to dismiss the complaint for failure to state a claim, he is barred from making a further motion presenting the defense of improper venue, if that defense was available to him when he made his original motion. Amended subdivision (g) is to the same effect. This required consolidation of defenses and objections in a Rule 12 motion is salutary in that it works against piecemeal consideration of a case. For exceptions to the requirement of consolidation, see the last clause of subdivision (g), referring to new subdivision (h)(2).

**Subdivision (h).** The question has arisen whether an omitted defense which cannot be made the basis of a second motion may nevertheless be pleaded in the answer. Subdivision (h) called for waiver of "* * * defenses and objections which he [defendant] does not present * * * by motion * * * or, if he has made no motion, in his answer * * *." If the clause "if he has made no motion," was read literally, it seemed that the omitted defense was waived and could not be pleaded in the answer. On the other hand, the clause might be read as adding nothing of substance to the preceding words; in that event it appeared that a defense was not waived by reason of being omitted from the motion and might be set up in the answer. The decisions were divided. Favoring waiver, see *Keef v. Derounian*, 6 F.R.D. 11 (N.D.Ill.1946); *Elbinger v. Precision Metal Workers Corp.*, 18 F.R.D. 467 (E.D.Wis.1956); se also *Rensing v. Turner Aviation Corp.*, 166 F.Supp. 790 (N.D.Ill.1958); *P. Beirsdorf & Co. v. Duke Laboratories, Inc.*, 10 F.R.D. 282 (S.D.N.Y.1950); *Neset v. Christensen*, 92 F.Suppl 78 (E.D.N.Y.1950). Opposing waiver, see *Phillips v. Baker*, 121 F.2d 752 (9th cir.1941); *Crum v. Graham*, 32 F.R.D. 173 (D.Mont.1963) (regretfully following the Phillips case); see also *Birnbaum v. Birrell*, 9 F.R.D. 72 (S.D.N.Y.1948); *Johnson v. Joseph Schlitz Brewing Co.*, 33 F.Suppl 176 (E.D.Tenn.1940); cf. *Carter v. American Bus Lines, Inc.*, 22 F.R.D. 323 (D.Neb.1958).

Amended subdivision (h)(1)(A) eliminates the ambiguity and states that certain specified defenses which were available to a party when he made a preanswer motion, but which he omitted from the motion, are waived. The specified defenses are lack of jurisdiction over the person, improper venue, insufficiency of process, and insufficiency of service of process (see Rule 12(b)(2)-(5)). A party who by motion invites the court to pass upon a threshold defense should bring forward all the specified defenses he then has and thus allow the court to do a reasonably complete job. The waiver reinforces the policy of subdivision (g) forbidding successive motions.

By amended subdivision (h)(1)(B), the specified defenses, even if not waived by the operation of (A), are waived by the failure to raise them by a motion under Rule 12 or in the responsive pleading or any amendment thereof to which the party is entitled as a matter of course. The specified defenses are of such a character that they should not be delayed and brought up for the first time by means of an application to the court to amend the responsive pleading.

# ATTORNEY MOTION IS INADMISSIBLE HEARSAY AND CONTAINS PERJURY, SUBORNATION OF PERJURY AND MATERIALLY FALSE REPRESENTATIONS IN VIOLATION OF CRIME-FRAUD-EXCEPTION -TO-ATTORNEY-CLIENT-PRIVILEGE
## 18 U.S.C. §§ 1621, 1622, 1623

4. Attorney Cormier knew that Federal Rules of Evidence, Rule 801 requires that attorney's testify only to their personal knowledge or their "personal opinions" will constitute "hearsay" and "perjury." Ninth Circuit precedent forewarned "attorneys", see *In re Grand Jury Proceedings*, 87 F 3d 377 (9th Cir. 1996), as did the D.C. Circuit in the case of a "lying AUSA" resulting in a default judgment against the United States, see *Precision Specialty Metals, Inc. v, United States*, 315 F. 3d 1346 (D.C. Cir 2003)

> *Held*: (1) reprimand was reviewable, and (2) attorney committed sanctionable violation of CIT Rule 11 by selectively quoting passages from precedent, which had effect of changing meaning of quotes.
> **Affirmed**

5. Attorney Cormier knew that *Gabor, et al., v. Santa Clara County, et al.,* Case No. 07-cv-04266 is under appeal to the Ninth Circuit, Docket No. 16239, and that this action was filed on December 3, 2007, in anticipation of the "conduct" that would occur on January 18, 2008 when admissible evidence of *quid pro quo* would become available to establish that the district court was, in fact, a racketeering enterprise defraud citizens of their intangible right to honest services by taking $350.00 for a JURY TRIAL and then issuing unlawful "directed verdict" to unlawfully benefit defendants and deny plaintiffs of the Due Process rights in violation of the Fifth, Seventh and Fourteenth Amendment which constitutes a claim under 18 U.S.C. § 1962(d), clearly established law since *United States v Frega*, 179 F. 3d 793 (1999). See FIRST AMENDED COMPLAINT at ¶ 46 (TRANSCRIPT 13 pages).

6. Attorney Cormier knew that "federal defendants" participated as "principals" and committed "conduct and acts" which establish an offense against plaintiffs and citizens of the United States as defined in §§ 2, 1341, 1346, and 1962(d) for which NO IMMUNITY CAN EXIST, see *Baldwin v. Placer County*, 405 F. 3d 778 (9th Cir. 2005) declaring "conspiracy" is a JURY ISSUE and cannot be

decided by district court judge.

7.    Attorney Cormier raises a Rule 12 defense in Motion at page 2, of "improper service", thereby waiving all defenses and objections then available, but omitted from defendants Rule 12 motion, see *Association of Naturopathic Physicians v. Hayhurst*, 227 F 3d 1104 (9th Cir. 2000). Attorney Cormier makes a materially false representation of fact and law since SUMMONS were executed upon all federal defendants within the 120 days provided by Rule 4 and federal defendants "had knowledge of the suit" on January 18, 2008 and were required to comply with the provisions of 28 U.S.C. § 2679(c), which imposed "duty upon defendants" to notify the Attorney General, now Michael Mucasey, as follows:

> (c) The Attorney General shall defend any civil action or proceeding brought in any court against any employee of the Government or his estate for any such damage or injury. <u>The employee against whom such civil action or proceeding is brought shall deliver within such time after date of service or knowledge of service as determined by the Attorney General, all process served upon him or an attested true copy thereof to his immediate superior or to whomever was designated by the head of his department to receive such papers and such person shall promptly furnish copies of the pleadings and process therein to the United States attorney for the district embracing the place wherein the proceeding is brought, to the Attorney General, and to the head of his employing Federal agency.</u>

8.    Attorney Cormier knew that Motion to Dismiss with prejudice is not available to federal defendants for "improper service" and attempt to procure a judicial act having that effect constitutes a "fraud and swindle", a JURY ISSUE, since defendants have waived all defenses and objections and are now subject to summary judgment, Rule 55, under Rule 7(a) and Rules 12(g)-(h), as amended.

## ATTORNEY GENERAL DECLINED TO CERTIFY DEFENDANTS

9.    Defendant Mucasey DECLINED to certify that federal defendants were acting within their scope of employment when they participated in "bribery, graft, and conflict-of-interest" of a judicial officer to obstruct justice, as alleged in the First Amended Complaint within the statutory time provided by 2000

Amendment of Rule 12, which provided:

**2000 Amendment**
Rule 12(a)(3)(B) is added to compliment the addition of Rule 4(1)(2)(B). The purposes that underlie the requirement that service be made on the United States in an action that asserts individual liability of a United States officer or employee for acts occurring in connection with the performance of duties on behalf of the United States also requires that the time to answer be extended to 60 days. Time is needed for the United States to determine whether to provide representation to the defendant officer or employee. If the United States provides representation, the need for an extended answer period is the same as in actions against the United States, a United States agency, or a United States officer sued in an official capacity.
   An action against a former officer or employee of the United States is covered by subparagraph (3)(B) in the same way as an action against a present officer or employee. Termination of the relationship between the individual defendant and the United States does not reduce the need for additional time to answer.

**GAP Report**
No changes are recommended for Rule 12 as published.

## FEDERAL DEFENDANTS JOIN IN CONSPIRACY WITH STATE ACTORS IN MOTION AT PAGE 3, ¶ III-A

10   Attorney Cormier knew that "joining in a conspiracy with state actor Solomon" established participating in the "chain of causation" imposing federal actors to liability under 42 U,S,C, § 1985(3) as statutorily defined in 28 U.S.C. § 1343, see *Salinas v. United States,* 118 S. Ct. 469 (1997).

11.   Attorney Cormier knew that defendant Solomon's materially false representation of the "existence of an absolute immunity defense" is suborning perjury since California law statutorily prohibits "immunity", see California Supreme Court precedent *Manta Management Corp. v. City of San Bernardino,* (April 24, 2008) 43 Cal. 4th 400, 75 Cal. Rptr 3d 357, quoting 43 Cal. 4th at 406-407:

## II. DISCUSSION

As relevant here, section 1983 provides that [e]very person who, under color of any ...ordinance ...of any State..., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights...secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...
   As noted above, "[l]ocal governing bodies... can be sued directly under § 1983 for monetary...relief where... the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that bodies officers." (*Monell, supra,* 426 U.S. at p. 590, fn. Omitted.) Section

1983 was enacted to provide compensation " to those deprived of their federal rights by state actors," a category that includes cities and other local governments. (*Felder v. Casey* (1988) 487 U.S. 131,141; see also *Monell, supra*, 436 U.S. at p. 690.) In particular, cities are liable for damages resulting from their actions that cause an infringement of free speech as protected under the First Amendment to the federal Constitution. (See e.g, *Gerritsen V. City of Los Angeles* (9th Cir. 1993) 994 F.2d 570, 575-578, cert. den. (1993) 510 U.S. 915 [city's enforcement of an unconstitutional ordinance restricting handbill distribution supported a § 1983 action for monetary damages].)

" Section 1983 "is not itself a source of substantive rights," but merely provides "a method for vindicating federal rights elsewhere conferred." [Citations.]" (*County of Los Angeles v. Superior Court* (1999) 21 Cal 4th 292, 297.) Although section 1983 is silent as to what remedies are available to those suing for a violation of their civil rights, the United States Supreme Court has held that monetary damages are available under that section for actions that have violated federal" constitutional rights and ... have caused compensable injury....' [Citation]" *Carey v. Piphus* (1978) 435 U.S. 247,255, italics omitted.) Thus, a city may be sued for monetary relief under section 1983 if it unconstitutionally implements an ordinance adopted by its officers. "Because section 1983 does not comprehensively dictate the procedures and remedies applicable to actions brought under it, a state court ordinarily applies state law in adjudicating those actions. The supremacy clause of the federal Constitution, however, prohibits a state court from applying state law that is inconsistent with federal law. [Citations.]" *County of Los Angles v. Superior Court, supra*, 21 Cal.4th at p. 298.)

The proper analysis of a section 1983 claim against a municipality requires the examination of two interrelated issues namely, "(1) whether plaintiff's harm was caused by a [federal] constitutional violation, and (2) if so, whether the city is responsible for that violation." (*Collins v. Harker Heights* (1992) 503 U.S. 115, 120.) "[T]he fact that a §1983 claimant has demonstrated a violation of [his or] her federally protected rights under color of state law does not necessarily mean that a named defendant will be found liable under § 1983. The liability of a § 1983 defendant depends upon (1) the rules governing culpability and responsibility, including principles of causation and the rule against respondent superior liability; (2) whether individual or governmental liability is at issue; and (3) the available immunities from liability." (**Schwartz, Section 1983 Litigation: Claims and Defenses** (Aspen Pub. 4th ed. 2003) SS 6.01, p. 6-3.) Of the three major issues concerning culpability and responsibility; one is relevant here namely, "[t]he issue of causation: how closely related a defendant's action or inaction must be to the alleged injury...." (*Ibid.*) On the issue of causation. "[f]ederal courts turn to the causation factors developed in the common law of torts to supply the necessary causation factor in the civil rights field." (*Stevenson v. Koskey* (9th Cir. 1989) 877 F.2d 1435, 1438.)

12.  Defendant Solomon entered into a civil conspiracy with City to enforce a "ordinance" unconstitutional on its face and did injure plaintiff's federal rights, therefore, no immunity can exist for city actors, state actors, or federal actors joining in the conspiracy to deprive plaintiffs of their constitutional rights under the Supremacy Clause of the Constitution of the United States.

## ATTORNEY CORMIER MAKE MATERIALLY FALSE REPRESENTATIONS OF "QUASI-JUDICIAL IMMUNITY" KNOWING THAT THOSE NEAREST THE JUDICIAL PROCESS, AS OFFICERS OF THE COURT ARE DENIED ALL IMMUNITY AS A MATTER OF LAW IN MOTION AT PAGE 4-B

13.  Attorney Cormier knew that co-defendant Solomon, like herself, are litigating in a CIVIL RICO action, therefore, they CANNOT be "quasi-judicial" when the JUDICIAL is a paid employee of PLAINTIFF and bound by Rule 301, see *In re Grand Jury Proceeding*, 87 F. 3d 377 (9th Cir. 1996), quoting 87 F. 3d at pages 381-382:

A

> The protection afforded by the attorney-client privilege does not extend to any communication "in furtherance of intended, or present, continuing illegality." *United States v. Hodge & Zweig*, 548 F.2d 1347, 1354 (9th Cir. 1977) (citations omitted). While there is a societal interest in enabling clients to obtain complete and accurate legal advice, which we serve by sheltering confidential communications between client and attorney from public consumption, there is no such interest when the client consults the attorney to further the commission of a crime or fraud. *In re Grand Jury Proceedings (John Doe)*, 867 F.2d 539, 541 (9th Cir. 1989). Thus the crime-fraud exception insures that the confidentiality enveloping the attorney-client relationship does not encompass communications "made for the purpose of getting advice for the commission of a fraud or crime," *United States v. Zolin*, 491 U.S. 554, 563 (1989) (internal quotation and citation omitted), but the exception does not sweep so broadly that it discourages clients from "mak[ing] full disclosure to their attorneys of past wrongdoings, in order that the client may obtain the aid of persons having knowledge of the law and skilled in its practice." *Id.* at 562 (internal quotations and citations omitted) (emphasis added).
>
> To trigger the crime-fraud exception, the government must establish that "the client was engaged in or planning a criminal or fraudulent scheme when it sought the advice of counsel to further the scheme." *In re Sealed Case*, 754 F.2d at 399 (citations omitted). The government is not obliged to come forward with proof sufficient to establish the essential elements of a crime or fraud beyond a reasonable doubt, *United States v. Friedman*, 445 F.2d 1076, 1086 (9th Cir.), cert. denied, 404 U.S. 958 (1971), since the crime-fraud exception does not require a completed crime or fraud but only that the client have consulted the attorney in an effort to complete one. *In re Grand Jury Subpoena Duces Tecum* (Marc Rich & Co. A.G.), 731 F.2d 1032, 1039 (2d Cir. 1984). On the other hand, it isn't enough for the government merely to allege that it has a sneaking suspicion the client was engaging in or intending to engage in a crime or fraud when it consulted the attorney. A threshold that low could discourage many would-be clients from consulting an attorney about entirely legitimate legal dilemmas. Rather, the district court must find "reasonable cause to believe" that the attorney's services were "utilized . . . in furtherance of the ongoing unlawful scheme." *In re Grand Jury Proceedings*, 867 F.2d at 541.
>
> As we have previously said, for the crime-fraud exception to apply, "the attorney need

not himself be aware of the illegality involved; it is enough that the communication furthered, was intended by the client to further, that illegality." *Friedman*, 445 F.2d at 1086; see also *Hodge & Zweig*, 548 F.2d at 1354 ("The crime or fraud exception applies even where the attorney is completely unaware that his advice is sought in furtherance of such an improper purpose."). Inasmuch as today's attorney-client privilege exists for the benefit of the client, not the attorney,s it is the client's knowledge and intentions that are of paramount concern to the application of the crime-fraud exception; the attorney need know nothing about the client's ongoing or planned illicit activity for the exception to apply. It is therefore irrelevant, for purposes of determining whether the communications here were made "in furtherance of" Corporation's criminal activity, that Roe and Doe may have been in the dark about the details of that activity. *Corporation's argument that communications with Roe and Doe could not have been "in furtherance of" criminal activity because neither attorney took an affirmative step that actually furthered the crimes6 fares no better.* The crime-fraud exception does not require that the attorney have participated, even unwittingly, in the client's criminal activity. A communication between client and attorney can be "in furtherance of" the client's criminal conduct even if the attorney does nothing after the communication to assist the client's commission of a crime, and even though the communication turns out not to help (and perhaps even to hinder) the client's completion of a crime. Moreover, inasmuch as the government need not establish, for purposes of the crime-fraud exception, that the crimes succeeded, see *In re Grand Jury Subpoena Duces Tecum* (Marc Rich & Co. A.G.), 731 F.2d at 1039 ("[i]f a fraudulent plan were ineffective, the client's communications would not thereby be protected from disclosure"), the government is not required to prove that the communications with Roe or Doe in fact helped the targets commit the crimes.

14. Defendant Solomon and attorney Cormier are subject to the crime-fraud-exception-to-attorney-client-privilege since they committed acts "in furtherance of their client's illicit racketeering enterprise, and are, therefore, liable pursuant to 18 U.S.C. §§ 1621, 1622, 1623, effective September 13, 1994. No immunity can exist, quasi or otherwise, as a matter of law.

## ATTORNEY CORMIER MAKES MATERIALLY FALSE REPRESENTATION OF FACT AND LAW IN MOTION AT PAGE 5,C ASSERTING THAT THE UNITED STATES DEFENDANTS ARE "SOVEREIGN"

15. Attorney Cormier makes materially false representations of fact and law in Motion at page 5, C asserting that the United States defendants are "sovereign", knowing that 28 U.S.C. § 2679(c) imposes "official and individual liability" upon all employees of the United States under the "Rule of Law" and that no person is above the law, especially "public servants" such as federal defendants acting in conspiracy with state actors to obstruct plaintiff's First Amendment right to petition for redress of

grievances in the United States District Court, having "original jurisdiction" under 28 U.S.C. § 1343.

## ATTORNEY CORMIER MAKES MATERIALLY FALSE REPRESENTATION OF FACT AND LAW IN MOTION AT PAGE 6-D ASSERTING THAT THERE IS NO *RESPONDENT SUPERIOR LIABILITY* KNOWING THAT 28 U.S.C. § 2679(d)(1) REQUIRES "substitution of the United States as a party defendant" since November 18, 1988"

16. Attorney Cormier makes a materially false representation of fact and law in Motion at page 6-D asserting that there is no *respondent superior liability* knowing that 28 U.S.C. § 2679(d)(1) requires "substitution of United States as a party defendant" since November 18, 1988, quoting:

> (d)(1) Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, **and the United States shall be substituted as the party defendant.**

## ATTORNEY CORMIER MAKES MATERIALLY FALSE REPRESENTATION OF FACT AND LAW IN MOTION AT PAGE 7-E ASSERTING THAT FEDERAL DEFENDANTS ARE NOT LIABLE UNDER 42 U.S.C. § 1983 KNOWING THAT OMMISSIONS IMPOSE LIABLITY UNDER 28 U.S.C. § 1985 IF THEY FAIL TO PREVENT CHAIN OF CAUSATION

17. Attorney Cormier makes materially false representations of fact and law in Motion at page 7 E asserting that federal defendants are not liable under 42 U.S.C. § 1983 knowing that omissions impose liability under 42 U.S.C. § 1985(3) if they fail to prevent chain of causation under 28 U.S.C. § 1343, which provides:

> United States Code
> TITLE 28 - JUDICIARY AND JUDICIAL PROCEDURE  PART IV - JURISDICTION AND VENUE  CHAPTER 85 - DISTRICT COURTS; JURISDICTION    U.S. Code as of: 01/22/02
> **Section 1343. Civil rights and elective franchise**
>     (a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
>         (1) **To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42;**
>         (2) **To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of <u>Title 42 which he had knowledge were about to occur and power to prevent;</u>**

(3) To redress the deprivation, under color of any <u>State law, statute, ordinance,</u> regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

18. Attorney Cormier makes yet another materially false representation of fact in Motion at page 7 F falsely asserting that federal defendants were not served when the DOCKET clearly states that ALL DEFENDANTS HAVE BEEN SERVED and the clerk has computed the defendants answer is due on a specific date as follows:

| Date | No. | Description |
|---|---|---|
| 05/19/2008 | 14 | SUMMONS Returned Executed by John Gabor, Kay Gabor. Burton, Volkmann & Schmal LLP served on 3/17/2008, answer due 4/7/2008. (cfe, Court Staff) (Filed on 5/19/2008) (Entered: 05/19/2008) |
| 05/19/2008 | 15 | SUMMONS Returned Executed by John Gabor, Kay Gabor. Marcy Berkman served on 3/17/2008, answer due 4/7/2008. (cfe, Court Staff) (Filed on 5/19/2008) (Entered: 05/19/2008) |
| 05/19/2008 | 16 | SUMMONS Returned Executed by John Gabor, Kay Gabor. James A Scharf served on 3/17/2008, answer due 4/7/2008. (cfe, Court Staff) (Filed on 5/19/2008) (Entered: 05/19/2008) |
| 05/19/2008 | 17 | SUMMONS Returned Executed by John Gabor, Kay Gabor. Bradley Alan Solomon served on 3/17/2008, answer due 4/7/2008. (cfe, Court Staff) (Filed on 5/19/2008) (Entered: 05/19/2008) |
| 05/19/2008 | 18 | SUMMONS Returned Executed by John Gabor, Kay Gabor. United States Of America served on 3/20/2008, answer due 4/9/2008. (cfe, Court Staff) (Filed on 5/19/2008) (Entered: 05/19/2008) |
| 05/19/2008 | 19 | SUMMONS Returned Executed by John Gabor, Kay Gabor. D Miyashiro served on 3/17/2008, answer due 4/7/2008. (cfe, Court Staff) (Filed on 5/19/2008) (Entered: 05/19/2008) |
| 05/19/2008 | 20 | SUMMONS Returned Executed by John Gabor, Kay Gabor. Jackie Garcia served on 3/17/2008, answer due 4/7/2008. (cfe, Court Staff) (Filed on 5/19/2008) (Entered: 05/19/2008) |
| 05/19/2008 | 21 | SUMMONS Returned Executed by John Gabor, Kay Gabor. Burleigh E Sabin served on 3/17/2008, answer due 4/7/2008. (cfe, Court Staff) (Filed on 5/19/2008) (Entered: 05/19/2008) |

| | | |
|---|---|---|
| 05/19/2008 | 22 | SUMMONS Returned Executed by John Gabor, Kay Gabor. Timothy James Schmal served on 3/17/2008, answer due 4/7/2008. (cfe, Court Staff) (Filed on 5/19/2008) (Entered: 05/19/2008) |
| 05/19/2008 | 23 | SUMMONS Returned Executed by John Gabor, Kay Gabor. Administrative Office of the United States District Court served on 3/24/2008, answer due 4/14/2008. (cfe, Court Staff) (Filed on 5/19/2008) (Entered: 05/19/2008) |

**PLAINTIFF MOVES THE COURT TO IMPOSE RULE 11 SANCTIONS ON DEFENDANT'S ATTORNEYS UNDER 28 U.S.C. § 1927 FOR EXCESSIVE COSTS AND DELAY**

19.   Plaintiff MOVES THE COURT TO IMPOSE RULE 11 SANCTIONS on defendant's attorneys under 28 U.S.C. § 1927 for excessive costs and delay pursuant to the district court order imposing $5000.00 per week and $5,000.00 per court day for failure to comply with Federal Rules of Civil Procedure as states in ORDER incorporated herein as pages 13-14

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Priority __
Send __
Enter __
Closed __
JS-5/JS-6 __
JS-2/JS-3 __
Scan Only __

## CIVIL MINUTES - GENERAL

| Case No. | CV 00-4158 ABC (Ex) | Date | July 6, 2006 |
|---|---|---|---|

| Title | W. Figueroa v. Daryl Gates, et al. |
|---|---|

Present: The Honorable Audrey B. Collins

| Daphne Alex | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings:** DEFENDANTS' EX PARTE APPLICATION FOR MORE TIME TO COMPLY WITH COURT'S ORDERS TO RESPOND TO RICO DISCOVERY AND PRODUCE DOCUMENTS AND THINGS (In Chambers)

On June 30, 2006, Defendants filed an Ex Parte Application for More Time to Comply with Court's Orders to Respond to Rico Discovery and Produce Documents and Things. Therein, they assert that they cannot comply with their obligation to produce RICO discovery as set forth in the magistrate's May 22 and 24, 2006 Orders, both of which were affirmed by this Court in its June 21, 2006 Order. In the Court's June 21, 2006 Order, the Court ordered Defendants to comply with the magistrate's May 22 and May 24, 2006 Orders within ten days from the date of the Court's Order. Defendants now seek to extend this ten day period to one year.

Having considered Defendants' arguments and Plaintiffs' Opposition, the Court hereby DENIES the Ex Parte Application. Defendants cannot at this late date claim an inability to compile the requested discovery, considering that Plaintiffs propounded the discovery over eight months ago. Moreover, based on their inexcusable neglect and unreasonable delay thus far in producing, or even preparing to produce, this discovery, the Court finds sanctions appropriate. Accordingly, if Defendants are unable to comply with the production deadline set forth in the Court's June 21, 2006 Order, they will be sanctioned $5,000 per week until October 9, 2006 for each week that they remain in non-compliance with the Court's Order. Thereafter, if Defendants have still not fully complied with the Court's Order to produce RICO discovery, they will be sanctioned $5,000 per court day until they have fully complied. Defendants shall

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

cc: Fiscal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.   CV 00-4158 ABC (Ex)                    Date:  July 6, 2006

Title:   W. Figueroa v. Daryl Gates, et al.

pay these sanctions directly to the Court.[1]

Finally, the Court ORDERS Defendants to pay Plaintiffs' counsel's costs in opposing Defendants' Ex Parte Application. Accordingly, Defendants' shall pay Plaintiffs' counsel $4,125.00 within twenty (20) days from the date of this Order.

**IT IS SO ORDERED.**

cc: Magistrate Judge Eick

Initials of Preparer   D.A.

---

[1] The Court declines Plaintiffs' counsel's invitation to make any part of the sanctions and costs ordered herein to be paid personally by defense counsel.

## PLAINTIFF MOVES THE COURT TO DENY DEFENDANTS MOTION AS "IMPERMISSIBLE" PURSUANT TO *PAE Government Service, Inc. v. MPRI, Inc., supra*

20. Plaintiff MOVES THE COURT TO DENY DEFENDANTS MOTIONS as "impermissible" pursuant to Ninth Circuit precedent *PAE Government Service, Inc. v. MPRI, Inc., supra.* And issue JURY TRIAL SCHEDULING ORDER pursuant to Rule 16 without further delay.

21. Plaintiff herein incorporates a "trial schedule order issued" in ***Simpson v. City of San Jose**, docket page 1 and 4, as pages 16 and 17, should the court be unfamiliar with the federal requirements since 1993 Amendment to Rules 1 and 16.*

22. District court judge Fogel will be called as an expert witness as to jury trial scheduling order issued in 1999 as Docket No. 7:

> 01/25/1999   7   MINUTES (c/r/p/ Torreano) (Hearing Date 1/25/99) Discovery cutoff set for 11/10/99; Dispositive motion cutoff hearing date will be heard by 11/18.99; Pretrial conference set for 9:30  11/19/99; Jury trial will be held 1:30  11/29/99; [5:98-cv-20976] (COURT STAFF) (Entered 01/26/1999)

CLOSED, ICMS, PROTO, REFDIS

# U.S. District Court
## California Northern District (San Jose)
### CIVIL DOCKET FOR CASE #: 5:98-cv-20976-JF

Simpson v. City of San Jose, et al
Assigned to: Judge Jeremy Fogel
Referred to: Judge Jeremy Fogel
Demand: $0
Case in other court: cv775923
Cause: 42:1983 Civil Rights Act

Date Filed: 09/24/1998
Date Terminated: 04/12/2001
Jury Demand: Defendant
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Carl Simpson**  represented by  **Doug Watanabe**
McManis Faulkner & Morgan
50 W. San Fernando Street, 10th Floor
San Jose, Ca 95113
(408) 279-8700
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James H. McManis**
McManis Faulkner & Morgan
A Professional Corporation
50 W. San Fernando Street
10th Floor
San Jose, CA 95113
408-279-8700
Fax: 408-279-3244
Email: jmcmanis@mfmlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nora Linda Rousso**
McManis Faulkner & Morgan
50 W. San Fernando Street, 10th Floor
San Jose, Ca 95113
(408) 279-8700
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

| | | |
|---|---|---|
| 01/25/1999 | 7 | MINUTES: ( C/R P. Torreano) ( Hearing Date: 1/25/99) Discovery cutoff set for 11/10/99 ; Dispositive motion cutoff hearing date will be heard by 11/18/99 ; Pretrial conference set for 9:30 11/19/99 ; Jury trial will be held 1:30 11/29/99 ; [5:98-cv-20976] (cm, COURT STAFF) (Entered: 01/26/1999) |
| 01/27/1999 | 8 | ORDER the court hereby adopts as the order of the court all of the dates and deadlines and any other matter reflected in the minutes filed on 1/25/99 by Judge Jeremy Fogel ( Date Entered: 1/28/99) (cc: all counsel) [5:98-cv-20976] (cm, COURT STAFF) (Entered: 01/28/1999) |
| 02/08/1999 | 9 | LETTER dated 2/2/99 from David J. Stock [5:98-cv-20976] (cm, COURT STAFF) (Entered: 02/12/1999) |
| 02/17/1999 | 10 | ORDER by Mag. Judge Maria-Elena James Settlement conference will be held 10:00 3/26/99 ; ( Date Entered: 2/22/99) (cc: all counsel) [5:98-cv-20976] (cm, COURT STAFF) (Entered: 02/22/1999) |
| 03/15/1999 | 11 | LETTER dated 3/12/99 from David J. Stock re settlement conference rescheduled to 3/31/99 at 2:00 p.m. [5:98-cv-20976] (cm, COURT STAFF) (Entered: 03/19/1999) |
| 03/31/1999 | 12 | MINUTES: () ( Hearing Date: 3/31/99) Settlement conference will be held 10:30 5/20/99 ; [5:98-cv-20976] (cm, COURT STAFF) (Entered: 04/06/1999) |
| 04/08/1999 | 17 | LETTER dated 4/7/99 from Nora L. Rousso that the settlement conference has been rescheduled to 5/20/99 at 10:30 [5:98-cv-20976] (cm, COURT STAFF) (Entered: 04/14/1999) |
| 04/12/1999 | 13 | EXPEDITED MOTION before Judge Jeremy Fogel by Plaintiff Carl Simpson for partial lift of stay [5:98-cv-20976] (cm, COURT STAFF) (Entered: 04/13/1999) |
| 04/12/1999 | 14 | DECLARATION by Nora Rousso on behalf of Plaintiff Carl Simpson re motion for partial lift of stay [13-1] [5:98-cv-20976] (cm, COURT STAFF) (Entered: 04/13/1999) |
| 04/12/1999 | | RECEIVED Proposed Order for partial lift of stay of discovery ( Plaintiff Carl Simpson ) [5:98-cv-20976] (cm, COURT STAFF) (Entered: 04/13/1999) |
| 04/12/1999 | 15 | PROOF OF SERVICE by Plaintiff Carl Simpson of order received [0-0], declaration [14-1], motion for partial lift of stay [13-1] [5:98-cv-20976] (cm, COURT STAFF) (Entered: 04/13/1999) |
| 04/12/1999 | 16 | PROOF OF SERVICE by Plaintiff Carl Simpson of service [15-1], order received [0-0], declaration [14-1] [5:98-cv-20976] (cm, COURT STAFF) (Entered: 04/13/1999) |
| 04/15/1999 | 18 | MEMORANDUM by defendant Ed Flosi, defendant Mike Chambless, defendant Carlos Duenas, defendant City of San Jose in opposition to motion for partial lift of stay [13-1] [5:98-cv-20976] (cm, COURT STAFF) (Entered: 04/16/1999) |
| 04/15/1999 | 19 | DECLARATION by David J. Stock on behalf of defendant Ed Flosi, defendant Mike Chambless, defendant Carlos Duenas, defendant City of San |

## CERTIFICATION

23.  Plaintiffs John Gabor and Kay Gabor, do hereby certify under penalty of perjury that the foregoing is of our personal knowledge, being true and correct and in compliance with FRCP 2008 Edition (West)..

Respectfully submitted,

DATED: June 5, 2008

_____
JOHN GABOR, plaintiff
590 Smokey Court
Campbell, CA 95008

DATED: June 5, 2008

_____
KAY GABOR, plaintiff
590 Smokey Court
Campbell, CA 95008

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing PLAINTIFFS REPLY IN OPPOSITION. was served, pursuant to Federal Rules of Civil Procedure, Rule 5(a), upon all parties, *not in default*, listed below on this 5th day of June, 2008

/s/ _____
John Gabor, plaintiff

DEFENDANTS NOT IN DEFAULT

Claire T. Cormier for federal defendants
United States Attorney's Office
150 Almaden Blvd, Suite 900
San Jose, CA. 95113

Kay K. Yu for defendant Solomon
California Attorney General's Office
455 Golden Gate Avenue, Suite 11000
San Francisco, CA. 94102-3664