1John Gabor
Kay Gabor
590 Smokey Court
Campbell, CA. 95008-3717
*No telephone calls or threats*
Plaintiffs

**RECEIVED**

2008 JUN -5 PM 2: 21

RICHARD W. WIEKING
CLERK
U.S. DSTRICT COURT
NO. DIST. OF CA. S.J.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

**JOHN GABOR and KAY GABOR,**

Plaintiffs,

CASE NO. **5:07-cv-06091-RMW**

**PLAINTIFFS NOTICE OF EXPERT WITNESS
RONALD M WHYTE; JAMES WARE
JEREMY FOGEL AND WRITTEN COPY OF
CONTRACT WITH DEFENDANTS**

**UNITED STATES OF AMERICA**, et al.,
Defendants,

TO THE UNITED STATES DISTRICT COURT JUDGE, *and plaintiff's witness,* WHYTE AND ALL
PARTIES, NOT IN DEFAULT:

1.    Plaintiffs John and Kay Gabor hereby file this their **PLAINTIFFS NOTICE OF EXPERT**

**WITNESS RONALD M. WHYTE, JAMES WARE, AND JEREMY FOGEL AND WRITTEN**

**COPY OF MAY 6TH, 2008 WRITTEN CONTRACT OF JUDGES WITH DEFENDANTS and**

**notice of distribution to editor 20/20 for re-broadcast** of series on "puppy mill" related to Judge

White's testimony that overly large Maltese non fertile male and teacup Yorkshire Terrier female

constitute a "puppy mill" thereby terminating ALL CONSTITUTIONAL RIGHTS of plaintiffs who

paid $350.00 for JURY TRIAL to re-establish federal constitutional rights for all citizens owning

"personal property purchased in commerce.

2.    Expert witness will testify to the "civil RICO elements of conspiracy" as defined in headnotes of

*Salinas v. United States,* 118 S. Ct. 469 (1997), as follows:

**17. Conspiracy  41**

If conspirators have plan which calls for some conspirators to perpetrate crime and others to provide
support, supporters are as guilty as perpetrators.

**18. Conspiracy  28(1)**

It is possible for person to conspire for commission of crime by third person.

**19. Conspiracy  40.2**

Person may be liable for conspiracy even though he was incapable of committing substantive offense.

**20. Conspiracy  24.5**

To be convicted of conspiracy, conspirator must intend to further endeavor which, if completed, would satisfy all of elements of substantive criminal offense, but it suffices that he adopt goal of furthering or facilitating criminal endeavor.

**21. Conspiracy  24(1)**

Conspirator can adopt goal of furthering or facilitating criminal endeavor as required for conspiracy conviction in any number of ways short of agreeing to undertake all of acts necessary for crime's completion.

**22. Conspiracy  24(1)**

One can be conspirator by agreeing to facilitate only some of acts leading to substantive offense.

**23. Conspiracy  28(2)**

Conspiracy may exist and be punished whether or not substantive crime ensues, for conspiracy is distinct evil, dangerous to public, and so punishable in itself.

3.    Attached hereto and incorporated herein:

(1) May 6, 2008 written demand to judge to enforce contract by defendant;

(2) Transcript of origination of contract on January 18, 2008; and

(3) advertisement of 20/20 broadcast.

## CERTIFICATION

4.    Plaintiffs John Gabor and Kay Gabor, do hereby certify under penalty of perjury that the foregoing is of our personal knowledge, being true and correct and in compliance with FRCP 2008 Edition (West)..

Respectfully submitted,

DATED: June 5, 2008

_____
JOHN GABOR, plaintiff
590 Smokey Court
Campbell, CA 95008

DATED: June 5, 2008

_____
KAY GABOR, plaintiff
590 Smokey Court
Campbell, CA 95008



# Burton
# Volkmann
# &Schmal
### LLP • ATTORNEYS AT LAW

John S. Burton
Timothy R. Volkmann
Timothy J. Schmal
Anna DiBenedetto
Burleigh E. Sabin

133 Mission Street
Suite 102
Santa Cruz, CA 95060
(831) 425-5023
Fax: (831) 427-3159
www.bvsllp.com

May 6, 2008

VIA E-MAIL RMWpdf@cand.uscourts.gov AND U.S. MAIL
The Honorable Ronald M. Whyte
U.S. District Court
280 South First Street, Room 2112
San José, CA  95113

   Re:  John Gabor, Kay Gabor v. United States of America,
        Timothy J. Schmal, et al.
        Action No.:  C07-06091 RMW
        Our "Clients":  Burton, Volkmann & Schmal, LLP; Timothy
        James Schmal; & Burleigh E. Sabin
        Our File No:  65824-3-104

Dear Judge Whyte:

     I am writing to you in connection with the above-captioned
matter, the latest in a series of lawsuits filed by John and Kay
Gabor, which was reassigned to you by Order issued on March 17,
as was noted by you in your March 31 Order in case number C07-
04266RMW, at page 5, lines 5-6.

     I am writing to you, instead of e-filing a pleading, since
I, my firm, and associate, Mr. Sabin, have never properly been
"served with process" in this particular matter by the Gabors,
and I thus want to avoid making a "general appearance" in this
case.  As you will recall, I discussed this latest filing, by the
Gabors - C07-06091 RMW - with you, when I appeared at the January
18 hearing of the various cross-motions in connection with the
case previously-referenced in this paragraph - C07-04266RMW -
which culminated in your March 31 Order.

     At the time of the January 18 hearing, I advised Your Honor
that I was aware of this latest suit by the Gabors, and, despite

F:\DOC\TJS\65824\WHYTE.001.wpd

The Honorable Ronald M. Whyte
May 6, 2008
Page 2

the fact that the Gabors had sworn and attested, under penalty of
perjury (in the text of their original complaint), that they had
sent copies of the Summons and Complaint to me, my firm, and my
associate, by certified mail, that had never occurred.
Eventually, when the Gabors filed an Amended Complaint in this
latest matter, they did mail copies to my office, but that
mailing does not satisfy the requirements for "service".

In the defendants' Joint Case Management Statement, filed in
connection with the August 27, 2007 action (C07-04266RMW), the
defendants requested that Your Honor *sua sponte* dismiss this
latest case. At the January 18 hearing, as is reflected in the
transcript prepared by your reporter, Ms. Shortridge, I made
reference to this lawsuit, and the Joint Case Management
Statement's dismissal request. (Transcript, page 7, lns. 17-23.)
I noted that, after my firm filed our vexatious litigant motion
on September 10, 2007, the Court set a hearing for same on
October 26, 2007. (*Id.* at page 10, lns. 13-16.) I noted that
had the motion been heard and granted, seasonably, following an
October 26 hearing, the Gabors would never have been allowed to
file the now-pending latest lawsuit. (*Id.*) (Although Your Honor
indicated, in your March 31 Order, at page 5, ln. 1, that the
latest suit was filed on "November 3", which is the date that the
original complaint in the pending lawsuit was "stamped" by a
Deputy Court Clerk, it was actually "certified" on the last page
by the Gabors on December 3, and e-filed on December 3.
Therefore, it is clear that the Court Clerk simply forgot to
"turn over" the month on the stamper, on the first business day
of December, upon receiving the original Complaint from the
Gabors.)

When I reiterated, at the January 18 hearing, my request for
a *sua sponte* dismissal of this remaining pending action, you
asked me how you would have the power to dismiss a case that was
then-pending before another judge, and not before you. (*Id.*, p.
11, lns. 8-14 and 17-18.) That is no longer a problem, since
this case now is pending before you, and calendared for a May 23
Case Management Conference.

As you know, two motions have been filed by co-defendants in
this case, as e-filed documents 9 and 10, filed on April 16 and
May 2. One is a noticed Motion to *Dismiss* and fee motion set for

F:\DOC\TJS\55824\WHYTE.001.wpd

The Honorable Ronald M. Whyte
May 6, 2008
Page 3

the date of the Case Management Conference, May 23, and the other
is a *noticed dismissal motion*, set for June 20.

The purpose of my letter is to reiterate my request, to you,
that you *sua sponte* dismiss this action, based upon the case
cited by the United States of America defendants, *Omar v. Sea-
cited Land Service, Inc.* (1987) 813 Fed.2d 986, 991, cited by the
United States at page 5 of their motion, lns. 20-22. The *Omar*
case clearly states that Your Honor has the inherent authority to
dismiss a claim or case, *sua sponte*, <u>without notice</u> to the
plaintiffs, under Rule 12(b)(6). (*Id.*)

As you also know, this latest lawsuit by the Gabors is
predicated upon the Gabors' assertion that the actions taken by
the defense attorneys, in response to the August 27, 2007
lawsuit, on behalf of their clients, were illegal, and that the
Court Clerks and other new defendants on the Amended Complaint
"conspired" with the defense lawyers to allow those illegal
actions to be undertaken.

*Obviously*, given various "litigation privileges", all of the
defendants in this latest case are immune and exempt from suit.
Notably, immunities aside, the actions undertaken by the defense
attorneys were not only not illegal, they were legally <u>correct</u>,
since Your Honor granted all of the relief requested by the
defense attorneys, in connection with the August 27, 2007 lawsuit
(C07-04266RMW), in the form of your March 31 Order.

Adding "insult to injury", I now must resort to sending a
copy of this letter/request, directed to you, to my law firm's
bank, since an issue was raised, in connection with the renewal
of my firm's business line of credit, regarding this pending
lawsuit (identified through a Google search) against me, my firm,
and my associate. This is not an indignity lightly suffered by a
zealous advocate, whose efforts ultimately vindicated the
interests of a client.

In light of the foregoing, Your Honor's knowledge of the
history of these vexatious litigants, and the pending motions by
the co-defendants, I would respectfully request that Your Honor
*sua sponte* dismiss this latest action forthwith, thereby vacating
the May 23 Case Management Conference and motion hearing date as

F:\DOC\TJS\65024\WHYTE.001.wpd

The Honorable Ronald M. Whyte
May 6, 2008
Page 4

moot. As noted in the *Omar* decision, the plaintiffs herein have
absolutely no prospects of prevailing in this matter, and this
is, arguably, the most absurd and insulting suit that they have
brought to date.

Thank you for your kind consideration of this letter.

Sincerely yours,

TIMOTHY J. SCHMAL

TJS:scb
cc:  John & Kay Gabor (via U.S. Mail)
     Marcy L. Berkman (via FAX 408-292-7240 and U.S. Mail)
     James A. *Scharf* (via FAX 408-535-5081 and U.S. Mail)
     Claire T. Cormier (via FAX 408-535-5081 and U.S. Mail)
     Kay K. Yu (via FAX 415-703-1107 and U.S. Mail)
     Wells Fargo Bank, Attn.:  Gavin Tripp, Senior Vice-
        President, Central Coast Division Manager (via U.S. Mail)
     Wells Fargo Bank, Attn.:  *Tess Piazza*, Vice-President,
        Business Relationship Manager (via U.S. Mail)

p.s.  After initially drafting this, I received your order of
yesterday, continuing the hearing on both co-defendants'
dismissal motions to June 27th. I presume that the case
management conference will still be going forward on May 23rd, as
noticed.

----------Tim Schmal

F:\DOC\TJS\65824\WHYTE.001.wpd

1     UNITED STATES DISTRICT COURT

2    NORTHERN DISTRICT OF CALIFORNIA

3     SAN JOSE DIVISION  COPY

4

5  JOHN GABOR AND KAY GABOR, ) C-07-04266 RMW
             )

6     PLAINTIFFS,   ) SAN JOSE, CALIFORNIA
             )

7      VS.     ) JANUARY 18, 2008
             )

8  COUNTY OF SANTA CLARA  ) PAGES 1-13
  BOARD OF SUPERVISORS,   )

9  ET AL.,       )
             )

10     DEFENDANTS.  )
  _____)

11

12     TRANSCRIPT OF PROCEEDINGS
   BEFORE THE HONORABLE RONALD M. WHYTE

13    UNITED STATES DISTRICT JUDGE

14

15 A P P E A R A N C E S:

16 FOR THE PLAINTIFFS: JOHN GABOR AND KAY GABOR
         IN PROPRIA PERSONA

17         590 SMOKEY COURT
         CAMPBELL, CALIFORNIA  95008

18         OFFICE OF THE COUNTY COUNSEL

19 FOR DEFENDANT    BY:  MARCY L. BERKMAN
  COUNTY:       70 W. HEDDING STREET,

20         9TH FLOOR, EAST WING
         SAN JOSE, CALIFORNIA  95110

21

22   APPEARANCES CONTINUED ON NEXT PAGE

23

24 OFFICIAL COURT REPORTER: LEE-ANNE SHORTRIDGE, CSR, CRR
        CERTIFICATE NUMBER 9595

25

                1

1

2    APPEARANCES (CONTINUED)

3

4    FOR DEFENDANTS          BURTON, VOLKMANN & SCHMAL, LLP
     CITY OF CAMPBELL,       BY:  TIMOTHY JAMES SCHMAL
5    RICH AND                133 MISSION STREET, SUITE 102
     MORGADO-GRAY:           SANTA CRUZ, CALIFORNIA  95060

6

7    SCOTT N. SCHOOLS:       UNITED STATES ATTORNEY'S OFFICE
                             BY:  JAMES A. SCHARF
8                            150 ALMADEN BOULEVARD, SUITE 900
                             SAN JOSE, CALIFORNIA  95113

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

                                                            2

JANUARY 18, 2008

1   SAN JOSE, CALIFORNIA

2                    P R O C E E D I N G S

3             (WHEREUPON, COURT CONVENED AND THE

4   FOLLOWING PROCEEDINGS WERE HELD:)

5             THE CLERK:  NEXT MATTER, C-07-04266, JOHN

6   GABOR, ET AL, VERSUS THE COUNTY OF SANTA CLARA

7   BOARD OF SUPERVISORS, ET AL, ON FOR DEFENDANT'S

8   MOTION TO DISMISS AND MOTION FOR A MORE DEFINITE

9   STATEMENT AND MOTION TO STRIKE.

10            MS. BERKMAN:  GOOD MORNING, YOUR HONOR.

11  DEPUTY COUNTY COUNSEL MARCY BERKMAN FOR THE COUNTY.

12            MR. SCHARF:  JAMES A. SCHARF FOR THE

13  FEDERAL DEFENDANT FORMER INTERIM UNITED STATES

14  ATTORNEY SCOTT N. SCHOOLS.

15            MR. SCHMAL:  GOOD MORNING, YOUR HONOR.

16  TIMOTHY SCHMAL FOR DEFENDANT CITY OF CAMPBELL,

17  DEFENDANT RICH, AND DEFENDANT MORGADO-GRAY.

18            THE COURT:  ARE YOU MR. AND MRS. GABOR?

19            MR. GABOR:  YES, SIR.

20            THE COURT:  OKAY.  I DON'T KNOW WHICH ONE

21  OF YOU WANTS TO SPEAK, BUT WHAT -- WHAT IS THE

22  FACTUAL BASIS OF YOUR CURRENT CLAIM?

23            IT SOUNDED AS IF, FROM WHAT I READ, THAT

24  THE PERSON CAME TO THE DOOR, WANTED TO SEARCH, YOU

25  SAID NO, THEY THREATENED TO GET A SEARCH WARRANT,

                                                    3

YOU SAID NO, AND THEY WENT AWAY.

        MR. GABOR:  BASICALLY, YES.

        THEY CAME TO THE DOOR TO THREATEN MY WIFE IF THEY DON'T -- IF SHE DOESN'T OPEN THE DOOR AND ALLOW THEM TO ENTER THE HOUSE AND SEARCH FOR ANYTHING THAT THEY WANTED TO FIND THAT SHE WAS MAKING ANY VIOLATION.  THEY WOULD DECIDE AND THEN CHARGE HER.  AND THEY WANTED ENTRY WITHOUT A WARRANT.

        NOW, WE'VE BEEN IN COURT BEFORE WITH THE CITY.  WE'VE BEEN THROUGH THE COURTS BEFORE.

        THIS ACTUALLY -- THIS -- WE SHOULDN'T EVEN HAVE TO BE HERE.

        BUT THEY WON'T LEAVE US ALONE.  THEY TRAMPLE ON OUR PROPERTY RIGHTS, AND AS LONG AS THEY DO, WE'RE GOING TO GO TO THE COURTS AND REDRESS AND SEEK SOME KIND OF RELIEF.

        THE COURT:  BUT THEY DIDN'T GO IN, DID THEY?  YOU REFUSED AND THEY WENT AWAY.

        MR. GABOR:  THAT'S RIGHT.  BUT THEY WENT AWAY WITH A THREAT.

        THE ONLY THING WE CAN DO IS TO, IS TO MAKE SURE WE PROTECT OUR PROPERTY RIGHTS.

        THE COURT:  OKAY.

        MR. GABOR:  SO WE'VE BEEN GIVEN THE RIGHT

4

1    TO ADDRESS THE COURT AND THAT'S, THAT'S WHY WE'RE

2    HERE.

3              THE COURT:  OKAY.

4              MR. GABOR:  WE'RE -- WE'RE JUST TIRED OF

5    BEING HARASSED BY THE CITY.

6              WE FILED OUR CASE.  WE NEVER RECEIVED AN

7    ANSWER.  BEEN IN THE COURTS BEFORE, AND ALL THE

8    YEARS WE'VE BEEN IN THE COURTS SINCE 1984, WE HAVE

9    NEVER RECEIVED AN ANSWER.  COMPLAINT, NO ANSWER.

10             THE COURT:  THE --

11             MR. GABOR:  JUSTICE ROBERTS HAS MADE IT

12   VERY CLEAR.  HE SAYS THERE IS A COMPLAINT, THERE

13   HAS TO BE AN ANSWER.  NO OTHER MOTIONS.

14             THE COURT:  OKAY.

15             MR. GABOR:  SO THESE DEFENDANTS ARE IN

16   DEFAULT.

17             AND WE'VE BEEN DEPRIVED OF AN ANSWER AND

18   A DEFAULT AGAINST ALL THE DEFENDANTS.  THAT'S WHY

19   WE'RE IN COURT.

20             THE COURT:  OKAY.  WHAT DOES -- WHAT DOES

21   ANYBODY OTHER THAN THE PERSON THAT CAME TO THE

22   DOOR, WHAT WRONG DID THEY DO?

23             MR. GABOR:  WHAT WRONG?  WELL, THIS HAS

24   BEEN GOING ON FOR YEARS, HARASSMENT.

25             I MEAN, THIS IS THE FIRST CASE WE

                                                        5

1    FILED --

2                 THE COURT: BUT, FOR EXAMPLE --

3                 MR. GABOR: THIS IS THE FIRST CASE WE

4    FILED AGAINST THE CITY. IT'S JUST AN ONGOING

5    ASSAULT BY THE CITY.

6                 THE COURT: BUT WHY DOES THE COUNTY GET

7    INVOLVED?

8                 MR. GABOR: WELL, BASICALLY THE COUNTY

9    IS -- THE COUNTY IS INVOLVED WHEN YOU, WHEN YOU --

10   IT'S THEIR RIGHT TO PROTECT US. THEY HAVE THE

11   RIGHT.

12                 AND IT'S PLAINLY PRINTED -- IF YOU EXCUSE

13   ME A MOMENT.

14                 (PAUSE IN PROCEEDINGS.)

15                 MR. GABOR: ALL THIS -- ALL THIS

16   PAPERWORK, I DON'T KNOW.

17                 WE'RE GOING BACK TO CALIFORNIA CIVIL CODE

18   52.1 WHICH SAYS IT'S THE COUNTY'S RIGHT -- IT'S THE

19   DISTRICT ATTORNEY'S RIGHT TO PROTECT US FROM

20   ILLEGAL TRESPASS. THEY HAVE TO FILE A CLAIM

21   AGAINST THE PERSONS THAT DID THIS.

22                 WHEN THEY WALKED ON OUR PROPERTY, THEY

23   TRESPASSED.

24                 THE COURT: BUT THE COUNTY DIDN'T WALK ON

25   YOUR PROPERTY.

                                                       6

1      MR. GABOR:  NO, BUT THE CITY DID.  AND

2  IT'S UP TO THE COUNTY TO PROTECT OUR RIGHTS.

3  PLAINLY WRITTEN IN THE CALIFORNIA CIVIL CODE 52.1.

4      THE COURT:  OKAY.  THANK YOU.

5      MR. GABOR:  ALL RIGHT.

6      MR. SCHMAL:  YOUR HONOR, IF I COULD BE

7  HEARD ON THE TENTATIVES?

8      TIMOTHY SCHMAL FOR THE CITY DEFENDANTS.

9      THE TENTATIVE INDICATES THAT THE

10  DEFENDANT'S MOTIONS ARE GRANTED.  OBVIOUSLY WE WANT

11  ASSURANCE THAT THE DISMISSAL IS WITH PREJUDICE AND

12  THAT PLAINTIFFS ARE NOT GIVEN LEAVE TO AMEND.

13      WITH REGARD TO THE VEXATIOUS LITIGANT

14  ISSUE AND THE NO TENTATIVE ON THAT, I THINK

15  MR. GABOR JUST DEMONSTRATED YET AGAIN WHY THEY NEED

16  TO BE DEEMED VEXATIOUS LITIGANTS.

17      AS YOUR HONOR KNOWS FROM THE JOINT CASE

18  MANAGEMENT STATEMENT SUBMITTED BY THE THREE

19  DEFENDANTS, WE STAND BEFORE YOU, THESE THREE

20  LAWYERS TODAY, NOT ONLY AS LAWYERS REPRESENTING THE

21  PARTIES IN THE PENDING MATTER, BUT WE'RE NOW

22  STANDING BEFORE YOU AS DEFENDANTS IN THE SIXTH

23  FILED ACTION OF A MONTH AND A HALF AGO.

24      THE GABORS HAVE CLEARLY DEMONSTRATED THAT

25  THEY WILL NOT HONOR ANY LEGAL AUTHORITY THAT

7

1    GOVERNS THEM.

2            THEY HAVE SUED EVERY LEVEL OF THE

3    GOVERNMENT REPEATEDLY, THE CITY OF CAMPBELL WHERE

4    THEY RESIDE, THE COUNTY, THE STATE, THE UNITED

5    STATES OF AMERICA, TWO FORMER GOVERNORS, YOUR

6    COLLEAGUE JUDGE FOGEL.

7            IF THEY LOSE ON A RULING, THEY SUE THE

8    JUDICIAL OFFICER.

9            IF THEY DON'T LIKE SOMETHING THAT A

10   LAWYER SAYS, THEY SUE THE LAWYER.

11           THEY ARE THE QUINTESSENTIAL VEXATIOUS

12   LITIGANT.  THEY RELITIGATE ISSUES THAT THEY HAVE

13   LOST TIME AND TIME AGAIN.

14           I WAS THE CITY'S ATTORNEY IN THE 2004

15   CASE THAT WENT UP ON APPEAL IN 2006 ON THE VERY

16   ISSUE THAT THEY ARE NOW ATTEMPTING TO RELITIGATE,

17   WHICH IS WHAT MR. GABOR STOOD BEFORE YOU AND SAID

18   THIS MORNING, WHICH IS "I DON'T GET AN ANSWER."

19           THE NINTH CIRCUIT COURT OF APPEAL HAS

20   TOLD THEM THEY DON'T GET AN ANSWER BECAUSE IF THEY

21   FILE A MERITLESS LAWSUIT AND A MOTION TO DISMISS IS

22   GRANTED, THE CASE IS OVER.

23           THEY APPEAL EVERY SINGLE TIME THAT THEY

24   LOSE.

25           IT WOULD BE ONE THING IF THIS WERE THE

                                                          8

1   FIRST SUIT THAT THEY FILED.   IF IT'S THE FIRST SUIT

2   THAT THEY FILED, THEY COULD PLEAD IGNORANCE OF THE

3   LAW, WE MISINTERPRET THINGS, WE DON'T UNDERSTAND

4   THINGS.

5             BUT WHAT'S HAPPENED IS EVERY TIME THEY

6   LOSE AN ISSUE, OH, THERE'S A CONSPIRACY.   OH, YOUR

7   HONOR'S CLERKS ARE CONSPIRING TO ALLOW THE DEFENSE

8   COUNSEL TO FILE THESE ILLEGAL PLEADINGS.   OH, NOW

9   WE KNOW THE CONSPIRACY.

10            THERE'S THIS PENDING MOTION FOR YOU TO

11  RECUSE YOURSELF, YOUR HONOR, BECAUSE, QUOTE

12  UNQUOTE, TO QUOTE THE GABORS, THE FIX IS IN.

13            WE'RE ALL IN ON IT.   THESE THREE DEFENSE

14  LAWYERS ARE ALL IN ON IT.   YOUR HONOR, YOU'RE IN ON

15  IT.

16            AND IF THE NINTH CIRCUIT COURT OF APPEALS

17  IS GOING TO UPHOLD THE LAW WITH REGARD TO THE CITY

18  OF CAMPBELL'S RIGHT TO BRING A MOTION TO DISMISS IN

19  THE 2004 ACTION, THEN OBVIOUSLY THEY'RE IN ON IT.

20            EVERYBODY, THE ENTIRE WORLD IS AGAINST

21  THE GABORS.

22            AND THAT, I WOULD SUBMIT, YOUR HONOR, IS

23  THE DEFINITION OF A VEXATIOUS LITIGANT.

24            YOU LOOK AT THE FACTORS FOR DETERMINING A

25  VEXATIOUS LITIGANT UNDER THE SAFIR CASE THAT WE SET

                                                      9

1  FORTH IN OUR MOTION.

2  THE COST TO -- THE CITY OF CAMPBELL, THE

3  STATE AND THE COUNTY, FORTUNATELY, HAVE HIGHLY

4  COMPETENT IN-HOUSE ATTORNEYS THAT ASSIST IN

5  EXTRICATING THE INDIVIDUAL EMPLOYEES AND THOSE

6  ENTITIES FROM THESE CASES.

7  THE SMALL CITY OF CAMPBELL DOESN'T HAVE

8  THAT LUXURY. THEY HAVE TO GO OUT AND HIRE FOR FEE

9  ATTORNEYS LIKE ME AND HAVE PAID TENS OF THOUSANDS

10 OF DOLLARS BECAUSE OF THE SERIES OF UP UNTIL NOW

11 FIVE, AND NOW SIX, UTTERLY BASELESS, SPECIOUS

12 LAWSUITS.

13 IF THE MOTION HAD BEEN HEARD AND GRANTED

14 ON THE VEXATIOUS LITIGANT AS INITIALLY NOTICED TO

15 BE HEARD IN OCTOBER, THEY WOULDN'T HAVE BEEN ABLE

16 TO FILE THIS ACTION DECEMBER 3.

17 AS VEXATIOUS LITIGANTS, TIME AND TIME

18 AGAIN, THEY LIE AND PERJURE THEMSELVES CLAIMING TO

19 HAVE SERVED PAPERS ON OPPOSING COUNSEL WHICH THEY

20 DON'T DO; AND IN THIS LATEST ACTION PENDING IN

21 FRONT OF MAGISTRATE JUDGE TRUMBULL, THEY REPRESENT

22 THAT THEY SERVED ME BY REGISTERED AND CERTIFIED

23 MAIL.

24 I HAVE NEVER RECEIVED THE SUIT PAPERS

25 FROM THEM EVEN THOUGH IT WAS FILED A MONTH AND A

1    HALF AGO.

2            THESE PEOPLE ARE VEXATIOUS LITIGANTS.

3    YOUR HONOR HAS THE LEGAL AUTHORITY TO GRANT THE

4    VEXATIOUS LITIGANT ASPECT OF THE MOTION.

5            YOUR HONOR KNOWS THAT YOU HAVE BOTH THE

6    FACTUAL AND LEGAL BASES FOR MAKING THAT

7    DETERMINATION.

8            DEFENSE COUNSEL IN THE JOINT CASE

9    MANAGEMENT STATEMENT -- AND I GUESS IF THE MOTIONS

10   ARE GRANTED, CASE MANAGEMENT BECOMES A MOOT

11   POINT -- BUT WE'VE REQUESTED THAT YOUR HONOR SUA

12   SPONTE DISMISS THIS OTHER PENDING ACTION BEFORE

13   MAGISTRATE JUDGE TRUMBULL SUA SPONTE FOR ALL THE

14   REASONS SET FORTH IN THESE PENDING MOTIONS.

15           AND UNLESS YOUR HONOR HAS SOME QUESTIONS,

16   I'LL SUBMIT.

17           THE COURT:  WHAT POWER DO I HAVE OVER A

18   CASE THAT'S BEFORE JUDGE TRUMBULL?

19           MR. SCHARF:  YOU CAN RELATE THE CASES,

20   YOUR HONOR, AND, BASED ON RELATING THEM, DISMISS.

21           THE COURT:  ALL RIGHT.  THANK YOU.

22           MR. GABOR:  ANOTHER WORD.

23           THE COURT:  JUST A SECOND.  LET ME SEE IF

24   THE OTHERS --

25           MR. GABOR:  THE MAN JUST STOOD UP THERE

                                                    11

1    AND CALLED ME A LIAR AND EVERYTHING ELSE.  NAME

2    CALLING IS THE BEST THING THEY CAN DO.

3         I WOULD LIKE TO HAVE AN OPPORTUNITY TO

4    TALK IN THIS COURT.

5         THE COURT:  YOU ALREADY HAVE.

6         MR. GABOR:  NO, I'M NOT THROUGH YET.  HE

7    JUST CALLED ME A VEXATIOUS LITIGANT.

8         THE COURT:  OKAY.

9         MR. GABOR:  WE ARE NOT VEXATIOUS

10   LITIGANTS.

11        THE COURT:  ALL RIGHT.

12        MR. GABOR:  THEY ARE THE VEXATIOUS

13   LITIGANTS BECAUSE THEY KEEP THROWING PAPER INTO

14   THIS COURT.

15        THE COURT:  MR. GABOR, I'VE HEARD ENOUGH.

16   I'VE HEARD ENOUGH FROM EVERYBODY.

17        THE MATTER WILL BE SUBMITTED.  THANK YOU.

18        MR. SCHARF:  YOUR HONOR, DO WE NEED TO

19   REMAIN FOR THE 10:30?

20        THE COURT:  NO.  I WILL --

21        MS. BERKMAN:  THANK YOU, YOUR HONOR.

22        MR. GABOR:  BASTARD.

23        MR. SCHARF:  WE'RE ALL DONE?

24        THE COURT:  YES.

25        MR. SCHARF:  THANK YOU.

                                                  12

1          THE COURT:  OKAY.  THANK YOU.

2          (WHEREUPON, THE PROCEEDINGS IN THIS

3    MATTER WERE CONCLUDED.)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

                                              13

1

2

3

4            <u>CERTIFICATE OF REPORTER</u>

5

6

7

8          I, THE UNDERSIGNED OFFICIAL COURT

9    REPORTER OF THE UNITED STATES DISTRICT COURT FOR

10   THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH

11   FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

12   CERTIFY:

13          THAT THE FOREGOING TRANSCRIPT,

14   CERTIFICATE INCLUSIVE, CONSTITUTES A TRUE, FULL AND

15   CORRECT TRANSCRIPT OF MY SHORTHAND NOTES TAKEN AS

16   SUCH OFFICIAL COURT REPORTER OF THE PROCEEDINGS

17   HEREINBEFORE ENTITLED AND REDUCED BY COMPUTER-AIDED

18   TRANSCRIPTION TO THE BEST OF MY ABILITY.

19

20

21

22        LEE-ANNE SHORTRIDGE, CSR, CRR
          CERTIFICATE NUMBER 9595

23

24

25

## CERTIFICATE OF REPORTER

I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY CERTIFY:

THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, CONSTITUTES A TRUE, FULL AND CORRECT TRANSCRIPT OF MY SHORTHAND NOTES TAKEN AS SUCH OFFICIAL COURT REPORTER OF THE PROCEEDINGS HEREINBEFORE ENTITLED AND REDUCED BY COMPUTER-AIDED TRANSCRIPTION TO THE BEST OF MY ABILITY.

LEE-ANNE SHORTRIDGE, CSR, CRR
CERTIFICATE NUMBER 9595

ADRMOP, E-Filing, ProSe

# U.S. District Court
## California Northern District (San Jose)
### CIVIL DOCKET FOR CASE #: 5:07-cv-04266-RMW

Gabor et al v. County of Santa Clara Board of Supervisors et al  
Assigned to: Hon. Ronald M. Whyte  
Referred to: Magistrate Judge Howard R. Lloyd  
Demand: *$1,000,000*  
Cause: 42:1983 Civil Rights Act

Date Filed: 08/20/2007  
Jury Demand: Plaintiff  
Nature of Suit: 440 Civil Rights: Other  
Jurisdiction: U.S. Government Plaintiff

**Plaintiff**

**John Gabor**

represented by **John Gabor**  
*590 Smokey Court*  
*Campbell, CA 95008-3717*  
*408-378-4326*  
PRO SE

**Plaintiff**

**Kay Gabor**

represented by **Kay Gabor**  
*590 Smokey Court*  
*Campbell, CA 95000-3717*  
*408-378-4326*  
PRO SE

V.

**Defendant**

**County of Santa Clara Board of Supervisors**  
*in their official capacity*

represented by **Marcy Berkman**  
Attorney at Law  
70 West Hedding Street, 9th Floor, East Wing  
San Jose, CA 95110  
408-299-5900  
Email: marcy.berkman@cco.sccgov.org

*ATTORNEY TO BE NOTICED*

**Defendant**

**Ken Yeager**  
*in his municipal and individual capacity*

**Defendant**

# Must See ABC's 20/20 June 3rd This Friday's Expose'

See How Animal Rescuers Steal Prize Animals from Breeders
Then Accuse them Falsely of Animal Cruelty

They Sell the Stolen Animals Immediately& keep
the money saying they are abused & neglected

# 3 Year Investigation into the SLOPPY INCOMPETENCE of SPCA/Humane Societies

Judges-DAs-City Attorneys-Police-Sheriffs-Constables &
Our Legislators go along with it

Are They're in on it too?  Lives are Devastated.
Suicide-Jail-Savings Depleted.We've all been
Fooled into donating to these groups

They Kill & Put the Pets to Sleep

# PLEASE DON'T FAIL TO WATCH

# ABC 20/20 Friday June 3rd

EST:  10:00 p.m.   Central:  9:00 p.m.   PST:  10:00 p.m.

SPREAD THE WORD

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing PLAINTIFFS NOTICE OF EXPERT

WITNESS. was served, pursuant to Federal Rules of Civil Procedure, Rule 5(a), upon all parties, *not in*

*default,* listed below on this 5th day of June, 2008

/s/_____
John Gabor, plaintiff

### DEFENDANTS NOT IN DEFAULT

Claire T. Cormier for federal defendants
United States Attorney's Office
150 Almaden Blvd, Suite 900
San Jose, CA. 95113

Kay K. Yu for defendant Solomon
California Attorney General's Office
455 Golden Gate Avenue, Suite 11000
San Francisco, CA. 94102-3664