JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
CLAIRE T. CORMIER (CSBN 154364)
Assistant United States Attorney

150 Almaden Boulevard, Suite 900
San Jose, CA 95113
Telephone: (408) 535-5082
FAX: (408) 535-5081
claire.cormier@usdoj.gov

Attorneys for Defendant United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN GABOR AND KAY GABOR,<br><br>　　Plaintiffs,<br><br>　v.<br><br>UNITED STATES OF AMERICA, ET AL.,<br><br>　　Defendants. | No. C 07-06091 RMW<br><br>**UNITED STATES' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FEDERAL DEFENDANTS**<br><br>Date: July 18, 2008<br>Time: 9:00 a.m.<br>Courtroom: 6, 4th Floor<br>Hon. Ronald M. Whyte |

　　Defendant United States of America will not respond to all of the accusations hurled by plaintiffs in their "Plaintiffs Reply in Opposition to Defendant United States Motion to Procure *Sua Sponte* Dismissal (Dkt 10) Prohibited by Law and U.S. Supreme Court Precedent Since *Galloway v. United States*, 319 U.S. 372 (1943)" (hereinafter "Plaintiffs' Opp."). Plaintiffs frequently cite cases for propositions for which they do not stand or take a few words of a case entirely out of context. Plaintiffs also frequently utilize quotation marks for words and phrases that are not quotations of the authority cited, i.e., when it can be determined from whence the quotation supposedly came. Instead of descending to plaintiffs' level, the United States will attempt to focus on the arguments it previously made and plaintiffs' responses thereto.

　　The United States argued that the Federal Defendants are entitled to absolute immunity for conduct taken in connection with the judicial process. Plaintiffs assert that no immunity can

1   exist for their claims, but they provide no authority that conflicts with that stated by the United
2   States in its motion. Plaintiffs attempt to support this theory with a case relating to the attorney-
3   client privilege (see Plaintiff's Opp. at 8-9), but no argument regarding that privilege was made
4   in the motion, nor is it relevant at this juncture. Accordingly, because the plaintiffs here "cannot
5   possibly win relief," the Court can and should dismiss the complaint *sua sponte*. See Omar v.
6   Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987).
7       The United States next argued that plaintiffs' official capacity claims against the United
8   States, the Attorney General, and the Administrative Office of the United States District Courts
9   were barred because Congress has not waived sovereign immunity for constitutional tort claims.
10  Plaintiffs cite to the procedures for certification by the Attorney General when a federal
11  employee is sued for an act taken in the scope of his office or employment. See 28 U.S.C.
12  §2679. Though they include it in their lengthy quote from that statute, plaintiffs apparently
13  ignore the provision which states that the tort claims procedures do not apply to a civil action
14  against a federal employee "which is brought for a violation of the Constitution of the United
15  States." 28 U.S.C. §2679(b)(2)(A). Accordingly, there is no support for plaintiffs' argument that
16  suing the individuals means that the United States is a proper party. See Plaintiffs' Opp. at 2, 5,
17  6, 9, 10. The Attorney General has not "declined" to certify that the individual defendants were
18  acting within the scope of their employment. There has been no occasion for the Attorney
19  General or his designee to consider whether to make such a certification. Plaintiffs' similar
20  arguments that "there is no respondent [sic] superior liability" also hold no weight. See
21  Plaintiffs' Opp. at 10.
22      In its motion, the United States pointed out that, because 42 U.S.C. §1983 provides a
23  cause of action for constitutional deprivations undertaken under color of *state* law, it cannot
24  provide a basis for claims against Federal Defendants, whose actions would necessarily be under
25  *federal* law. Plaintiffs have provided no meaningful argument as to how this statute can be
26  applied to federal actors, such as the Federal Defendants.
27  //
28  //

REPLY RE UNITED STATES' MOTION TO DISMISS FEDERAL DEFENDANTS
No. C 07 06091 RMW                              2

1   Finally, the United States pointed out that it appeared that none of the Federal Defendants had been properly served. Plaintiffs then filed the various summons showing what service had been accomplished.

Plaintiffs assert that all Federal Defendants have been properly served. Docket entries 16, 18, 19, 20, and 23 describe filings by the plaintiffs that purport to show service on the Federal Defendants. None of the documents filed by plaintiffs demonstrate compliance with the service requirements of Rule 4 of the Federal Rules of Civil Procedure.

Rule 4 sets forth the requirements for proper service of a summons and complaint. First, a summons must "be directed to the defendant." Fed. R. Civ. P. Rule 4(a)(1)(B). Accordingly, the summons for each named defendant must be directed to that defendant. The United States notes that, while it is named as a defendant in this action, no summons directed to that named defendant has been filed with the Court. The closest plaintiffs have come to meeting this requirement is a summons directed to "United States Attorney General Michael Mucasey," [sic] but Attorney General Mukasey is a separate named defendant. Accordingly, the United States is not aware of service of any summons directed to it.

Rule 4 (I) describes the requirements for serving the United States, its agencies, corporations, officers, or employees. To serve the United States, the summons and complaint must either be delivered to the United States Attorney or an Assistant United States Attorney or a designated clerical employee, or it can be sent by registered or certified mail to the civil-process clerk at the United States Attorney's Office. In addition, a copy must be sent by registered or certified mail to the Attorney General. Finally, if the action challenges an order of a non-party agency or officer of the United States, the summons and complaint must also be sent by registered or certified mail to the agency or officer. Fed. R. Civ. P. Rule 4(i)(1).

If an agency, corporation, officer or employee of the United States is sued only in an official capacity, service must be made upon the United States, as described above. In addition, a copy of the summons and complaint must be sent by registered or certified mail to the agency, corporation, officer or employee.

//

REPLY RE UNITED STATES' MOTION TO DISMISS FEDERAL DEFENDANTS
No. C 07 06091 RMW                           3

1    Plaintiffs have sued the United States, Attorney General Mukasey, and the Administrative
2 Office of the United States District Courts in their official capacity. As noted above, there has
3 been no summons filed directed to the United States. Proper service on Attorney General
4 Mukasey would include service on the U.S. Attorney's Office and the Attorney General. Only
5 service on the Attorney General has been documented for the summons directed to this
6 defendant. See Docket Entry 18. For the Administrative Office of the United States District
7 Courts, proper service would include service on U.S. Attorney's Office, the Attorney General,
8 and the named defendant. Only service on the named defendant has been documented for the
9 summons directed to this defendant. See Docket Entry 23.

10    Finally, when an officer or employee of the United States is sued in an individual
11 capacity, whether or not he or she is also sued in an official capacity, proper service includes
12 service on the U.S. Attorney's Office and the Attorney General, as described above. In addition,
13 the individual must be served with the summons and complaint by one of the methods prescribed
14 in Rule 4(e). Service by certified mail is not one of the accepted methods of service on an
15 individual. The only documentation of service on defendants Scharf, Miyashiro, and Garcia is
16 certified mail to their business addresses. See Docket Entries 16, 19, and 20. There is no
17 indication that the U.S. Attorney's Office[1] or the Attorney General was served with those
18 summons, and there is no indication of service that complies with Rule 4(e).
19 //
20 //
21 //
22 //

---

[1] Defendant Scharf's business address is the Office of the United States Attorney. Accordingly, an argument could be made that sending his summons by certified mail to his business address effected service on the U.S. Attorney's Office. However, given the use of the conjunctive "and" in Rule 4(i), it seems logical that such service would not fulfill the two prongs of the service requirement – service on the individual employee and service on the United States Attorney. In any event, the United States has no information indicating that the Attorney General has been served with this summons or that defendant Scharf was served by a method that complies with Rule 4(e).

REPLY RE UNITED STATES' MOTION TO DISMISS FEDERAL DEFENDANTS
No. C 07 06091 RMW                                4

1 | Because it appears that none of the Federal Defendants have been properly served, none
2 | have yet been obligated to make an appearance in this Court. However, there is no reason to give
3 | plaintiffs an opportunity to cure the service deficiencies. For all the reasons previously
4 | discussed, the United States requests that the Court dismiss plaintiffs' claims against all Federal
5 | Defendants with prejudice and without leave to amend.

DATED: June 11, 2008

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

/s/ Claire T. Cormier
_____

CLAIRE T. CORMIER
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee of the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers. The undersigned further certifies that she is causing a copy of the following:

**UNITED STATES' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FEDERAL DEFENDANTS**
to be served this date upon the party in this action by placing a true copy thereof in a sealed envelope, and served as follows:

√    **FIRST CLASS MAIL** by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

____    **PERSONAL SERVICE (BY MESSENGER)**

____    **FACSIMILE (FAX)**  Telephone No.:_____

____    **BY FEDERAL EXPRESS**

to the parties addressed as follows:

John Gabor and Kay Gabor
590 Smokey Court
Campbell, CA 95008-3717

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 11th day of June 2008, at San Jose, California

/s/ Claire T. Cormier
_____
Claire T. Cormier

REPLY RE UNITED STATES' MOTION TO DISMISS FEDERAL DEFENDANTS
No. C 07 06091 RMW                    6