*E-filed on* 07/28/08

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN GABOR and KAY GABOR,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | No. C-07-06091 RMW<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH PREJUDICE; DENYING DEFENDANT'S MOTION FOR ATTORNEY'S FEES AND COSTS; ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED AS TO REMAINING DEFENDANTS<br><br>**[Docket Nos. 9, 10]** |

    Defendant Bradley A. Solomon ("Solomon") moves to dismiss the first amended complaint ("FAC") filed by Plaintiffs John Gabor and Kay Gabor ("Plaintiffs"). Additionally, Solomon seeks attorney's fees and costs. Defendant United States of America ("the United States") joins Solomon's motion to dismiss and moves separately to dismiss the FAC against the Federal

1  Defendants[1]. For the reasons set forth below, the Court grants the Defendants'[2] motions to dismiss
2  without leave to amend. The Court denies Solomon's request for attorney's fees and costs. The
3  Court also issues an order to show cause why the case should not be dismissed as to the remaining
4  defendants.

## I. BACKGROUND

On August 20, 2007, Plaintiffs filed a complaint against the following defendants: Santa Clara County Board of Supervisors, represented by Marcy Berkman, the City of Campbell and the City of Campbell Community Development Department, Daniel Rich, City Manager of the City of Campbell and Susan Morgado-Gray, an employee of the City of Campbell represented by Timothy James Schmall and Burleigh E. Sabin of the law firm of Burton, Volkmann & Schmal, LLP, Scott N. Schools, the United States Attorney for the Northern District of California, represented by James A. Scharf, Edmund G. Brown Jr., Attorney General for the State of California, represented by Bradley A. Solomon, Deputy Attorney General (Action No. C-07-04266). The complaint alleged conspiracy between the various public entity defendants to violate Plaintiffs' civil rights. Plaintiffs further alleged that the United States Attorney and the Attorney General of California failed to protect Plaintiffs from these public entity defendants. A stipulation was entered dismissing the California Attorney General. The remaining served defendants filed motions to dismiss. Plaintiffs objected to the motions to dismiss on the grounds that the only permissible response to their complaint was an answer. Plaintiffs failed to file any opposition to the motions to dismiss. The complaint was dismissed on March 31, 2008. The Court also entered an order designating Plaintiffs as vexatious litigants based upon their litigious history.

Before Action No. C-07-04266 was resolved, Plaintiffs filed the instant complaint against all the attorneys who represented the defendants in Action No. C-07-04266. Plaintiffs filed a FAC on

---

[1] The Federal Defendants include the United States of America, United States Attorney General Michael Mucasey, the Administrative Office of the United States District Courts, Assistant United States Attorney James A. Scharf, "clerk D. Miyashiro (dhm), COURT STAFF," and "clerk Jackie Garcia (jg), COURT STAFF." All references in this order to "the Federal Defendants" should be read to include all defendants affiliated with the federal government.

[2] The Court will refer to the Federal Defendants and Solomon collectively as "the Defendants" in this order.

United States District Court
For the Northern District of California

March 14, 2008. Named as Defendants are the following: the United States of America; Michael Mucasey, United States Attorney General; Administrative Office of the United States District Court; James A. Scharf, United States Deputy Attorney General; Marcy Berkman; Timothy James Schmal; Burleigh E. Sabin; Burton, Volkmann & Schmal, LLP; Bradley A. Solomon and United States District Court of California court clerks D. Miyashiro and Jackie Garcia. The FAC alleges that all the Defendants conspired with the Northern District of California Court and its judicial officers to deprive Plaintiffs of their right to trial.

## II. ANALYSIS

### A. Motions to Dismiss

For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the Court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Argabright v. United States*, 35 F.3d 472, 474 (9th Cir. 1994). Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). When amendment would be futile, however, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996); *Albrecht v. Lund*, 845 F.2d 193, 195-96 (9th Cir. 1988); *Beezley v. Fremont Indemnity Co.*, 804 F.2d 530, 531 (9th Cir. 1986).

Defendants assert that Plaintiffs' FAC should be dismissed because Plaintiffs' claims under 42 U.S.C. § 1983 do not state an actionable constitutional or federal claim against the Defendants. Defendants also assert that Solomon and the individual Federal Defendants[3] are entitled to immunity. Because the Court finds that Solomon and the individual Federal Defendants are entitled to immunity, the Court grants the motions to dismiss. Additionally, "the United States as sovereign, is immune from suit save as it consents to be sued." *U.S. v. Mitchell*, 445 U.S. 535, 538 (1980). Congress has not waived sovereign immunity for constitutional tort claims. *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994). The United States asserts that in the instant case, the United States has not waived its sovereign immunity and therefore it is not a proper defendant in the instant case.

---

[3] The individual Federal Defendants include United States Attorney General Michael Mucasey, Assistant United States Attorney James A. Scharf, "clerk D. Miyashiro (dhm), COURT STAFF," and "clerk Jackie Garcia (jg), COURT STAFF."

United States District Court
For the Northern District of California

1 Accordingly, Plaintiffs' allegations of constitutional violations by the United States of America, the
2 Attorney General, and the Administrative Office of the United States District Courts are also
3 dismissed.

**B.    Request for Attorney's Fees and Costs**

Solomon seeks an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988. Solomon asserts that the award of fees and costs is justified because Plaintiffs were aware of the baseless nature of their allegations against Defendants. In *Francheschi v. Schwartz*, 57 F.3d 828. 832 (9th Cir. 1995), the Ninth Circuit determined that the plaintiff who brought the action was an attorney and therefore should have known that the defendant, a Commissioner, and the municipal court were immune from his suit for money damages. For that reason, the court affirmed an award of attorney's fees to the defendants, finding that the plaintiff's action in bringing the suit was unreasonable, frivolous, meritless, and vexatious. In the instant case, Plaintiffs are not attorneys and are representing themselves *pro se.* At the hearing, Mr. Gabor's primary concern appeared to be that he felt that Defendants unfairly characterized his wife as running a puppy-mill. Given their *pro se* status, Plaintiffs may not have known that Solomon and the Federal Defendants were immune, although they probably should have recognized that their claims were frivolous. Nevertheless, the Court gives the Plaintiffs the benefit of the doubt and denies Solomon's request for attorney's fees and costs.

**C.    Order to Show Cause**

While the Court understands Mr. Gabor's apparent concern regarding his wife's reputation, Plaintiffs' FAC does not state cognizable claims. Other than possibly a subjective, unreasonable belief that a conspiracy exists, Plaintiffs state no facts from which it could be reasonably inferred that any individuals conspired to deprive Plaintiffs of their constitutional rights. Therefore, Plaintiffs' claims appear frivolous, do not state facts upon which relief can be granted, and name defendants who are immune. Accordingly, the Court orders Plaintiffs to show cause on September 5, 2008 at 9:00 a.m. in this Court why the complaint should not be dismissed for failure to state a claim against any defendant. Additionally, Plaintiffs must file a written response no later than

1 August 25, 2008 addressing the question of why the complaint should not be dismissed as to the
2 remaining defendants.

### III. ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the motions to dismiss are GRANTED without leave to amend.  The Motion for Attorney's Fees and Costs is DENIED. Plaintiffs must file a written response no later that August 25, 2008 addressing why the complaint should not be dismissed as to the remaining defendants for failure to state a claim.  Plaintiffs must appear before the Court on September 5, 2008 at 9:00 a.m. and show cause why this case should not be dismissed with prejudice in its entirety.

DATED: July 28, 2008



RONALD M. WHYTE
United States District Judge

A copy of this order was mailed on July 28, 2008 to:

Counsel for Plaintiff(s):

John and Kay Gabor
590 Smokey Court
Campbell, CA 95008-3717
PRO SE

Counsel for Defendant(s):

Claire T. Cormier            claire.cormier@usdoj.gov
Kay Keeching Yu            kay.yu@doj.ca.gov

Counsel are responsible for distributing copies of this order to co-counsel, as necessary.

**United States District Court**
For the Northern District of California

ORDER GRANTING MOTIONS TO DISMISS; DENYING MOTION FOR ATTORNEY'S FEES AND COSTS; ORDER TO SHOW CAUSE AS TO REMAINING DEFENDANTS   —No. C-07-06091 RMW
6